McCORRISTON MILLER MUKAI MACKINNON LLP

WILLIAM C. McCORRISTON     #995-0
DAVID J. MINKIN     #3639-0
Five Waterfront Plaza, 4th Floor500 Ala Moana Boulevard Honolulu, Hawai'i 96813
Telephone:  808.529.7300
Facsimile:  808.535.8056

E-Mail:     mccorriston@m4law.com;  minkin@m4law.com

JAMES A. BRYANT *(pro hac vice)*
The Cochran Firm California
4929 Wilshire Blvd., Suite 1010
Los Angele, CA 90010
Telephone: 323-435-8205
Facsimile:  310-802-3829
E-mail:     jbryant@cochranfirm.com

Attorneys for Defendant
NICKIE MALI LUM DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 20-00068 LEK |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION FOR LEAVE TO FILE *EX PARTE* AND *IN CAMERA* DECLARATION OF COUNSEL AND INDEX OF EXHIBITS A-DD |
| vs. | |
| NICKIE MALI LUM DAVIS; | |
| Defendant. | |

<u>DEFENDANT'S MOTION FOR LEAVE TO FILE EX PARTE AND IN CAMERA DECLARATION OF COUNSEL AND INDEX OF EXHIBITS A-DD</u>

Pursuant to Local Civil Rules 7.10 and 10.2(f), Defendant Nickie Mali Lum Davis hereby moves the Court to allow Defendants to file certain materials *ex parte* and *in camera* in connection with Defendant's Motion to Disqualify, Motion to Stay Sentencing and Motion for Judicial Relief. Specifically, Defendants seek to file the following materials:

- *Ex Parte* and *In Camera* Declaration of James A. Bryant; and
- *Ex Parte* and *In Camera* Index of Exhibits A-DD

The *ex parte* and *in camera* declaration and exhibits are primarily privileged communications between Ms. Davis and her attorneys William McCorriston, David Minkin, James Bryant and former attorney Abbe Lowell. This information cannot be disclosed to anyone except a judicial officer, as doing so would constitute a waiver of the attorney-client privilege, which Ms. Davis does not consent to with regard to any of her current or former legal representatives.

Because a disclosure to any party other than the judicial officer presiding over this matter, would constitute unauthorized disclosure of attorney-client privileged communications to the public at large, Defendant asks that the Court permit these materials to be filed *ex parte* and *in camera*. In the context of determining the merits of a privilege claim, the Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of [otherwise privileged] documents to make the

documents available for in camera inspection." *United States v. Zolin*, 491 U.S. 554, 569 (1989) (citing *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 404–05 (1976)).

> As stated by the Supreme Court:
>
> We readily acknowledge the importance of the attorney-client privilege, which is one of the oldest recognized privileges for confidential communications. By assuring confidentiality, the privilege encourages clients to make full and frank disclosures to their attorneys, who are then better able to provide candid advice and effective representation. This, in turn, serves broader public interests in the observance of law and administration of justice.

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108, (2009) (internal citations and quotation marks omitted).

Relatedly, the work-product doctrine covers documents or materials prepared by an attorney or an attorney's agent in preparation for litigation and protects such documents or materials from discovery. See *United States v. Nobles*, 422 U.S. 225, 238-39 (1975). This doctrine is essential to the attorney-client relationship because attorneys must "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)

As such Defendant requests that the Court grant Defendant leave to file the Declaration of James A. Bryant and the Index of Exhibits A-DD *in camera*.

DATED:  Honolulu, Hawai'i, April 25, 2022.

<u>*Isl James A. Bryant*</u>
JAMES A. BRYANT
WILLIAM C. McCORRISTON
DAVID J. MINKIN
Attorneys for Defendant
NICKIE MALI LUM DAVIS