CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:ken.sorenson@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

JOHN D. KELLER
Principal Deputy Chief

SEAN F. MULRYNE
Deputy Director, Election Crimes
NICOLE R. LOCKHART
Trial Attorney
Public Integrity Section

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICKIE MALI LUM DAVIS,<br><br>Defendant. | Crim. No. 20-00068 LEK<br><br>MOTION FOR JUDICIAL FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE; CERTIFICATE OF SERVICE<br><br>DATE: May 18, 2021<br>TIME: 11:00 a.m.<br>JUDGE: Leslie E. Kobayashi |

MOTION FOR JUDICIAL FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The United States, through undersigned counsel, moves this Court for a finding that the defendant has waived the attorney-client privilege with respect to

1

any communications or conversations with her former counsel, Lowell, or between Lowell and other counsel, regarding any potential conflicts of interest. The government incorporates the arguments and assertions set forth in the contemporaneously filed Response to Motions to Disqualify, Stay Sentencing, and for Judicial Relief. In sum, the defendant is using the attorney-client privilege with Lowell as both sword and shield by arguing that Lowell's limited disclosures with respect to potential conflicts adversely impacted her representation during plea negotiations and at her plea hearing. *See, e.g.*, Mem. in Support, ECF No. 48, 65 ("her defense lawyer and Mr. Keller conspired in the 'trammeling' of her Sixth Amendment right to conflict-free counsel, which tainted almost every aspect of PIN's prosecution of her").

Litigants "waive the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003). In raising these claims as to Lowell's representation, the defendant "must waive [her] privilege to the extent necessary to give [the government] a fair opportunity to defend against it." *Id.* at 720. The government respectfully requests that the Court enter a finding that the defendant has waived the attorney-client privilege with respect to any communications or conversations with Lowell or among Lowell and other counsel regarding any potential conflicts of interest in this matter.

DATED: May 4, 2022, at Honolulu, Hawaii.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

*/s/ John D. Keller*
By: JOHN D. KELLER
Principal Deputy Chief
Sean F. Mulryne
Deputy Director, Election Crimes
Nicole R. Lockhart
Trial Attorney
Public Integrity Section

*/s/ Kenneth M. Sorenson*
KENNETH M. SORENSON
Chief, Criminal Division

## CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    William McCorriston, Esq.
    James Bryant, Esq.

Attorneys for Interested Party
NICKIE MALI LUM DAVIS

DATED:  May 4, 2022

                                                          */s/ John D. Keller*
                                                          John D. Keller