# Exhibit 6

| From: | James Bryant |
|---|---|
| To: | Mulryne_Sean (CRM); James Bryant |
| Cc: | McCorriston William; Sorenson_Ken (USAHI); Keller_John (CRM); Lockhart_Nicole (CRM); Laura Utoafili |
| Subject: | RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis |
| Date: | Tuesday, May 17, 2022 11:51:17 AM |

Sean:

Thank you for your email. In response to your questions/comments:

a) How could there be no notes or memos to file regarding PIN's many calls and/or meetings with Mr. Lowell? If such communications are documented in an FD-302 or something similar, then please consider this a request for such forms.

b) How could there have been no emails at any point regarding the bribery-for-pardon/LDA matter within PIN? There was no written communication (beyond the few emails produced between PIN and the filter team) regarding the filter team's work, the filing to Judge Howell, the unsealing of her opinion, the resulting media coverage, and the attorney proffer in April 2021? Please clarify.

c) For clarity, are you representing that Keller has had no written communication with Mr. Lowell aside from emails exchanged with Mr. Keller's @usdoj.gov email address?

d) In terms of #4, is it your contention that the only contact your office had with or about Reid Weingarten vis-a-vis Abbe Lowell or the bribery-for-pardon/LDA was the one email regarding the NY Times article?

e) Mr. Keller's position at Georgetown Law may or may not be relevant, but it is certainly worthy of inquiry. I received an anonymous communication who has intimated that there may be a connection. Independently, there is reasonable basis for me to inquire given the apparent timing, especially given that Lowell has long been affiliated with Georgetown Law himself and is widely believed to have influence with the administration. So are Keller and the DOJ representing that Mr. Lowell had nothing to do with Keller becoming an adjunct professor at Georgetown Law, including but not limited to any recommendation, endorsement, or even guidance or advice given directly to Mr. Keller? While I think it should be clear based upon my interaction with you that I do not need to be reminded of my duty of candor, however, I recognize this may have been perceived by your team as an unusual question as it relates this inquiry, and an explanation was warranted.

f) With respect to the emails between PIN and the filter team, what you produced does not contain any of the emails initiating the investigation or Mr. Keller appointing Todd Gee to oversee the filter team's work. There were no written communications (e.g. - emails, SMS, iMessage, WhatsApp, etc.) during the relevant time period between anyone at PIN and the filter team (Todd, Victor, and Erica), besides what the government included in its exhibits two weeks ago? Were there any conversations that Keller or anyone else at PIN had with Mr. Gee, Victor Salgado, or Erica O'Brien Waymack regarding Mr. Lowell, their investigation, and/or ultimate ex parte filing to Judge Howell besides the emails in the government's exhibits or what you just produced?

g) In terms of the PO, the overall concept is fine, but I have a few tweaks that I'll suggest once I have time to review properly after submitting the filing due tonight. In the interim, of course, I'll honor the agreed-upon conditions.

I'm sorry if it creates any inconvenience on your end, but I have some additional requests:

1) All internal PIN emails and emails anyone at PIN shared with other DOJ entities regarding your phone calls and meetings with Lowell, from February 1, 2018 to January 31, 2022.

2) Any emails PIN exchanged with anyone (whether within PIN or externally) regarding potential and actual media coverage of the investigation or prosecution of my client or Elliott Broidy, or regarding Abbe Lowell or the bribery-for-pardon/LDA matter, from February 1, 2018 to the present.

3) All communications or notes, memos, or other documentation regarding communications that Mr. Keller or anyone else at PIN had regarding the warrantless search and seizure of my client on August 11, 2020 at O'Hare Airport by Customs and Border Patrol. The emails you have already produced make clear that Mr. Keller was communicating with at least one other party regarding the search and seizure, so if there are parties with whom he communicated only verbally regarding the matter, please identify the names, titles, and contact info for those parties. (Given that this matter could not possibly implicate any ongoing investigations or anyone's privacy concerns besides my client's, I trust that you will have no problem sharing this information, as well as the related requests below, before we formalize the PO.)

4) Whatever formal records, notes, memos, or memorializations CBP has regarding the August 11, 2020 search and seizure.

5) Any log, index or other document that lists or identifies with any particularity what CBP captured during their advanced search of my client's phone, as well as all copies of materials collected during that search, including all screenshots taken on my client's device.

6) On page 6 of your opposition filing, it stated that the April 2020 FARA letter to Lowell was "in relation the three different individuals." Who is the third person (besides ▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓) referenced, and does the DOJ believe that Lowell potentially had a conflict from that

relationship, as well?

7) All written communications, notes and memos to file or any other document or form regarding calls or meetings that Keller or anyone else at PIN had within PIN itself, with other DOJ counterparts, or with parties outside of DOJ (including but not limited to Lowell and Weingarten) regarding ███████, ███████ or discussion of both Mr. Lowell and Mr. Broidy or Lowell and Qatar in the same message or note/memo between February 1, 2018 and January 31, 2021.

8) All communications that PIN had either within PIN itself or with other DOJ counterparts (including but not limited to NSD) regarding the impact of or any connection between Ms. Davis' case and/or her potential or actual plea and the Broidy matter, including but not limited to anything related to Mr ███████ or the ███████, between March 1, 2020 and December 31, 2020.

9) When, how, and specifically from which individual did PIN learn that the FARA inquiry into Lowell was "civil in nature"? Your email last week stated that it was "by no later than in or around June 2020," but for something as critical as the question of when you learned that the FARA probe was "civil in nature," there must be notes, a memo to file, or an email which memorialized that representation regarding Mr. Lowell -- particularly since you contacted him to start plea negotiations shortly thereafter, on July 1, 2020. Please identify the NSD attorney who "represented to the prosecution team that the inquiry was civil in nature," as well as the date and nature of that interaction.

10) The properties of the "Memo to File 8 26 2020" PDF you provided shows that it was created on that date, August 26, 2020, but that it was modified on May 10, 2022. I normally wouldn't ask this, but given that the one-page PDF does has what appears to be the automated numbering at the bottom saying, "Page 1 of 4," can you please send me the original unmodified version.

Please do let me know if you have any questions or need any clarifications regarding any of my responses or requests above. Thank you for your cooperation on this important matter.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](#)
[Los Angeles, CA 90010](#)
Ph. ███████    Cell ███████    Fax. ███████

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

---

**From:** Mulryne, Sean (CRM) ███████
**Sent:** Monday, May 16, 2022 8:21 PM
**To:** James Bryant ███████
**Cc:** James A. Bryant ███████; McCorriston William ███████; Sorenson, Ken (USAHI) ███████; Keller, John (CRM) ███████; Lockhart, Nicole (CRM) ███████; Laura Utoafili ███████
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James,

In response to the following requests immediately below—1), 2), & 5)—we are presently unaware of any responsive documents, but will notify you if we identify anything responsive.

In response to 3), please see the email and screenshots included in the attached "Screenshots" zip file (a total of 11 documents). Please let me know if you have any trouble accessing the file.

In response to 4), please see the email attached dated December 3, 2020.

Regarding your inquiry about Mr. Keller's adjunct professorship, that issue is irrelevant to the present motions. Your inquiry compels us to remind you of your duty of candor to the Court. You should have a good faith basis for any allegations you raise or representations you make.

Regarding your previous request concerning emails between the prosecution team and the filter team, please see the attached "Filter Prosecution Emails" zip file (a total of 12 documents). Again, please let me know if you have any trouble accessing the file.

Regarding your previous request concerning subpoenas and search warrants, we are preparing those materials. However, given the law enforcement and other sensitivities associated with such records, we will need a protective order in place before we disclose them. Attached please see a proposed protective order and motion for a protective order. Upon your agreement, we will file the proposed order and motion with the Court.

As for timing of our document production(s), we are working with our IT staff, so our timeline is uncertain. However, we will provide documents as soon as they are ready and, if necessary, on a rolling basis.

Thank you.

Sean

---

**From:** James Bryant
**Sent:** Monday, May 16, 2022 2:24 PM
**To:** Mulryne, Sean (CRM)
**Cc:** James A. Bryant ; McCorriston William ; Sorenson, Ken (USAHI) ; Keller, John (CRM) ; Lockhart, Nicole (CRM)
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean,

Thank you for your reply. The theory of relevance regarding subpoenas, search warrants and related communications is fairly straight forward. Your office stated that your investigation and prosecution of my client was entirely ethical, and that there was no desire or necessity for my client to plead guilty and implicate Mr. Broidy. There were at least three subpoenas and a warrantless search and seizure targeting my client between the time the government presented its first draft plea agreement on July 15, 2020, and the time when my client signed it on August 13, 2020. Any earlier subpoenas, search warrants and related communications would be relevant not just for context, but also to see what other actions your office may have taken at certain times that would coincide with other DOJ actions related to other parties, including but not limited to Mr. Lowell and Mr. Broidy.

There are five additional, necessary requests:

1) All notes and memos to files regarding all conversations that PIN had with Lowell between February 1, 2018, and January 31, 2022, including but not limited to those related to the numerous calls during July - August 2020 and any calls related to the bribery-for-pardon matter or the unsealing of Judge Howell's opinion.

2) Any internal emails within PIN regarding either the FARA or bribery-for-pardon/LDA investigations into Lowell, including but not limited to any discussions regarding the status of those probes or the potential exposure Lowell faced from them.

3) The transcript, audio recording, and screenshots discussed with Lowell on and around August 5, 2020, as well as any communications PIN had with the Hawaii U.S. Attorney's Office or any other DOJ personnel regarding those materials or the presentation of them to Lowell.

4) All communications between PIN and Reid Weingarten related to his representation of Lowell, including any notes or memos to file regarding phone calls or meetings.

5) Any communications Keller had on a non-DOJ email account or on SMS or messaging app with Lowell between July 1, 2020 and the present, including but not limited to any discussions regarding Keller's role as an adjunct at Georgetown Law.

By the way, when exactly was Keller offered the adjunct professorship? It appears to have been sometime around May 2021, but I would appreciate some clarity on the timing.

In terms of the production related to the previous requests, when do you anticipate that you will produce the next batch of materials?

Please let me know if you have any questions or need any further clarifications.

Best,

James A. Bryant II
Partner
The Cochran Firm - California

4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph. ███████  Cell ███████  Fax. ███████████████

ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 16, 2022, at 7:05 AM, Mulryne, Sean (CRM) ███████████████ wrote:
>
> James,
>
> In response to your requests below:
>
> 1) We are gathering additional communications between Lowell and PIN to provide to you.
> 2) We are gathering and reviewing additional communications between the prosecution team and filter team.
> 3) & 4) We are conferring with USAO-E.D.N.Y. and NSD's FARA Unit about your requests.
> 5) Please state the basis of your request (i.e., theory of relevance) here for the subpoenas, search warrants, and related emails.
>
> Thank you.
>
> Sean
>
> ---
>
> **From:** James Bryant ███████████████
> **Sent:** Friday, May 13, 2022 4:27 PM
> **To:** Mulryne, Sean (CRM) ███████████████
> **Cc:** James A. Bryan ███████████████  McCorriston William ███████████████; Sorenson, Ken (USAHI) ███████████████; Keller, John (CRM) ███████████████; Lockhart, Nicole (CRM) ███████████████
> **Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis
>
> Sean,
>
> Thanks for sending me the filter team emails. In the file, "Memo to File 8 26 2020," the bottom of the page says "1 of 4," but the PDF contains just one page. Can you please send me the other three pages of the August 26, 2020 "Memo to File"?
>
> Here are five additional requests for materials that I will need for purposes of the opposition filing due in four days, on Tuesday:
>
> 1) All emails that Lowell exchanged with PIN from 2/1/18 to 6/30/20, and from 9/1/20 to the present, assuming that you have already provided me (or will soon with the .zip file) all such emails between 7/1/20 and 8/31/20.
>
> 2) All emails between the filter team and PIN, regarding the "bribery-for-pardon"/LDA matter or generally regarding Mr. Lowell, from 6/1/20 to 12/31/20.
>
> 3) All communications Keller and/or PIN had with either AUSA Ian Richardson and/or the two FBI agents (Megan Crawley and Mary Craver) who joined the August 2019 calls with Lowell, regarding those calls, ██████, or Lowell's potential conflicts of interest stemming from his connection to ██ ████████, and/or the still-unnamed third person referenced in your opposition filing who may have also presented a potential conflict.
>
> 4) All communications their either or both NSD and/or FARA Unit had with Lowell or Weingarten, related to the FARA letter sent to Lowell on April 6, 2020.
>
> 5) All subpoenas issued and search warrants executed pursuant to the investigation and prosecution of Ms. Davis, including but not limited to the subpoenas from July or August 2018 to Proline Mortgage, Amex, and Barclays, as well as any communications that Keller or PIN had regarding subpoenas related to my client that were issued in July or August 2018.
>
> With regards to my request for communications related to the FARA investigation into Lowell, your position does not seem to be either clear or consistent. As you know, it was PIN that chose to make public certain "internal communications" regarding the FARA investigation into Lowell, in order to substantiate your own assertions.

There is nothing privileged about DOJ's "internal communications," and it's obviously centrally relevant to know what exactly PIN knew about the FARA investigation into Lowell at any point prior to my client's arraignment on August 31, 2020.  Just based on the unredacted version of the January 19, 2021 email thread Keller had with Ian Richardson and Scott Claffee, for example, it is clear that Mr. Lowell was still under investigation for FARA violations at the time of those communications.

Finally, I just need a little more clarity as to when and how PIN learned that the FARA inquiry into Lowell was "civil in nature."  Your email states that it was "by no later than in or around June 2020," but for something as critical as the question of when you learned that the FARA probe was "civil in nature," there must be notes, a memo to file, or an email which memorialized that representation regarding Lowell -- particularly since you contacted him to start plea negotiations shortly thereafter, on July 1, 2020.  Please check again for some kind of memorialization or communication regarding the date and the name of the NSD attorney who "represented to the prosecution team that the inquiry was civil in nature," and then please share that information with me.

I realize that it is Friday afternoon, but given the deadline approaching for the opposition filing on Tuesday, please send me the requested materials as various items are located. As was noted in my motion, those documents were requested from Mr. Lowell and they were never turned over. Having had an opportunity to review some of them, I now see why he chose not to send these critical communications.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph. ▮▮▮▮▮   Cell ▮▮▮▮▮   Fax. ▮▮▮▮▮

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 13, 2022, at 12:02 PM, Mulryne, Sean (CRM) ▮▮▮▮▮ wrote:
>
> James,
>
> I just sent you an email attaching "Email 1 of 2". We'll see whether that works. In the meantime, attached is the single PDF file you requested below. I'll attempt to send you the two zip files that were attached to "Email 1" in separate emails. Regarding the request below for emails between our Section and other DOJ offices and components, I understand that request to be seeking internal DOJ communications, sent and received by DOJ personnel. Again, we are not producing those records.
>
> Sean
>
> ---
>
> **From:** James Bryan ▮▮▮▮▮
> **Sent:** Friday, May 13, 2022 10:59 AM
> **To:** Mulryne, Sean (CRM) ▮▮▮▮▮
> **Cc:** James A. Bryant ▮▮▮▮▮; McCorriston William ▮▮▮▮▮ Sorenson, Ken (USAHI) ▮▮▮▮▮; Keller, John (CRM) ▮▮▮▮▮; Lockhart, Nicole (CRM) ▮▮▮▮▮
> **Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis
>
> Sean,
>
> Thank you for providing me the text of that first email. My IT administrator will hopefully stop by later today, so please send me a screenshot of the original email sent on Wednesday (with the time-stamp, recipients and attached file names visible), as well as a screenshot of the header information.  Both Mac and I have spent considerable personal and staff time trying to identify in our systems how your email could have bounced or been

rejected. Given our continued inability to find the cause, I will need to have those requested screenshots to supply to my IT administrator.

In terms of the substance of your email, can you please send me right now the single email you referenced between the filter team and the prosecution team? That would obviously be a small file and require merely attaching a single PDF file.

For the zip files, if you send smaller files, each one in separate emails to my @thecalawgroup.com address, there should be no issues. Given the time that has already lapsed and the forthcoming deadline, it would be greatly appreciated if you could send those .zip files in separate emails this morning. It should only take a few minutes.

Finally, I'm sorry if my request was unclear. I'm not asking for internal DOJ communications that don't relate to Mr. Lowell or the individuals who shared potential conflicts of interest, including ▇ i and ▇. It will be sufficient for you to please send me all emails between your office and AUSA Ian Richardson and/or the FARA Unit regarding the investigation into Lowell, ▇, and/or the still-unnamed third person you referenced whose connection to Lowell also presented a potential conflict. Please be sure to include the communication where they apparently indicated to you that the FARA inquiry was civil in nature.

Thanks in advance for your diligence in answering my questions and producing these important materials.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph. ▇    Cell ▇    Fax ▇

ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 13, 2022, at 6:48 AM, Mulryne, Sean (CRM) ▇ wrote:
>
> James,
>
> Below is the text from Email 1. I'll attempt to send the attachments in separate emails today.
>
> Sean
>
> ---
>
> By no later than in or around June 2020, when the prosecution team contacted the AUSA and NSD's FARA Unit and confirmed that a FARA inquiry letter had been issued to Lowell, an NSD attorney represented to the prosecution team that the inquiry was civil in nature.
>
> Attached to this email are the following documents: 1) a zip file containing emails and communications between the filter team and Lowell, 2) a zip file containing the first of three sets of emails between the prosecution team and Lowell during the relevant period, and 3) an email between the prosecution team and the filter team. I will send the other two sets of emails between the prosecution team and Lowell in a subsequent email.
>
> We gathered these records in a good faith effort, under certain time constraints, to respond to your request. But to ensure you have a complete and comprehensive set of records, we recommend you contact former defense counsel.
>
> In your May 10 email that we received around 4:59 pm, ET (see below), you wrote: "Please be sure to include the email substantiating your claim in page 14 of the opposition filing, 'The reference to Broidy in the defendant's factual basis was proposed entirely by the defendant.'" In response, please see the

redlined draft of the plea agreement sent as an email attachment on August 9, 2020 (included in the "PIN Emails w Lowell" zip files), incorporating defense counsel's "factual and legal edits and comments."

Lastly, we are not producing internal communications between DOJ offices, as noted previously. Those communications implicate the interests and equities of other DOJ offices independent of PIN and this case.

This is intended as Email 1 of 2.

---

**From:** James A. Bryant, Esq.
**Sent:** Friday, May 13, 2022 1:07 AM
**To:** Mulryne, Sean (CRM)                    ; 'James A. Bryant'

**Cc:** 'McCorriston William'                    ; Sorenson, Ken (USAHI)                    ; Keller, John (CRM)                    ; Lockhart, Nicole (CRM)
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean:

I spoke with Mr. McCorriston's office today and they confirmed that they to did not receive Email 1 of 2 either. They also informed me that they reached out to you about this and you attempted to send it again but they still did not receive it. They confirmed with the IT department that their mail server did not reject or quarantine an email from you, and concluded that if this document was sent, there seems to be an issue with your mail server preventing it from being sent out.

With that said, can you please forward us the Email 1 of 2 response without the attachments so that at a minimum I can review your responses to my questions. Secondly, since there seems to have been an issue likely with the attachments, can you please send the attachments in smaller batches. I look forward to your response.

Best,

James A. Bryant II
Partner
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph            Cell            Fax.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

**From:** Mulryne, Sean (CRM
**Sent:** Wednesday, May 11, 2022 8:58 PM
**To:** James A. Bryant, Esq.                    ; James A. Bryant

**Cc:** 'McCorriston William'                    ; Sorenson, Ken (USAHI)                    Keller, John (CRM)                    ; Lockhart, Nicole (CRM)

**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James – Resent Email 1 of 2 to these two email addresses. Please let me know if you receive it.

---

**From:** James A. Bryant, Esq.
**Sent:** Wednesday, May 11, 2022 5:20 PM
**To:** Mulryne, Sean (CRM)
**Cc:** 'McCorriston William'                    ; Sorenson, Ken (USAHI)

        ▓▓▓▓▓▓▓▓▓▓▓▓ Keller, John (CRM) ▓▓▓▓▓▓▓▓▓▓▓▓ Lockhart, Nicole (CRM) ▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Will do.

James A. Bryant II
Partner
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph ▓▓▓▓▓ Cell ▓▓▓▓▓ Fax. ▓▓▓▓▓▓▓▓▓▓

**ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL**
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

---

**From:** Mulryne, Sean (CRM) ▓▓▓▓▓▓▓▓▓▓
**Sent:** Wednesday, May 11, 2022 2:07 PM
**To:** James A. Bryant, Esq. ▓▓▓▓▓▓▓▓▓▓
**Cc:** McCorriston William ▓▓▓▓▓▓▓▓▓▓; Sorenson, Ken (USAHI) ▓▓▓▓▓▓▓▓▓▓; Keller, John (CRM) ▓▓▓▓▓▓▓▓▓▓; Lockhart, Nicole (CRM) ▓▓▓▓▓▓▓▓▓▓
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James,

My email shows that the first one sent, but I presume, like you, that its size may be causing the delay. I'm away from my laptop right now, but I can resend it to your other email address a little later. In the meantime, please let me know if you receive it.

Sean

On May 11, 2022, at 4:48 PM, James A. Bryant, Esq. ▓▓▓▓▓▓▓▓▓▓ wrote:

Sean thank you. Confirming receipt of email 2 of 2. I did not receive the first. It may be due to the size. If so could you please send to my other addres ▓▓▓▓▓▓▓▓▓▓.

Best,

James A. Bryant II
Partner
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph ▓▓▓▓▓ Cell ▓▓▓▓▓ Fax. ▓▓▓▓▓▓▓▓▓▓

**ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL**
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

---

**From:** Mulryne, Sean (CRM) ▓▓▓▓▓▓▓▓▓▓
**Sent:** Wednesday, May 11, 2022 1:14 PM
**To:** James Bryant ▓▓▓▓▓▓▓▓▓▓
**Cc:** McCorriston William ▓▓▓▓▓▓▓▓▓▓; Sorenson, Ken (USAHI) ▓▓▓▓▓▓▓▓▓▓; Keller, John (CRM) ▓▓▓▓▓▓▓▓▓▓; Lockhart, Nicole (CRM) ▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Email 2 of 2.

**From:** James Bryant
**Sent:** Tuesday, May 10, 2022 6:33 PM
**To:** Mulryne, Sean (CRM)
**Cc:** McCorriston William ; Sorenson, Ken (USAHI) ; Keller, John (CRM) Lockhart, Nicole (CRM)
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean,

Thank you for your quick reply. Following up on the civil FARA question, when was the matter "identified" as a civil matter and by whom? I don't understand you saying that you won't divulge internal internal DOJ communications on this particular issue when you already did so in the exhibits to your motion last week. Why would you publicly release some such internal emails, but then somehow draw a line at sharing these specific emails with me on the condition that they won't be filed publicly? Can you please explain to me the rationale?

Because you are unable to send me even a redacted version of the ex parte motion at this time, please send me all communications between PIN and the filter team related to Lowell and the "bribery-for-pardon" matter, including discussions regarding the filing of the ex parte motion and Judge Howell's ruling.

Finally, please send me all communications between Lowell and any of PIN, the filter team or the FARA Unit regarding my client (in any way), the "bribery-for-pardon"/filter team matter, and/or the FARA issue. I presume that won't be a problem, given that you already volunteered the April 2020 letter from the FARA Unit to Lowell, as well as at least some of the exchanges Lowell had with PIN and the filter team re the "bribery-for-pardon"/LDA matter, especially since the same conditions will apply.

Thank you for being so responsive to my requests. I look forward to further replies soon.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](#)
[Los Angeles, CA 90010](#)
Ph.          Cell          Fax.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 10, 2022, at 2:47 PM, Mulryne, Sean (CRM) wrote:
>
> James,
>
> First, the paragraph was included in the Government's *Ex Parte* Motion Seeking Authorization to Review Certain Attorney-Client Communications. We are not providing that motion.
>
> Second, we are gathering the emails and attachments involving Lowell requested below.
>
> Third, the attorney proffer was provided on behalf of Elliott Broidy on April 8, 2021.
>
> Lastly, there is no documentation specifying that the FARA letter was sent pursuant to a civil inquiry. However, the attorneys in the FARA Unit handling that matter identified it as a civil inquiry. We are not disclosing the internal DOJ emails and communications

requested below.

Thank you.

Sean

---

**From:** James Bryant
**Sent:** Tuesday, May 10, 2022 4:59 PM
**To:** Mulryne, Sean (CRM)
**Cc:** McCorriston William ; Sorenson, Ken (USAHI) ; Keller, John (CRM) ; Lockhart, Nicole (CRM)
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean,

Thank you.  On what you just sent me, can you please tell me in which of the five attachments that paragraph was included?  The context is potentially so important, in fact, that I respectfully request that you please send me that entire document, subject to the same conditions as the others.  Redactions shouldn't be necessary given that the people allegedly involved all appear to have been identified publicly at this point, but if you feel that some names must be redacted in a document that I won't be filing publicly (because I'll adhere to the same conditions), then at least please send me the filing with limited, necessary redactions.

Sorry to do this piecemeal, but can you please also send me all emails and attachments regarding plea negotiations or the arraignment that your office had with Mr. Lowell between July 1 and August 31, 2020?  As you know, Mr. McCorriston wasn't on any email traffic between Lowell and your office until August 10, and it's clear from the exhibits you submitted last week that there were many emails relating to the plea and affiliated matters after August 10 that he was not included on.  Please be sure to include the email substantiating your claim in page 14 of the opposition filing, "The reference to Broidy in the defendant's factual basis was proposed entirely by the defendant."

On page 17 of the opposition filing, it states, "The prosecution team... obtained an attorney proffer from a key witness, and determined that the evidence was insufficient to warrant a separate grand jury investigation."  What is the date of that attorney proffer, and who was the attorney and the client on whose behalf the attorney conducted that proffer?  It would seem to be Reid Weingarten on behalf of Mr. Lowell, but I would like you to please confirm that.  Also send me the unredacted 302 of that attorney proffer, which will also be on the same conditions if possible.

Finally, in several places in your opposition motion and in your email today, you have described Lowell's FARA matter as a "civil FARA" issue.  But as I looked through all of your exhibits attached to the opposition, there is no indication anywhere that it was a civil FARA matter.  Can you please provide me documentation or communications that shows the FARA probe to have been a civil matter?  On a related note, please send me all email traffic you had with Brandon Van Grack, Ian Richardson, and/or Scott Claffee regarding Lowell and the FARA matter, including but not limited to any responses or further emails pursuant to your June 18, 2020 email in Exhibit 6.  The same conditions will apply, of course.

Please send me the above as soon as possible, ideally today.  But please send the items as you retrieve them, because time is obviously short.  Again thanks so much for your prompt responses.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
4929 Wilshire Blvd Suite 1010

[Los Angeles, CA 90010](Los Angeles, CA 90010)
Ph. ▮▮▮▮  Cell ▮▮▮▮  Fax. ▮▮▮▮

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 10, 2022, at 12:01 PM, Mulryne, Sean (CRM) ▮▮▮▮ wrote:
>
> James,
>
> Subject to the same conditions agreed upon in our earlier email and that you reference and agreed to below, we are providing the two unredacted FBI 302s, Exhibits 3 and 4, and the following information referenced in connection with Exhibit 10:
>
> Importantly, for purposes of this motion, we note that Lowell currently represents Nickie Lum Davis, an alleged co-conspirator in the government's investigation involving Broidy and others. We do not know whether Lowell has disclosed his prior relationship with Broidy, ▮▮▮ or ▮▮▮—or any of the communications discussed herein—to Ms. Davis. The filter team is aware, however, that the government's investigative team is currently in ongoing plea negotiations with Ms. Davis through Lowell.
>
> Thank you.
>
> Sean
>
> ---
>
> **From:** James Bryant ▮▮▮▮
> **Sent:** Tuesday, May 10, 2022 1:58 PM
> **To:** Mulryne, Sean (CRM) ▮▮▮▮
> **Cc:** William C. McCorriston ▮▮▮▮ Sorenson, Ken (USAHI) ▮▮▮▮ ; Keller, John (CRM) ▮▮▮▮ ; Lockhart, Nicole (CRM) ▮▮▮▮
> **Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis
>
> Thanks Sean,
>
> Just looking for clarity on a few more issues. When you have a moment, please also provide the unredacted versions of the two FBI 302s from August 2019 (Exhibits 3-4), which I assume would not be an issue since the redacted names are supposedly my client's contacts with whom there were potential conflicts.
>
> Separately, page 9 of the opposition states that your August 10 email of the ex parte submission to Judge Howell "referenced the plea negotiations with Lowell." The footnote is to Exhibit 10, but that Exhibit has none of the attachments and merely contains the cover letter for the August 10 filing, which does not "reference[] the plea negotiations with Lowell." Please send me the portion of that August 10 ex parte submission that actually makes such reference.
>
> Obviously, happy to honor the same conditions for the unredacted 302s

and the relevant portion of the August 10, 2020 ex parte submission. Please let me know if you are agreeable to this.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph. ███  Cell ███  Fax. ███

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 10, 2022, at 10:26 AM, Mulryne, Sean (CRM) ███ wrote:
>
> James,
>
> Thank you for your response. With the understandings about this exhibit and its use set forth below, attached is the unredacted Exhibit 25 to the government's response.
>
> Sean
>
> **From:** James Bryant ███
> **Sent:** Tuesday, May 10, 2022 12:07 PM
> **To:** Mulryne, Sean (CRM) ███
> **Cc:** William C. McCorriston ███ Sorenson, Ken (USAHI) ███ Keller, John (CRM) ███ Lockhart, Nicole (CRM) ███
> **Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis
>
> Thanks Sean. Yes I am totally agreeable to that.
>
> Best,
>
> James A. Bryant II
> Partner
> The Cochran Firm - California
> 4929 Wilshire Blvd Suite 1010
> Los Angeles, CA 90010
> Ph ███  Cell ███  Fax. ███
>
> *ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
> The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 10, 2022, at 7:19 AM, Mulryne, Sean (CRM) <█████████> wrote:
>
> James,
>
> The redacted portions of the emails in Ex. 25 do not relate to the national security investigations of Lowell's former clients, and thus are appropriately redacted. The reference to "it" in Mr. Keller's January 19, 2021 email refers to the FARA civil inquiry letter sent to Lowell. We, nonetheless, can provide you an unredacted copy of Ex. 25 so long as you agree not to file it publicly as an exhibit or otherwise, and you agree not to quote from it in a public filing.
>
> Thank you.
>
> Sean
>
> **From:** James Bryant <█████████>
> **Sent:** Monday, May 9, 2022 6:39 PM
> **To:** Mulryne, Sean (CRM) <█████████>
> **Cc:** William C. McCorriston <█████████>; Sorenson, Ken (USAHI) <█████████>; Keller, John (CRM) <█████████>; Lockhart, Nicole (CRM) <█████████>
> **Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis
>
> Hi Sean:
>
> In preparing our reply, I noticed that you guys seem to have left out a key piece of support that you had cited in your opposition.
>
> On page 15 of your brief, it says that PIN "learned that the investigations were no longer deemed likely to lead to charges." The footnote cites to Exhibit 25, "Jan. 19, 2021, Emails Between Keller, Richardson, and Claffee, re: civil FARA inquiry, Ex. 25."
>
> But when I looked at that Exhibit, I realized that the email where the NSD prosecutors told you that the "investigations were no longer deemed likely to lead to charges" was mistakenly block redacted in full, apparently along with every other email in the thread.
>
> As you know, the one email in that Exhibit that was not entirely redacted, which is from you to Brandon Van Grack and Scott Claffee, with James Mann cc'd, doesn't in any way suggest that either there had

been such an investigation or that it wasn't "likely to lead to charges."

Your email also states, "Definitely not contemplating filing it at all," but it's unclear what "it" is without being able to see the message to which you were responding.

Could you please send me the full thread without any block redactions? Obviously, it's fine if you need to redact certain identifying information, but that would be a big help to better understand that context for our reply.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](#)
[Los Angeles, CA 90010](#)
Ph. ▮▮▮ Cell ▮▮▮ Fax ▮▮▮

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

---

Virus-free. [www.avast.com](http://www.avast.com)