# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 20-00068 LEK

CASE NAME:       USA vs. Nickie Mali Lum Davis

JUDGE: Leslie E. Kobayashi          DATE: 5/25/2022

COURT ACTION:  **EO: COURT ORDER STRIKING DEFENDANT'S FILING  [DKT. NO. 63]**

On May 24, 2022, the Court received a letter dated May 22, 2022 ("5/22 Letter") from James A. Bryant, Esq. ("Bryant") .  See 5/22 Letter, filed 5/22/22 (dkt. no. 63).   The Court construes the 5/22 Letter as a supplemental filing regarding Plaintiff United States of America's ("the Government")  Motion for Judicial Finding of Waiver of Attorney-Client Privilege.  See Government's Motion for Judicial Finding of Waiver of Attorney Privilege, filed 5/4/22 (dkt. no. 56).

Mr. Bryant was admitted *pro hac vice* as counsel of record for Defendant Nickie Mali Lum Davis ("Davis") in the instant criminal prosecution.  See Order Granting Motion to Appear Pro Hac Vice as to James A. Bryant, filed 4/29/21 (dkt. no. 32).

Being admitted *pro hac vice*, Mr. Bryant is obligated to follow the rules of procedure, which include the Local Rules of the District of Hawaii as well as the Federal Rules of Civil Procedure:

> Federal courts have long had the authority to "establish criteria for admitting lawyers to argue before them."  United States v. Gonzalez–Lopez, 548 U.S. 140, 151, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006).  They have "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession."  Wheat [v. United States], 486 U.S. [153,] 160, 108 S. Ct. 1692 [(1988)]; see [United States v.] Ries, 100 F.3d [1469,] 1471 [(9th Cir. 1996)] (courts may regulate attorneys appearing before them to "[e]nsur[e] the ethical and orderly administration of justice"); see also In re United States, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." (citation omitted)). . . .

<u>In re Bundy</u>, 840 F.3d 1034, 1042 (9th Cir. 2016) (some alterations in <u>Bundy</u>), *subsequent mandamus proceeding*, 852 F.3d 945 (9th Cir. 2017) . Local Rule 7.2 states that "[n]o further or supplemental briefing shall be submitted without leave of court." Leave to file was neither sought nor granted.

For the reasons stated, the 5/22 Letter is STRICKEN and counsel for Defendant Nickie Mali Lum Davis are WARNED that Mr. Bryant's *pro hac vice* status may be revoked and other sanctions imposed should he disregard the Local Rules or court orders in the future.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager