UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> vs.<br><br>NICKIE MALI LUM DAVIS,<br><br>  Defendant. | CR. NO. 20-00068 LEK |

**ORDER GRANTING MOTION FOR JUDICIAL FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE, FILED MAY 4, 2022 [DKT. NO. 56]**

Plaintiff United States of America ("the Government") seeks a finding that Defendant Nickie Mali Lum Davis ("Davis") waived her attorney-client privilege with her former counsel, Abbe Lowell, Esq. ("Lowell") as to communication between her and Mr. Lowell, and Mr. Lowell and her other counsel regarding any potential conflicts of interest. See Government's Motion for Judicial Finding of Waiver of Attorney-Client Privilege, filed 5/4/22 (dkt. no. 56) ("Motion"). In sum, the Government contends that Davis cannot, on one hand, argue that Mr. Lowell's limited disclosures about potential conflicts prejudiced her representation during plea negotiations and at her plea hearing and, on the other hand, shield her communications with Mr. Lowell under the protection of the attorney-client privilege. [Id. at 2.]

Davis opposes the Motion, see Defendant's Opposition to Motion for Judicial Finding of Waiver of Attorney-Client Privilege, filed 5/17/22 (dkt. no. 58) ("Mem. in Opp."), and argues that the Government's attorneys pushed plea negotiations with Davis despite knowledge of Mr. Lowell's conflicts of interest, and failed to meet their independent obligation to tell Davis about these conflicts of interest. [Id. at 10-11, 17.] Moreover, Davis contends that a Government's attorney encouraged Mr. Lowell to divulge attorney-client privileged communications regarding common-interest communications between Mr. Lowell and the defense attorney for a defendant in a criminal matter related to Davis's prosecution. [Id. at 25-26.] Davis submits that any waiver of her attorney-client privilege must be explicit and cannot be implied where she seeks to disqualify one of the Government's counsel. She contends that the Government conflates a claim of ineffective assistance of counsel with her right to conflict-free representation. The latter reason is the basis for seeking disqualification of specific prosecuting attorneys.

In reply, the Government disavows Davis's assertions of government misconduct as unfounded and submits that she "has repeatedly put Lowell's conduct at issue and has thereby waived the attorney-client privilege." [Government's Reply Re Motion

for Judicial Finding of Waiver of Attorney-Client Privilege, filed 5/20/22 (dkt. no. 62) ("Reply"), at 2.]

**BACKGROUND**

Davis made her initial appearance in this matter on August 31, 2020 where she waived indictment and entered a plea of guilty to the felony information pursuant to a plea agreement.  See Minutes - EP: Initial Appearance, Waiver of Indictment, Arraignment & Plea to Felony Information as to Defendant, Nicki Mali Lum Davis, filed 8/31/20 (dkt. no. 13); Waiver of an Indictment, filed 8/31/20 (dkt. no. 14); Memorandum of Plea Agreement, filed 8/31/20 (dkt. no. 15) ("Plea Agreement"); Addendum to Memorandum of Plea Agreement, filed 8/31/20 (dkt. no. 16).  Davis pleaded guilty to Aiding and Abetting violations of the Foreign Agents Registration Act, in violation of 18 U.S.C. § 2 and 22 U.S.C. §§ 612, 618(a) ("Count 1") and agreed to forfeit "a sum of money representing property, real or personal, which constitutes or is derived from proceeds traceable to [Count 1]."  [Information, filed 8/17/20 (dkt. no. 1), at ¶¶ 120, 122; Plea Agreement, at ¶ 4.]

At the time that she entered her plea of guilty, Mr. Lowell, William C. McCorriston, Esq. and David J. Minkin, Esq. were her attorneys.  See Notice of Appearance of William C. McCorriston as Counsel for Defendant Nickie Mali Lum Davis, filed 8/24/20 (dkt. no. 4); Notice of Appearance of David J.

3

Minkin as Counsel for Defendant Nickie Mali Lum Davis, filed 8/24/20 (dkt. no. 5); Order Granting Motion to Appear Pro Hac Vice as to Abbe David Lowell, filed 8/27/20 (dkt. no. 10); Plea Agreement at pg. 45.

Mr. Lowell withdrew as Davis's counsel on April 16, 2021. See Notice of Withdrawal of Abbe David Lowell as *Pro Hac Vice* Counsel for Defendant Nickie Mali Lum Davis, filed 4/16/21 (dkt. no. 27). On April 29, 2021, James A. Bryant, Esq. was permitted to appear *pro hac vice* as counsel for Davis. See Order Granting Motion to Appear Pro Hac Vice as to James A. Bryant, filed 4/29/21 (dkt. no. 32).

On April 26, 2022, Davis filed her motion seeking, among other things, to disqualify Assistant United States Attorney John D. Keller ("AUSA Keller") "and any other United States attorneys the Court find [sic] cause to disqualify from representing the United States of America in this matter." [Motion to Disqualify; Motion to Stay Sentencing; Motion for Judicial Relief, filed 4/26/22 (dkt. no. 47) ("Motion to Disqualify"), at 2.] The reasons asserted for seeking disqualification are:

> (1) Mr. Keller violated the Hawaii Rules of Professional Conduct 3.3 in conspiring with Abbe Lowell to deceive the Court by making false representations or making affirmative misrepresentations through omission or failure of disclosure, and (2) Mr. Keller conspired with

4

>   Abbe Lowell to violate Ms. Davis' Sixth Amendment
>   Right to conflict free counsel.

[Id.]

The Government filed the instant Motion on May 4, 2022 and seeks a judicial finding that Davis waived her attorney-client privilege as to communications with Mr. Lowell by putting his performance as her counsel in issue when she filed the Motion to Disqualify.

### **STANDARD**

>   Federal common law recognizes a privilege
>   for communications between client and attorney
>   for the purpose of obtaining legal advice,
>   provided such communications were intended to be
>   confidential.  See generally WEINSTEIN'S FEDERAL
>   EVIDENCE, Chp. 503.  The attorney-client
>   privilege has been recognized as "the oldest of
>   the privileges for confidential communications
>   known to the common law." Upjohn Co. v. United
>   States, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L.
>   Ed. 2d 584 (1981).  Practicing attorneys
>   recognize the importance of the privilege and the
>   safe harbor that it provides to encourage "full
>   and frank communication between attorneys and
>   their clients and thereby promote broader public
>   interest in the observance of law and
>   administration of justice."  Id.
>
>       . . . .
>
>   The privilege, however, is not absolute.
>   The privilege may be waived by the client either
>   implicitly, by placing privileged matters in
>   controversy, or explicitly, by turning over
>   privileged documents.  Inadvertent disclosure can
>   also result in a waiver of the privilege.  See
>   Weil v. Investment/Indicators, 647 F.2d 18, 24
>   n.11 (9th Cir. 1981).  But, as we have held, when
>   there has been an involuntary disclosure, the
>   privilege will be "preserved if the privilege

5

>  > holder has made efforts 'reasonably designed' to protect the privilege. . . . Conversely . . . the privilege [will be deemed] to be waived if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter." [United States v.] de la Jara, 973 F.2d [746,] 750 [(9th Cir. 1992)] (internal citation omitted).  See also Moore's Federal Practice 3d § 26.47[5].
>
> Gomez v. Vernon, 255 F.3d 1118, 1131-32 (9th Cir. 2001) (some alterations in Gomez).

The test for implicit waiver of attorney-client privilege involves

> a three-pronged test to determine whether a waiver has been effected.  First, the court considers whether the party is asserting the "privilege as the result of some affirmative act, such as filing suit."  Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).  Second, the court examines whether "through this affirmative act, the asserting party puts the privileged information at issue."  Id.  Finally, the court evaluates whether "allowing the privilege would deny the opposing party access to information vital to its defense."  Id.

United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999).

## **DISCUSSION**

The Court examines whether Davis has waived her attorney-client privilege by applying the three-pronged test set forth by the Ninth Circuit – first, the Court considers whether Davis is asserting the privilege as the result of an affirmative act.  Davis contends in the memorandum in support of the Motion

6

to Disqualify that she was "coerced by the Department of Justice and her own defense attorney into: 1) pleading guilty under duress, and 2) falsely admitting to having intended to violate the law, which prosecutors then used to leverage a guilty plea in a separate, related case."  [Mem. in Supp. of Motion to Disqualify at 2.]  As a result, she seeks "to disqualify at least one government prosecutor from this case and to request that this Court order a thorough investigation into . . . a brazen scheme" that she alleges resulted in her pleading guilty in the instant prosecution.  [Id.]  In taking the affirmative action of filing the Motion to Disqualify and by opposing the Government's request for a finding that she has waived her attorney-client privilege as to Mr. Lowell, Davis is asserting her attorney-client privilege as to communications with Mr. Lowell.

Second, the Court examines whether Davis, in filing the Motion to Disqualify, puts her attorney-client privilege in issue.  She does.  In the Motion to Disqualify, Davis asserts that Mr. Lowell, her defense attorney at the time, worked with AUSA Keller to obfuscate Mr. Lowell's conflict of interest (i.e., that he was the subject of a criminal investigation by the same prosecutors who were prosecuting Davis) so that Davis would not be informed about the nature and scope of Mr. Lowell's conflict of interest.  [Id. at 4.]  Davis contends that that

7

Mr. Lowell was being investigated by the Government before negotiations were held about a plea agreement for Davis and thus "Mr. Lowell was engaging in those negotiations with the knowledge that **he** was himself being investigated by those same prosecutors." [Id. at 5-6 (emphasis in original).] She states that "Mr. Lowell intentionally and knowingly misled Ms. Davis and her local counsel . . . [because] they understood that Mr. Lowell himself was not being investigated, but rather that there was an investigation involving two former clients of Mr. Lowell . . . ." [Id. at 7.] By asserting that AUSA Keller (and perhaps other prosecutors) should be disqualified because he or they colluded with Mr. Lowell to have Mr. Lowell mislead Davis and co-counsel about the Government's criminal investigation of Mr. Lowell, Davis necessarily implicates attorney-client communications about what Mr. Lowell did or did not disclose before she consented to the Plea Agreement. While Davis adamantly denies making a claim for ineffective assistance of counsel, she essentially is making such a claim by asserting that Mr. Lowell failed to disclose critical information when he was advising her about the Plea Agreement. While, at least at this juncture, Davis does not seek to set aside her plea of guilty or the Plea Agreement, she nonetheless asserts actions taken by Mr. Lowell and AUSA Keller to disqualify AUSA Keller, and these actions, if true, necessarily implicate failures by

8

Mr. Lowell in advising Davis. This troubles the Court greatly and may require it, in the interest of justice, to revisit the acceptance of Davis's guilty plea and the Plea Agreement.

Because the Motion to Disqualify is inextricably intertwined with what and when Mr. Lowell disclosed to Davis and his co-counsel about the criminal investigation of him, the Court determines the third prong is met. That is, the Government would be denied access to information vital to its opposition to the Motion to Disqualify if the attorney-client privilege is not found to have been waived.

## CONCLUSION

For the foregoing reasons, the Court finds that, because she filed her Motion to Motion to Disqualify; Motion to Stay Sentencing; Motion for Judicial Relief, [filed 4/26/22 (dkt. no. 47),] Davis implicitly waived her attorney-client privilege as to communications with Abbe Lowell, Esq. while he was her attorney, and the Government's Motion for Judicial Finding of Waiver of Attorney-Client Privilege, [filed 5/4/22 (dkt. no. 56),] is GRANTED.

The parties are advised that the Government will be permitted to file a supplemental memorandum in opposition to the Motion to Disqualify, which must be no longer than twenty pages in length, including exhibits, declarations and attachments, by **June 6, 2022.** This supplemental memorandum must be limited to

9

the presentation of evidence and arguments that Government is able to make in light of the ruling in the instant Order. The Government is cautioned that, if its supplemental memorandum includes arguments that it could have presented without the ruling in the instant Order, the supplemental memorandum may be stricken.

Davis may file an optional reply in support of the Motion to Disqualify, which must be no longer than eight pages in length, including exhibits, declarations and attachments, by **June 16, 2022,** and this Court will hold a hearing on the Motion to Disqualify on **July 7, 2022, at 11:00 a.m.**, by video-teleconference.

The parties are warned that, other than the filings described in this Order, they shall not file any exhibits, supplemental filings or indices related to the Motion to Disqualify without first seeking leave of court. Failure to do so will result in the striking of the improper filings.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 25, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. NICKIE MALI LUM DAVIS; CR 20-00068 LEK; ORDER GRANTING MOTION FOR JUDICIAL FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE, FILED MAY 4, 2022 [DKT. NO. 56]**