CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii     96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:ken.sorenson@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

JOHN D. KELLER
Principal Deputy Chief

SEAN F. MULRYNE
Deputy Director, Election Crimes
NICOLE R. LOCKHART
Trial Attorney
Public Integrity Section

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, Plaintiff, vs. NICKIE MALI LUM DAVIS, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CR. NO. 20-00068 LEK<br><br>UNOPPOSED MOTION FOR A PROTECTIVE ORDER<br><br>JUDGE: Leslie E. Kobayashi |
|---|---|---|

**UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

1

The United States of America (the "Government"), through its undersigned attorneys, without opposition from the defendant, Nickie Mali Lum Davis, moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to issue the attached protective order governing discovery in this matter.

Since the filing of the defendant's Motion for Judicial Relief and Memorandum in Support, ECF Nos. 47, 48, the defendant has made multiple requests for documents from the government including, but not limited to, search warrants and grand jury subpoenas from the underlying investigation. The Government plans to imminently provide those requested materials to the defendant. The material the Government intends to produce consists of sensitive information regarding witnesses, such as personal identifiers, addresses, and phone numbers; private financial information; and confidential and sensitive information developed through investigations of law enforcement and the use of the grand jury. *See, e.g.*, *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219-22 (1979) (discussing the policies underlying grand jury secrecy requirements and noting that they remain in effect after the grand jury's proceedings conclude).

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165,

185 (1969). The government seeks only to facilitate discovery, while protecting against the improper disclosure or use of a certain sensitive information. Accordingly, the Government respectfully requests that a protective order be entered governing the use that can be made of all discovery material that the Government provides to the defendant in this case.

Such material will be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously to the Court, and that material may only be disclosed or disseminated in accordance with the proposed order, unless and until that order is modified by the Court.   Counsel for the defendant have indicated that they have no objections to the proposed protective order.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

 /s/ John D. Keller                                                  /s/ Kenneth M. Sorenson
_____               _____
By: JOHN D. KELLER                                       KENNETH M. SORENSON
Principal Deputy Chief                                    Chief, Criminal Division
Sean F. Mulryne
Deputy Director, Election Crimes
Nicole R. Lockhart
Trial Attorney
Public Integrity Section

3

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

William McCorriston, Esq.

Attorneys for Interested Party
NICKIE MALI LUM DAVIS

DATED:   June 13, 2022

                                                           */s/ John D. Keller*
                                                           _____
                                                           John D. Keller