McCORRISTON MILLER MUKAI MACKINNON LLP

WILLIAM C. McCORRISTON   #995-0
DAVID J. MINKIN   #3639-0
Five Waterfront Plaza, 4th Floor500 Ala Moana Boulevard Honolulu, Hawai'i 96813
Telephone:   808.529.7300
Facsimile:   808.535.8056

E-Mail:   mccorriston@m4law.com;   minkin@m4law.com

JAMES A. BRYANT *(pro hac vice)*
The Cochran Firm California
4929 Wilshire Blvd., Suite 1010
Los Angeles, CA 90010
Telephone: 323-435-8205
Facsimile:   310-802-3829
E-mail:   jbryant@cochranfirm.com

Attorneys for Defendant
NICKIE MALI LUM DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICKIE MALI LUM DAVIS;<br><br>Defendant. | CR. NO. 20-00068 LEK<br><br>DEFENDANT'S *EX* MOTION TO EXCEED THE PAGE LIMIT STATED IN THE COURT'S MAY 25, 2022 ORDER FOR DEFENDANT'S REPLY BRIEF; DECLARATION OF JAMES A. BRYANT; [PROPOSED] ORDER; CERTIFICATE OF SERVICE |

DEFENDANT'S *EX PARTE* MOTION TO EXCEED THE PAGE LIMIT STATED IN THE COURT'S MAY 25, 2022 ORDER FOR DEFENDANT'S REPLY BRIEF

Defendant Nickie Mali Lum Davis ("Davis"), through her counsel, respectfully moves this Court ex *parte* for an order permitting Ms. Davis to file a reply memorandum ("Reply Memorandum") in support of her Motion to Disqualify, Motion for Stay and Motion for Judicial Relief ("MTD") that exceeds the limits stated in the Court's May 25, 2022 Order (the "May 25th Order"), respectfully requesting that the Court enter an Order permitting Ms. Davis' Reply Memorandum to exceed the May 25th Order's page limit of eight (8) pages, to a page length in an amount deemed appropriate by the Court.  Ms. Davis is submitting this request in order to enable her to adequately respond to the following in the Government's filings : (1) additional testimonial evidence, specifically the Declaration of Abbe D. Lowell, which includes various assertions and numerous representations to the Court that Defendant should be permitted to refute without taking away from Ms. Davis' overall response to both filings; and (2) for arguments now being raised by the Government for the first time in its Supplemental Brief, which include but are not limited to (a) the assertion that no actual conflict existed; and (b) a request for sanctions against Mr. Bryant for challenging the Government's veracity.

This Motion is made pursuant to LR 6.2(c) and 7.2(d) of the Rules of the U.S. District Court for the District of Hawaii and Rules 6 and 7 of the Federal Rules of

Civil Procedure, and is based upon the Declaration of James A. Bryant, and the records and files herein.

Undersigned counsel would also like to respectfully call this Court's attention to the Government's selective refusal to produce certain categories of materials, specifically those which relate to the Government's own assertions or representations in their briefs and attached declarations. The Government's refusal to produce documents and communications that relate to its own assertions and representations places Defendant at an inherent disadvantage by being denied the ability to confirm or impeach those claims, in contravention of Rule 3.3 of the Hawaii Code of Professional Conduct.

DATED: Los Angeles, California, June 14, 2022.

/s/ James A. Bryant
JAMES A. BRYANT
WILLIAM C. McCORRISTON
DAVID J. MINKIN
Attorneys for Defendant
NICKIE MALI LUM DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NICKIE MALI LUM DAVIS;<br><br>　　　　　Defendant. | CR. NO. 20-00068 LEK<br><br>DECLARATION OF JAMES A. BRYANT IN SUPPORT OF DEFENDANT'S *EX PARTE* EX PARTE MOTION TO EXCEED THE PAGE LIMIT STATED IN THE COURT'S MAY 25, 2022 ORDER FOR DEFENDANT'S REPLY BRIEF |

DECLARATION OF JAMES A. BRYANT

I, James A. Bryant, do hereby state and declare as follows:

1.　I am the declarant, and make all of the statements herein on my personal knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true, and if called as a witness, could and would testify competently thereto.

2.　I am a Partner at the Cochran Firm California, I have been admitted to practice in this Court through local counsel William McCorriston, and I am co-counsel along with Mr. McCorriston, and we represent Defendant Nickie Davis in this case.

4

3. The Declaration of James A. Bryant is in support of Defendant Nickie Davis' *Ex Parte* Motion to Exceed The Page Limit Stated In The Court's May 25, 2022 Order For Defendant's Reply Brief, and is primarily based upon attorney-client communications.

4. This request, for an order to exceed the 8-page Reply brief limit set forth in the May 25, 2022 Order, is made pursuant to LR 6.2(c) and 7.2(d) of the Rules of the U.S. District Court for the District of Hawaii. Having reviewed the Court's Order to Strike Defendant's Letter to the Court dated May 25, 2022, I would first like to provide my apologies to this Court for inadvertently violating the Court's local rules in filing the letter on Ms. Davis' behalf. While it was in no way my intention to violate rules, I apologize that my letter came across as a request made without seeking leave of the court. I take full responsibility for my actions, and I have made sure to consult with local counsel closely as it relates to those local rules now and going forward, prior to filing anything else with this Court.

5. The Government's Supplemental Opposition raised several new arguments that had not previously been presented, and which was unexpectedly supported by the declaration of Ms. Davis' former counsel Abbe D. Lowell.

6. In first addressing Mr. Lowell's declaration, it was prepared in 12pt font

with single-space lines, which is in violation of Crim.LR 12. 3 and LR 10.2(a)[1]. It was not reasonably foreseeable that Mr. Lowell would provide details about his representation of Ms. Davis in this matter, nor would one reasonably anticipate that he would submit a declaration with a number of misrepresentations and factual distortions that can be refuted by evidence from the Government's partial production made thus far to Ms. Davis. If Ms. Davis' counsel William McCorriston and James Bryant would not be able to file their own (relatively brief) declarations regarding false statements pertaining to their roles during the plea process, that inability for direct response would effectively allow some number of Mr. Lowell's misrepresentations and claims to stand unchallenged and deprive this Court of truthful corrections to inaccurate evidence presented to this Court.

7. Those allegations asserted by Mr. Lowell that must be addressed include, but are not limited to, (1) the circumstances regarding Mr. Lowell's allegations that Ms. Davis was advised by independent, third-party counsel through the entirety of her criminal case, (2) the circumstances regarding Mr. Lowell's allegations that he fully disclosed his Conflicts to Ms. Davis and Mr. McCorriston (and to undersigned counsel), as well as his claims regarding his own knowledge and understanding of the

---

[1] Had Mr. Lowell's declaration complied with LR 10.2(a), which requires that a filing be in 14-point font and double spaced, his Declaration would be approximately 13 pages, which along with the Government's 10-page Supplemental Opposition, resulting in the Government's filing would have being approximately 23 pages, thus exceeding the May 25, 2022 Order limiting the Government to a total of 20 pages.

government's FARA probe and "bribery-for-pardon" investigation, (3) the circumstances regarding Mr. Lowell's allegations that it Mr. McCorriston and not Mr. Lowell, who suggested the final text of the Plea Agreement and that it be filed under seal, (4) the circumstances surrounding Mr. Keller's and Mr. Lowell's email exchanges on August 31, 2020, both before and during Ms. Davis' plea hearing, (5) the circumstances relating to reasons why Mr. Lowell was resistant to appear as counsel in Hawaii, and (6) the circumstances regarding Mr. Lowell's disclosure of the facts surrounding any government investigations and/or inquiries related to his direct actions pursuant to media reports related to the "bribery-for-pardon" investigation.

8. Furthermore, in addition to the arguments raised in the Government's Opposition in which Ms. Davis had already intended to address in her Reply, the Government for the first time in its Supplemental Opposition raised the following arguments that will each need to be addressed separately: (a) that Mr. Lowell did not "labor under" an actual conflict; and (b) a request for sanctions against Mr. Bryant for challenging the Government's veracity.

9. Undersigned counsel would also like to bring to the Court's attention the Government's selective refusal to produce numerous categories of documents and communications.[2] Crucially, the government is refusing to produce materials that

---

[2] Undersigned counsel can provide the email exchange with PIN prosecutors upon request of the Court.

7

relate to many of their assertions and representations, including but not limited to: (1) the FARA probe into Mr. Lowell being "civil" in nature, (2) what Mr. Keller and others at PIN knew about the FARA probe both before and during the plea negotiations with Mr. Lowell, (3) what Mr. Lowell actually was told by the government and what he would have believed to be his potential exposure from the FARA probe and the "bribery-for-pardon" investigation, (4) what role Mr. Keller and possibly others at PIN may have played in—and what knowledge that they have regarding—the warrantless search-and-seizure targeting my client (while boarding an outbound flight at O'Hare Airport) less than one week before her Information was submitted to this Court, and during which my client witnessed Customs and Border Patrol agents reviewing and "screenshotting" her attorney-client privileged communications, (5) the impact of Ms. Davis' potential or actual plea on PIN's prosecution of Mr. Broidy, (6) notes and memos regarding the Filter Team's discussion on August 26, 2020 with Mr. Lowell regarding the "bribery-for-pardon" matter, including a document about which the government made a false assertion in communications with undersigned counsel that was easily disproven by a basic forensic examination of the document's metadata (aka "Document Properties"), and (7) whether or not Mr. Lowell would have reason to believe that he *currently* faces potential criminal exposure from the Department of Justice pursuant to the FARA

8

probe or some other inquiry,[3] an issue which is particularly salient for determining whether or not his declaration to this Court could even be considered truly voluntary.

10.  Because the Government has, in the course of the current motion practice, made numerous statements (e.g. – claiming the FARA probe into Mr. Lowell was handled by a "civil FARA Unit" that didn't even exist in the year 2020, or asserting that prosecutors "never indicated to the defendant or counsel that Broidy's knowledge of FARA was at issue," a claim directly refuted by evidence from the Government's partial production, etc.), there is no reasonable basis to grant deference or presume truthfulness to the Government's assertions and representations.  Undersigned counsel respectfully submits that the Government's refusal to produce responsive documents and communications essential to Ms. Davis' forthcoming Reply brief and which would enable the Court to properly weigh the veracity of the Government's own claims violate Rules 3.3 and 3.4 of the Hawaii Rules of Professional Conduct.  In particular, by offering assertions and representations (including through declarations) about which it then refuses to produce directly relevant materials, the Government is creating an unfair competition at odds with the adversary system, treating its ability to

---

[3] In the declaration of Scott Claffee, the self-described "criminal prosecutor" who has engaged with at least Mr. Lowell's criminal defense attorney, Reid Weingarten, regarding the FARA probe into Mr. Lowell, it is noteworthy that Mr. Claffee carefully avoids referring to the FARA probe in the past tense or otherwise stating that the matter has been closed.  Further, despite PIN's representation to the contrary in its initial Opposition filing, the full, unredacted version of Mr. Keller's January 19, 2021 email exchange with Mr. Claffee revealed that at least as of that date, Mr. Lowell was still under investigation for potential FARA violations.  Without evidence that the matter has been closed, the government's refusal to produce any responsive materials regarding this issue threatens to cast a pall over Mr. Lowell's declaration.

offer mere unsubstantiated claims that the Government knows Ms. Davis lacks the relevant materials to mount effective challenges as both a sword and a shield. Accordingly, undersigned counsel respectfully requests this Court to either compel the Government to produce materials responsive to Ms. Davis' already-submitted written requests or to strike the Government's assertions and representations regarding which the Government refuses to produce relevant materials.

11. In addition to the Government's newly presented argument that an actual conflict does not exist, the Government has made an argument for "sanctions" from the Court against me personally, on the basis that I have refused to accept the representations of the Government and Mr. Lowell. In order to properly address this serious matter, undersigned counsel respectfully believes it will be necessary for me to offer a declaration regarding at least some of the misrepresentations that PIN prosecutors and Mr. Lowell made both to myself and the Court.

12. Based upon both the allegations set forth in Mr. Lowell's declaration, and the Government's newly presented arguments, including the false claim that Mr. McCorriston and I served as fully engaged, independent counsel throughout the duration of the plea negotiations, I respectfully request that this Court permit Mr. McCorriston and undersigned counsel be permitted the opportunity to respond to these items through declarations, and that Ms. Davis be afforded the ability to have a sufficient number of pages available to respond to the both the Government's

10

Opposition and Supplemental Opposition.

13. Further, I recognize that the Court has received a significant number of pages related to briefs, declarations and exhibits in this matter, but given the gravity of these claims and the sheer amount of evidence Ms. Davis must respond to, we hope the Court can appreciate our diligence, thoroughness, and attention to detail in presenting this request.

I do declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: Los Angeles, California, June 14, 2022.

_____
JAMES A. BRYANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIl

| | |
|---|---|
| UNITED STATES OF A11ERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICKIE MALI LUM DAVIS;<br><br>Defendant. | CR. NO. 20-00068 LEK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date and methods indicated below, a true and correct of the foregoing document was served on the following attheir last known addresses:

Served Electronically through CM/ECF:

John D. Keller, Esq.          John.Keller2@usdoj.gov
Nicole R. Lockhart, Esq.      Nicole.Lockhart@usdoj.gov
Kenneth R. Sorenson,          Ken.Sorenson@usdoi.gov
Esq.James C. Mann, Esq.       James.Mann@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF A11ERICA

Served Electronically through E-Mail:

Christen Rudd                 Christen Rudd@cacp@uscourts.gov
Diane Arima-                  Diane_Arima-
Linscott                      Linscott@hipt.uscourts.gov

DATED: Los Angeles, California, June 15, 2022.

                                              */s/ James A. Bryant*
                                              WILLIAM C. McCORRlSTON
                                              DAVID J. MINKIN
                                              JAMES A. BRYANT
                                              Attorneys for Defendant
                                              NICKIE MALI LUM DAVIS