McCORRISTON MILLER MUKAI MACKINNON LLP

WILLIAM C. McCORRISTON  #995-0
DAVID J. MINKIN  #3639-0
Five Waterfront Plaza, 4th Floor500 Ala Moana Boulevard Honolulu, Hawai'i 96813
Telephone:  808.529.7300
Facsimile:   808.535.8056

E-Mail:   mccorriston@m4law.com;  minkin@m4law.com

JAMES A. BRYANT *(pro hac vice)*
The Cochran Firm California
4929 Wilshire Blvd., Suite 1010
Los Angeles, CA 90010
Telephone: 323-435-8205
Facsimile:   310-802-3829
E-mail:    jbryant@cochranfirm.com

Attorneys for Defendant
NICKIE MALI LUM DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 20-00068 LEK |
|---|---|
| Plaintiff, | DEFENDANT'S EMERGENCY *EX PARTE* MOTION FOR AN EXTENSION OF TIME TO FILE DEFENDANT'S REPLY BRIEF AND OTHER JUDICIAL RELIEF; DECLARATION OF JAMES A. BRYANT; [PROPOSED] ORDER; CERTIFICATE OF SERVICE |
| vs. | |
| NICKIE MALI LUM DAVIS; | |
| Defendant. | |

<u>DEFENDANT'S EMERGENCY EX PARTE MOTION FOR AN EXTENSION OF TIME TO FILE DEFENDANT'S REPLY BRIEF AND OTHER JUDICIAL RELIEF</u>

Defendant Nickie Mali Lum Davis ("Davis"), through her counsel, respectfully moves this Court ex *parte* for an order extending Ms. Davis' time to file a reply memorandum ("Reply Memorandum") in support of her Motion to Disqualify, Motion for Stay and Motion for Judicial Relief ("MTD") that is currently due on June 16, 2022, respectfully requesting that the Court enter an Order permitting Ms. Davis' an extension of time to file her Reply Memorandum in light of the Court's June 16, 2022 Order granting Ms. Davis permission to extend the length of her Reply Memorandum from eight (8) pages to twenty (20) pages. Ms. Davis is submitting this request in order to enable her to have sufficient time to adequately prepare and organize the brief and accompanying declarations, as well as expound upon important legal and factual issues that had to be significantly scaled back in response to the previous page limitations set forth in the May 25, 2022 Order.

As was previously raised in Defendant's *Ex Parte* Application To Extend Page Limits, undersigned counsel would also like to once again respectfully call to this Court's attention to the Government's selective refusal to produce certain categories of materials, specifically those which relate to the Government's own assertions or representations in their briefs and attached declarations.  The Government's refusal to produce documents and communications that relate to its own assertions and

representations places Defendant at an inherent disadvantage by being denied the ability to confirm or impeach those claims, in contravention of Rule 3.3 of the Hawaii Code of Professional Conduct. Defendant further requests an order from the Court compelling the government to produce any such documents and communications referenced above in order to afford Defendant requisite evidence that supports or refutes Plaintiff's representations set forth in their Opposition and Supplemental Opposition.

This Motion is made pursuant to LR 6.2, 7.1, and 7.2 of the Rules of the U.S. District Court for the District of Hawaii, Rules 6 and 7 of the Federal Rules of Civil Procedure and Rule 3.3 of the Hawaii Code of Conduct, and is based upon the Declaration of James A. Bryant, and the records and files herein.

DATED:  Los Angeles, California, June 16, 2022.

*Isl James A. Bryant*<br>
JAMES A. BRYANT<br>
WILLIAM C. McCORRISTON<br>
DAVID J. MINKIN<br>
Attorneys for Defendant<br>
NICKIE MALI LUM DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICKIE MALI LUM DAVIS;<br><br>Defendant. | CR. NO. 20-00068 LEK<br><br>DECLARATION OF JAMES A. BRYANT IN SUPPORT OF DEFENDANT'S EMERGENCY *EX PARTE* MOTION FOR AN EXTENSION OF TIME TO FILE DEFENDANT'S REPLY BRIEF AND OTHER JUDICIAL RELIEF |

## DECLARATION OF JAMES A. BRYANT

I, James A. Bryant, do hereby state and declare as follows:

1. I am the declarant, and make all of the statements herein on my personal knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true, and if called as a witness, could and would testify competently thereto.

2. I am a Partner at the Cochran Firm California, I have been admitted to practice in this Court through local counsel William McCorriston, and I am co-counsel along with Mr. McCorriston, and we represent Defendant Nickie Davis in this case.

4

3. On June 15, 2022, Ms. Davis filed an *Ex Parte* Motion To Exceed The Page Limit Stated In The Court's May 25, 2022 Order.

4. On June 16, 2022 at 7:07 pm HST ("June 16th Order"), the Court entered an order granting Ms. Davis' motion extending page limit for her Reply brief from eight (8) pages to twenty (20) pages.

5. Initially it was unclear whether or not the Court would grant Ms. Davis' request, I had originally prepared a response in compliance with the eight-page limit set fort by the Court's May 25, 2022 order, despite the fact that as a result of the limited number of pages to respond, Ms. Davis' Reply could not adequately address all of the major points in a substantive way, when that limit intended to count declaration and exhibits as a part of the page limit.

6. Upon receiving the June 16th Order, Ms. Davis was very appreciative of the Court's decision to grant the requested relief, and afford her an adequate number of pages to provide a clear, concise and thorough reply brief. However, given the time that the order was issued in relation to the time in which Ms. Davis' Reply was due, and the given the fact that the Court had vacated the hearing set for July 7, 2022 to August 5, 2022, it was unclear whether the Court had intended to extend time for Ms. Davis to file her reply given the logistical and organizational challenges that one would encounter in such a scenario.

7. Although I have been diligently drafting, adding to and revising Ms.

5

Davis' reply brief, unfortunately it will not be possible for me to prepare and file a brief that is representative of my previous work product, along with the fact that in order to meet a June 15, 2022 11:59 HST deadline filing, Ms. Davis would be at a disservice because not only will I be unable to truly utilize those 20 total pages while coherently addressing all points raised by the government.

8. Undersigned counsel would also once again point out the Government's intentional decision not to produce certain documents, as described in Paragraphs 8-11. Pursuant to Rule 3.3 of the Hawaii Rules of Conduct, Ms. Davis has presented good cause for an order compelling the government to produce those documents responsive to the Defendant's counsel's requests.

9. If the Court is unwilling to compel the Government to immediately produce those documents in which they have refused to produce, prior to hearing the Ms. Davis MTD, then I would respectfully request that the Court grant an additional day for Ms. Davis to file her reply brief. Given the fact that the Court has vacated the current hearing that was scheduled for July 7, 2022 to August 5, 2022, and because there are no subsequent filings by any of the parties in this matter, neither the Court nor Plaintiff will be prejudiced if such an extension is granted.

10. If the Court is willing to issue an order compelling the Government to produce the requested documents, I leave it to the Court's discretion as it relates to what it believes to be an appropriate scheduling order.

6

I do declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  Los Angeles, California, June 16, 2022.

_____
JAMES A. BRYANT