CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:ken.sorenson@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

JOHN D. KELLER
Principal Deputy Chief

SEAN F. MULRYNE
Director of Enforcement & Litigation,
Election Crimes
NICOLE R. LOCKHART
Trial Attorney

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO. 20-00068 LEK |
| | ) |
| Plaintiff, | ) RESPONSE IN OPPOSITION TO |
| | ) MOTION FOR EXTENSION OF |
| vs. | ) TIME |
| | ) |
| NICKIE MALI LUM DAVIS | ) DATE: August 5, 2022 |
| | ) TIME: 1:30 p.m. |
| Defendant. | ) JUDGE: Leslie E. Kobayashi |
| | ) |
| | ) |

## RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF TIME

The defendant's last-minute filing in violation of Local Rules and this

Court's specific Order is the latest in a series of frenetic efforts to extend this

litigation with manufactured accusations of bad faith.  The government has pulled,

reviewed, and provided approximately 850 emails, subpoenas, search warrants, and

other investigative files to respond to the defendant's belated and shifting discovery requests. With each production, the defendant makes new speculative accusations and requests additional categories of documents. The defendant's fishing expedition has revealed no government misconduct. There is no basis for further casting.

The day before the defendant's deadline to file the Reply in support of her Motion to Disqualify, the Defendant filed an *ex parte* Motion to Exceed the Page Limit. ECF No. 68. In contravention of the Court's order, the Defendant did not seek leave of the Court to file the Motion. ECF No. 65 at 10. Nor did the Defendant file "a declaration that states why a stipulation or motion could not be submitted and sets forth the positions of other parties with respect to the request, if known." LR 7.10; CrimLR 12.3. The Defendant then evaded the Court's deadline for the Reply with another *ex parte* filing claiming a need for additional time to file despite the Court providing the Defendant ten days to submit her Reply—the longest period of time that has been afforded either party in the course of briefing in this matter. The defendant's slapdash filing of these *ex parte* motions without justification as to their delayed timing or their *ex parte* status demonstrate a lack of preparation and understanding of *ex parte* filings or an intentional effort to seek judicial relief without allowing the government an opportunity to respond. Either way, the defendant's eleventh-hour Motion for an Extension of Time and related discovery requests should be denied.

The government has already provided the Defendant the following categories of documents responsive to the defendant's allegations of misconduct:

1. All emails between Lowell and Keller during Lowell's representation of the defendant;

2. All emails between the PIN filter team and the PIN prosecution team regarding the bribery-for-pardon/LDA matter and/or Lowell from June 1, 2020, to December 31, 2020—the only period in which the filter team had any involvement reviewing Lowell's conduct;

3. All emails between the PIN filter team and Lowell regarding the bribery-for-pardon/LDA matter, without any date limitation, and any memos to file regarding conversations between filter attorneys and Lowell;

4. All emails referencing contact between PIN and the counsel who represented Lowell on both the bribery-for-pardon/LDA and FARA matters; and

5. All subpoenas and search warrants issued by PIN in this matter.

The defendant's accusations have collapsed when confronted with actual evidence. No one on either the prosecution team or the filter team initiated a criminal investigation of Lowell, ever. No one on the filter team or prosecution team initiated a FARA inquiry of Lowell. And no one on the filter team or prosecution team sought to conceal Lowell's conflicts—conversely, multiple attorneys on both teams

undertook significant efforts to ensure that the conflicts were assessed, disclosed, documented, and addressed.  As each claim of government misconduct fails, the defendant constructs another and "demands" discovery in response.[1]   The government has worked to accommodate many of these requests, despite recognizing that the defendant is not entitled to the documents.  The defendant's continued unsubstantiated assertions of government misconduct provide no basis for discovery of additional non-public, internal DOJ files and communications.  *See* ECF No. 62 at 13.

This litany of unsupported claims, unprofessional conduct, and last-ditch efforts to extend this litigation should not be further entertained.[2]  The defendant has been permitted to file additional pages as part of her Reply to accommodate counsel's declarations and to address any new issues.   ECF No. 70.   Those declarations should have been prepared, along with the defendant's Reply, yesterday when the Reply was due; the government's supplemental filing was filed eleven days ago.   The defendant's frenzied, *ex parte* Motion for Extension of Time and the incorporated request for all "documents responsive to Defendant's requests" are without justification and should be Denied.

---

[1] *See* Emails between government and Bryant, Ex. 1.

[2] The government outlined the ongoing discovery disputes in a filing nearly a month ago.  *See* Reply in Support of Waiver, ECF No. 62 at 11-14.  Rather than address that issue at the time, the defendant is now using these burgeoning discovery requests as a new basis for delay.  This request should be denied.

DATED: June 17, 2022.


Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

*/s/ John D. Keller*_____                    */s/ Kenneth M. Sorenson*_____
JOHN D. KELLER                                KENNETH M. SORENSON
Principal Deputy Chief                         Chief, Criminal Division
Sean F. Mulryne
Director of Enforcement & Litigation, Election Crimes
Nicole R. Lockhart
Trial Attorney
Public Integrity Section

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

William McCorriston, Esq.
James Bryant, Esq.

Attorneys for Interested Party
NICKIE MALI LUM DAVIS

DATED:  <u>June 17, 2022</u>

*John D. Keller*
John D. Keller