| | |
|---|---|
| **From:** | Mulryne, Sean (CRM) |
| **To:** | James A. Bryant, Esq. |
| **Cc:** | Lockhart, Nicole (CRM); James A. Bryant; McCorriston William; Sorenson, Ken (USAHI); Keller, John (CRM); Amundson, Corey (CRM); Polite, Kenneth (CRM) |
| **Subject:** | Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis |
| **Date:** | Thursday, June 16, 2022 9:47:08 PM |

James,

We do not object to you quoting from the emails.

Sean

On Jun 16, 2022, at 8:17 PM, James A. Bryant, Esq. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ wrote:

Sean:

In light of the fact that your filing contained substantial quotes from my client's privileged emails (versus paraphrasing or redacting), I am presuming that you have no problem with me quoting from the emails you have produced to me. If for some reason you object, please be sure to let me know promptly, as the filing is due tonight.

As for your previous email, the facts speak for themselves, gaslighting and deflecting, for the purpose of not wanting to answer certain questions, some of which identify clear misrepresentations, is your choice.

*James A. Bryant II*
*Partner*

**THE COCHRAN FIRM – CALIFORNIA**

4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph. ▉▉▉▉▉▉▉  Cell ▉▉▉▉▉▉▉  Fax. ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

**From:** Mulryne, Sean (CRM) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
**Sent:** Thursday, June 16, 2022 6:38 AM
**To:** James A. Bryant, Esq. ▉▉▉▉▉▉▉▉▉▉▉▉▉ Lockhart, Nicole (CRM) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
**Cc:** 'James A. Bryant' ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉; 'McCorriston William' ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉; Sorenson, Ken (USAHI) ▉▉▉▉▉▉▉▉▉▉▉▉▉; Keller, John (CRM) ▉▉▉▉▉▉▉▉▉▉▉; Amundson, Corey (CRM) ▉▉▉▉▉▉▉▉▉▉▉▉; Polite, Kenneth (CRM) ▉▉▉▉▉▉▉▉▉▉▉▉

**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James,

We received your email.  Your emails have become increasingly erratic, conclusory, and unprofessional.  Going forward, we will address your claims and actions through the Court.

Sean

---

**From:** James A. Bryant, Esq. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Tuesday, June 14, 2022 3:49 PM
**To:** Mulryne, Sean (CRM) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Lockhart, Nicole (CRM) ▓▓▓▓▓▓▓▓▓▓▓▓▓
**Cc:** 'James A. Bryant' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; 'McCorriston William' ▓▓▓▓▓▓▓▓▓▓▓▓▓ Sorenson, Ken (USAHI) ▓▓▓▓▓▓▓▓▓▓▓▓; Keller, John (CRM) ▓▓▓▓▓▓▓▓▓▓ Amundson, Corey (CRM) ▓▓▓▓▓▓▓▓▓▓▓▓ Polite, Kenneth (CRM) ▓▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean:

Thank you for your response.  Because of the sheer number of deceptions, misstatements and misrepresentations in your last email, it is incumbent upon me to reply to correct the record.

At the top, your attempts to portray my requests as "changing" ignores the stated need for the additional materials -- specifically that your office has either made new assertions or representations not previously at issue, or additional evidence has revealed misstatements and/or misrepresentations made by your office in correspondence with me or in Court filings.

For the simplicity's sake, I'll address immediately below your comments in the same order you made them:

1) You have not yet fulfilled your original tacit agreement to my request on May 13, 2022 to provide all communications between Mr. Lowell and PIN (including but not limited to Mr. Keller) up through the present.  You responded three days later, on May 16: "1) We are gathering additional communications between Lowell and PIN to provide to you."  In no way did you condition that statement or give any indication that you didn't intend to honor that request -- as you did for each of your other four answers in that email.  On the next item, for example, you wrote, "2) We are gathering and reviewing additional communications between the prosecution team and filter team." (emphasis added) In that answer, the only action you agreed to take beyond gathering such communications was "reviewing" them.  To state the obvious, communications that Mr. Lowell had with Mr. Keller and PIN after his representation could potentially contain some of the most relevant evidence -- including, for example, discussions PIN may have had with Mr. Lowell regarding the first or second articles published in Politico, which ran after he had been terminated, the OPR Complaint

filed against Mr. Keller, the bar complaint filed against Mr. Lowell, or regarding Mr. Lowell's declaration attached to your latest brief or the related materials he shared with you.

2) Your use of "unaware" could be taken to mean that no one at PIN or on the Filter Team has actually confirmed with all relevant parties about the existence of communications exchanged with Mr. Lowell that did not involve an @usdoj.gov email account.  If you are willing to have Mr. Keller, Mr. Salgado, Ms. O'Brien Waymack and Mr. Mulryne sign declarations under penalty of perjury that no such communications with Mr. Lowell occurred, that would be acceptable.  Regarding the phone call data, that did not seem relevant until evidence turned over from PIN's partial production revealed significant levels of calling activity with Mr. Lowell, only some of which was reflected in Outlook calendar entries.  Thus, it is relevant and necessary to gauge the full extent of verbal communications that occurred between Mr. Lowell and PIN and/or the Filter Team.

3) To be blunt, there is no "record evidence contradicting [my] assertions of government misconduct."  To borrow an old expression that seems particularly apt here in dealing with your office, please do not pee on my leg and tell me it's raining.  To the extent you have fulfilled your promised production regarding communications between Mr. Lowell and Mr. Keller (among others) -- see above regarding the emails on May 13 and May 16 -- those emails evidence a stunning degree of government misconduct.  The list of such misconduct is long, but just to identify a couple such examples, we all know that it includes Mr. Keller knowingly allowing (or encouraging) Mr. Lowell to divulge attorney-client privileged communications, as well as Mr. Keller speaking with the Filter Team regarding the bribery-for-pardon investigation on the *exact* same *day* that he had his first conversation with Mr. Lowell (at least, regarding my client) in over ten months.

4) No need to address a second time your "record evidence" red herring.  As for communications regarding media coverage, that should be self-evident -- comments revealing PIN's and/or the Filter Team's true beliefs about Mr. Lowell's conflicts (or the investigations themselves) in such communications would obviously be relevant.

5) No semantics, please.  Stating that you did "not direct" the CBP does not address what role Mr. Keller and/or PIN played -- and what information was known to them -- before *and* after CBP's warrantless search and seizure.  Based upon emails that PIN has already produced, Mr. Keller undoubtedly was communicating with at least one person (or perhaps more) who had knowledge of CBP's warrantless search and seizure.  Your continued refusal to produce these relevant communications and documents regarding CBP only reinforces the need for my client to receive these materials.

6) Same issues as with #5 above.  As for your representation, any reasonable attorney at this point would give that as much credence as your "representation" that Mr. Lowell's FARA probe was handled by the (non-existent) "civil FARA Unit" or your claim that based on the January 19, 2021 email exchange with "criminal prosecutor" Scott Claffee that PIN "learned that the investigations [into Mr. Lowell and Mr. ▓▓▓ were no longer deemed likely to lead to charges," even though that very exchange explicitly stated that the FARA investigation into Mr. Lowell was very much still active.  At what point do you finally have the sense of professional courtesy and respect to stop pretending that your "representations" should be given even the slightest deference or presumption

of truthfulness?

7) Your assertion that "[t]he government never solicited statements from Ms. Lum Davis regarding Mr. Broidy's knowledge of FARA" is plainly contradicted by any number of examples in the evidence that PIN has produced already.  Throughout the plea process -- and in the days *and hours* leading up to the August 31, 2020 arraignment -- the evidence shows conclusively Mr. Keller was pushing for Ms. Davis to agree to new and additional statements whose primary purpose would have been to implicate Mr. Broidy, specifically to support (the falsehood) that he knowingly chose not to register for FARA.  Your office was so desperate for leverage against Mr. Broidy that Mr. Keller at a minimum facilitated and seemingly encouraged Mr. Lowell to divulge Mr. Broidy's attorney-client privileged information.

8) With respect to any non-"@usdoj.gov" communications that Mr. Salgado might have had with Mr. Lowell, "not aware" is not an answer regarding whether or not such communications actually exist.  As for Mr. Salgado serving only on the Filter Team for this or any related matter, that is certainly what you have represented and it is what I had believed -- but that appears to be contradicted by your office's own May 2019 motion for limited unsealing of evidence relating to Higginbotham, and possibly also Mr. Michel and/or Mr. Broidy.  Please see the signature block (attached) listing PIN's "Trial Attorneys" on that brief.  Mr. Salgado's name appears just above "James C. Mann," "Sean Mulryne," and "Nicole Lockhart" -- and nestled just below "John D. Keller," who was then apparently just a Deputy Chief at PIN.  Given that neither Pam Hicks nor Ms. O'Brien Waymack appear in that list, it would seem that it is a list just of members of the prosecution team on that matter.

9) While it may be that Mr. Lowell redacted those documents in his exhibits, it would have been done in consultation with PIN, at a minimum.  Besides, PIN surely must possess -- or be able to obtain -- the April 6, 2020 FARA letter that Mr. Lowell included in heavily redacted form.  Are you saying that is not the case?  You have repeatedly represented that it was a "civil" FARA matter, yet you have not offered a shred of documentary proof to support that assertion, with the only "evidence" offered being the carefully-constructed declaration from Scott Claffee, who made it very clear that he is a "criminal prosecutor."

10) As noted above, you had agreed to share communications Mr. Lowell had with PIN after his representation of my client had ended, but you failed to do so and then changed your position.  It could be that you are hiding something, or you could be obfuscating for obfuscation's sake.  Regardless, communications after Mr. Lowell's representation ended would of course be relevant given the strong potential that such messages could provide additional, relevant information or context regarding his conflicts or the investigations into him, among other relevant issues.

As for the "Memo to File 8 26 2020.pdf" file, what you have not addressed is that your office chose to lie.  It did not go unnoticed that you did not and could not address the fact that Ms. O'Brien Waymack's email sent to you Thursday was flatly disproven by basic forensics.  The PDF you had shared last month was not created on May 10, 2022 as Ms. O'Brien Waymack claimed in her email for the simple reason that the PDF file in question was created on August 26, 2020 at 5:34pm -- immediately after the Word doc had been *completed*.  Why not provide the version of the "Memo to File" PDF in your system, which was presumably last modified on or not long after August 26, 2020,

just like you did by producing the underlying Word doc?  Please don't attempt any further assertions or representations; please just produce the PDF version that wasn't modified in May 2022.

Finally, please do not claim the mantel of "good faith."  That sullies all of your DOJ colleagues who actually do operate in "good faith." While I recognize that your office has produced a large number of documents in a short period of time, it does not absolve the fact that there have been many times where PIN has been less than truthful.

What part of your claim that Mr. Lowell's case was handled by a "civil FARA Unit" that didn't even exist was made in "good faith"?  What part of the FARA letter being signed by Former Chief of the FARA Unit Brandon Van Grack, with Scott Claffee cc'd as a point of contact (both high-profile criminal prosecutors), suggests that the FARA probe into Mr. Lowell was a "civil" issue? What part of your representation that the redacted portions of the January 2021 email exchange with Mr. Claffee indicated that Mr. Lowell was no longer subject to a FARA investigation -- when the exact opposite was true -- was made in "good faith"?  You denied that there existed any further filter team communications, yet your IT department subsequently pulled a wealth of additional documents that were produced, at least one which could be described as a "smoking gun."  And most recently, you provided an email from Ms. O'Brien Waymack that flagrantly misrepresented the history and nature of a document, and you attempt to dismiss this shocking deception as much to do about nothing.  Why on earth would anyone do that if they were acting in good faith and had nothing to hide?  How is it that PIN is acting in "good faith" when it refuses to turn over the remaining outstanding documents or communications that could either confirm or refute the assertions and representations that PIN chose to make as part of its briefs?  If you wish to show that you are acting in "good faith" and that you have nothing to hide, then why not produce materials regarding assertions and representations that PIN has chosen to insert into your arguments in court filings?

Your office has run roughshod over my client's Sixth Amendment right to conflict-free counsel.  In your supplemental brief, you argued that I should have taken the word of Abbe Lowell, who just submitted a declaration in which he perjured himself, and your office, which has been caught making several provably false representations.  What attorney in my situation would take your word or Mr. Lowell's?  It is not my conduct, but the government's conduct that is well within range of sanctionable contempt.

Please respect this process and please respect the Rules of Professional Conduct.  Thank you.

Best,

James A. Bryant II
Partner
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph.                Cell                  Fax.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from

reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

**From:** Mulryne, Sean (CRM) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Monday, June 13, 2022 1:08 PM
**To:** James A. Bryant, Esq. ▮▮▮▮▮▮▮▮▮▮▮▮; Lockhart, Nicole (CRM) ▮▮▮▮▮▮▮▮▮▮▮
**Cc:** 'James A. Bryant' ▮▮▮▮▮▮▮▮▮▮▮▮▮; 'McCorriston William' ▮▮▮▮▮▮▮▮▮▮▮▮; Sorenson, Ken (USAHI) ▮▮▮▮▮▮▮▮▮▮▮▮; Keller, John (CRM) ▮▮▮▮▮▮▮▮▮▮; Amundson, Corey (CRM) ▮▮▮▮▮▮▮▮▮▮▮▮; Polite, Kenneth (CRM) ▮▮▮▮▮▮▮▮▮▮▮
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James,

We already have provided numerous documents in response to your multiple, and changing, discovery requests based on evolving allegations of misconduct. As you are aware, we are currently in the process of producing all of the subpoenas and search warrants issued in this case, subject to the Court's approval of a protective order to govern that production. In response to your email/letter demanding an expedited response by 3:00 p.m., ET, today, please see the following:

1. We have already provided you with: (1) an IT pull of all emails between Mr. Lowell and Mr. Keller during Mr. Lowell's representation of Ms. Lum Davis; (2) all emails between the PIN filter team and the PIN prosecution team regarding the bribery-for-pardon/LDA matter and/or generally regarding Mr. Lowell from June 1, 2020, to December 31, 2020; and (3) all emails between the PIN filter team and Mr. Lowell regarding the bribery-for-pardon/LDA matter, without any date limitation. We do not possess all communications between Mr. Lowell and other DOJ offices, and other offices have requested that such communications be withheld to preserve equities unrelated to this matter.
2. We already provided you with an IT pull of Mr. Keller's Outlook email and calendar entries reflecting calls between the prosecution team and Mr. Lowell. Included in the emails between the PIN filter team and Mr. Lowell were discussions regarding a single call related to the bribery-for-pardon/LDA matter. We are unaware of any additional calls between the filter team and Mr. Lowell regarding the bribery-for-pardon/LDA matter. There may have been other communications between the filter team and Mr. Lowell during the course of the investigation related to filtering any potentially privileged communications of Ms. Lum Davis. We are unaware of any written communications between Mr. Lowell and the PIN prosecution or filter teams that were sent/received via a non-DOJ account.
3. As referenced above, we already have provided Mr. Keller's emails and Outlook items with Mr. Lowell during Mr. Lowell's representation of Ms. Lum Davis. Given the record evidence contradicting your assertions of government misconduct, there is no basis for further discovery, including all internal DOJ emails regarding any and all contact with Mr. Lowell.
4. Given the record evidence contradicting your assertions of government misconduct, there is no basis for further discovery regarding all DOJ internal records of media coverage related to "Mr. Lowell, [your] client, the FARA probe, or the bribery-for-pardon matter."

5. As we previously represented, PIN did not direct any search of Ms. Lum Davis on August 11, 2020, at O'Hare International Airport.
6. As stated above, PIN did not direct CBP or have any direct communications with CBP regarding CBP's search and seizure.
7. As a correction to your mischaracterization, we have never represented that Ms. Lum Davis's case had no connection to Mr. Broidy's. They were co-conspirators. What we have asserted is that the government never solicited statements from Ms. Lum Davis regarding Mr. Broidy's knowledge of FARA. Ms. Lum Davis volunteered such statements and suggested, through counsel, that they be included in her factual basis.
8. Victor Salgado's communications with Mr. Lowell were provided along with the other filter team communications with Mr. Lowell as set forth above. We are not aware of any non-DOJ communications between Mr. Salgado and Mr. Lowell. As another correction to your misstatement of the record, Mr. Salgado was never a member of the Higginbotham prosecution team. He worked as a filter attorney on that matter.
9. As indicated in Ms. Lockhart's email earlier today, Mr. Lowell (and/or his counsel) redacted the exhibits to his declaration before providing them to the government.
10. Please see the descriptions of the categories of emails already provided set forth above in paragraph 1). Given the record evidence contradicting your assertions of government misconduct, there is no basis for further discovery for all communications between Mr. Lowell and anyone at PIN or on the filter team during the course of his representation of Ms. Lum Davis.

Regarding the "Memo to File", please note that the text of the original Word document is identical to the text of the PDF version that we provided previously. The only "modification" to the "Memo to File" was its conversion into a PDF file to produce to you and the saving of that file for production. There are no additional pages, and never were any additional pages, of that memo.

All of our efforts have been made in good faith, under a compressed time frame, to comply with your requests and demands.

Thank you.

Sean

---

**From:** James A. Bryant, Esq. ██████████████████
**Sent:** Monday, June 13, 2022 12:02 PM
**To:** Lockhart, Nicole (CRM) ██████████████████; Mulryne, Sean (CRM) ██████████████████
**Cc:** 'James A. Bryant' ██████████████████; 'McCorriston William' ██████████████████; Sorenson, Ken (USAHI) ██████████████████; Keller, John (CRM) ██████████████████; Amundson, Corey (CRM) ██████████████████ Polite, Kenneth (CRM) ██████████████████
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Nikki:

My apologies, I was responding from my phone. I realized that I in fact did not attach the demand letter in my original. Please see attached. Also, thank you for the word attachment, could you also send me the original "Memo to File" PDF showing a "Last Modified" timestamp of August 26, 2020?

Best,

James A. Bryant II
Partner

### THE COCHRAN FIRM – CALIFORNIA

4929 Wilshire Blvd Suite 1010
Los Angeles, CA 90010
Ph. ▮▮▮▮▮▮▮   Cell ▮▮▮▮▮▮▮   Fax. ▮▮▮▮▮▮▮

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

---

**From:** Lockhart, Nicole (CRM) ▮▮▮▮▮▮▮
**Sent:** Monday, June 13, 2022 7:22 AM
**To:** James A. Bryant, Esq. ▮▮▮▮▮▮▮ Mulryne, Sean (CRM) ▮▮▮▮▮▮▮
**Cc:** 'James A. Bryant' ▮▮▮▮▮▮▮; 'McCorriston William' ▮▮▮▮▮▮▮; Sorenson, Ken (USAHI) ▮▮▮▮▮▮▮ Keller, John (CRM) ▮▮▮▮▮▮▮ Amundson, Corey (CRM) ▮▮▮▮▮▮▮; Polite, Kenneth (CRM) ▮▮▮▮▮▮▮
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James,

The original word document version of the memo to file dated August 26, 2020 is attached. The metadata confirms that it was created August 26, 2020. Again, as we have previously stated, the reference in the footer to it being page "1 of 4" was an error. This document is only 1 page long. The date created in the PDF version of the attached word document reflects the date that the original word document was created. The May 10, 2022 modified date reflects a date that the document was saved as a PDF in order to provide it to you along with other filter team communications with Lowell.

With respect to the exhibits to Mr. Lowell's declaration that we provided you, those exhibits were provided by Mr. Lowell. The redactions included in those documents were completed by Mr. Lowell. The only redactions the government has applied to exhibits in this case were to protect the identities of uncharged third parties and at the request of other offices based on equities outside of this prosecution of Ms. Lum Davis. The government has not redacted any documents in order to create

a false impression.  Your allegations that multiple attorneys at PIN and NSD are lying as part of a conspiracy to conceal misconduct are unfounded and contradicted by the record.

Finally, your original e-mail includes references to a word document containing certain "demands." No word document was attached to your e-mail.

Nikki Lockhart
Trial Attorney
DOJ, Public Integrity Section
1301 New York Ave NW, 10th Floor
Washington DC. 20530
Office:
Cell:

---

**From:** James A. Bryant, Esq.
**Sent:** Monday, June 13, 2022 9:15 AM
**To:** Mulryne, Sean (CRM)
**Cc:** 'James A. Bryant'                                  'McCorriston William'                       Sorenson, Ken (USAHI)                         Keller, John (CRM)                        Lockhart, Nicole (CRM)                         Amundson, Corey (CRM)                       Polite, Kenneth (CRM)
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean:

Once again thank you for providing me the exhibits you intend to use with Mr. Lowell's declaration, along with Ms. O'Brien Waymack's explanation to the Memo to File document.  It is, however, troubling that you have chosen to make various representations in your initial Opposition and Supplemental Opposition filings, but then refused to produce the very documents that would allow for a proper assessment regarding the veracity of those claims.

To whatever extent you believe that the representations of Mr. Keller, his subordinates or Mr. Lowell should be treated as presumptively truthful, the undeniable reality is that neither PIN nor Mr. Lowell have any credibility at this point.

Setting aside the clear incentives for Mr. Keller, his subordinates and Mr. Lowell to mislead, obfuscate or worse, each of those parties has made misleading statements and/or misrepresentations to me and the Court.

The Motion to Disqualify did not assert that Mr. Lowell labored under an actual conflict, rather that PIN created an inherently unwaivable conflict of interest and then deliberately avoided taking the necessary steps that would have resulted in my client obtaining the requisite information in order to make any waiver even potentially based on informed consent. * Please note one of the reasons we were seeking to disqualify Mr. Keller was the fact that he violated Rule 3.3 of Hawaii's Rules of

Professional Conduct by making false statements to the Court during a tribunal.

Yet you and your PIN colleagues decided to raise the specter of actual conflict, rather than the unwaivable nature of the conflict or your repeated and willful efforts to avoid ensuring that my client received the information to which she is entitled by the Sixth Amendment.

As such, you cannot offer representations that could be confirmed or refuted by communications or documents in DOJ's possession, then refuse to produce those very communications and documents.

Nor can you offer as "proof" of anything a heavily redacted version of the letter that the FARA Unit sent to Mr. Lowell in April 2020.  Almost the only portions of that letter that were not redacted are the paragraphs containing the standard, boilerplate language contained in all FARA inquiry letters -- including those related to matters where criminal prosecutors are building criminal cases against the recipients of such letters. Besides, the last time PIN presented as "evidence" a document in which most of the correspondence was redacted was as an exhibit that you represented to this Court as showing the exact opposite of what the unredacted portions ultimately revealed.

"Lie" is not a word to be thrown around lightly, but the government used those redactions to lie.  No lawyer with even a shred of competence would allow the government the opportunity to make such misleading representations through redactions yet again. There is absolutely no reason whatsoever for any portion of that document to have been redacted.

My client has an absolute right to receive -- and you have an absolute duty to produce -- all documents and communications relevant to Mr. Lowell's assertion that the government never told him that he faced criminal exposure, as well as the various claims made by PIN in Court filings, such as that my client's plea was not relevant for prosecuting Mr. Broidy or regarding what PIN did or did not know about the status of either investigation into Mr. Lowell.

There remains, in fact, a substantial amount of material to which my client is entitled in order to respond to your myriad assertions.  Her need becomes greater with each new misstatement, deception and outright lie that PIN offers to me or in Court filings.

As just one such example, you claimed that the April 2020 letter and resulting FARA probe of Mr. Lowell was handled by a "civil FARA Unit."  This was an impossibility, of course, because there was no civil FARA Unit from April 2020 until well after the email exchange in which Mr. Claffee informed Mr. Keller on January 19, 2021 that the FARA investigation into Mr. Lowell was very much active and ongoing.

This is not a request, but rather a demand that you produce the materials listed in the attached Word document by no later than Monday, June 13, at Noon PST.

As for the document "Memo to File 8 26 2020.pdf," there is no question that the email Ms. O'Brien Waymack sent you less than two hours before you then shared it with me as supposed "proof" about when the PDF was actually created is, quite simply, yet another impossibility.

To be clear, Ms. O'Brien Waymack's assertion in her email on Thursday is easily disproven by basic forensics.  The "Created" timestamp in a PDF file's Document Properties refers not to the date and time that the underlying content was created, but rather the precise date and time when that content is converted into a PDF file. In other words, Ms. O'Brien Waymack created the "Memo to File" PDF on August 26, 2020 at 2:34:59 PM, NOT anytime in the year 2022 (or the year 2021, for that matter). Thus Ms. O'Brien Waymack's statement in her email is simply not true. I have attached a copy of the metadata evidencing this blatant misrepresentation.

The government's "word" at this point is in tatters, as is that of Mr. Keller and everyone within PIN who filed declarations in this current matter. The fact that not only does it appear that the government is knowingly giving false representations about the length of the "Memo to File," (or the perception that it there is something else there through deception), but then to also presumably compel Mr. Keller's subordinate to give yet another false representation regarding the origin of the "Memo to File" PDF is beyond comprehension. If this is much to do about nothing then why on earth would Ms. O'Brien Waymack provide such a communication that is easily refuted through the files underlying metadata?

I have never seen an Officer of the Court -- let alone a prosecutor, who "is an administrator of justice [whose] primary duty is to seek justice" -- go to such lengths to deliberately deceive opposing counsel. Another such example is that you previously represented in emails that there were no further filter team communications, yet when pressed on the issue, numerous additional documents were produced. In one your previous emails, you had to remind me of my "duty of candor" when I posed several questions as to Mr. Keller's relationship with Mr. Lowell as it relates to Georgetown Law (which could be a legitimate concern as I expressed). While I was a personally a bit confused why I needed to be reminded of my duty of candor pertaining to that inquiry, I believe it to be most appropriate to raise that issue to the government here, and I would like to remind you and your PIN colleagues to review Rule 3.4 - Fairness to Opposing Party and Counsel of Hawaii's Rules of Professional Conduct.

Please send me the original, unmodified 4-page native word file of "Memo to File 8 26 2020" and the original unmodified pdf that was created on August 26, 2020 by close of Noon PST on Monday, or else I will be forced to seek relief from the Court. Further, unless you provide me by Monday at Noon PST the entirety of documents and communications requested above -- which are necessary for my client to reply to your Opposition and Supplemental Opposition -- then I will have no choice but to seek appropriate relief from the Court regarding production of those materials.  And rest assured that should the government decide to mislead, deceive, or lie in further correspondence or to the Court, I will file a motion for an Order to Show Cause re Contempt as appropriate. I do realize that originally there was a request not to include Mr. Polite and ostensibly Mr. Amundson, in these communications, but given the gravity of the concerns raised in this email regarding the government's conduct, it would seem appropriate in this instance.

Best,

James A. Bryant II
Partner

# THE COCHRAN FIRM – CALIFORNIA

4929 Wilshire Blvd Suite 1010

Los Angeles, CA 90010

Ph̄ ▮▮▮▮▮▮   Cel ▮▮▮▮▮▮   Fax. ▮▮▮▮▮▮

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

**From:** Mulryne, Sean (CRM) ▮▮▮▮▮▮
**Sent:** Thursday, June 9, 2022 1:15 PM
**To:** James Bryant ▮▮▮▮▮▮
**Cc:** James A. Bryant ▮▮▮▮▮▮ McCorriston William ▮▮▮▮▮▮ Sorenson, Ken (USAHI) ▮▮▮▮▮▮; Keller, John (CRM) ▮▮▮▮▮▮ Lockhart, Nicole (CRM) ▮▮▮▮▮▮
**Subject:** RE: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

James,

Attached is a PDF file containing Mr. Lowell's declaration and its exhibits.

We already provided you with the prosecution and filter teams' communications with Mr. Lowell. We have previously addressed your request for all DOJ communications, specifically communications to and from other DOJ offices, with Mr. Lowell (and Mr. Weingarten).

Regarding the "Memo to File," please see the attached email from Ms. O'Brien Waymack. As we indicated previously, Ms. O'Brien Waymack's email confirms that there was only one page to the memo.

Lastly, we are not providing you any other internal DOJ emails, as we explained previously.

Thank you.

Sean

**From:** James Bryant ▮▮▮▮▮▮
**Sent:** Tuesday, June 7, 2022 9:19 AM
**To:** Mulryne, Sean (CRM) ▮▮▮▮▮▮
**Cc:** James A. Bryant ▮▮▮▮▮▮ McCorriston William ▮▮▮▮▮▮; Sorenson, Ken (USAHI) ▮▮▮▮▮▮; Keller, John (CRM) ▮▮▮▮▮▮; Lockhart, Nicole (CRM) ▮▮▮▮▮▮
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean:

Can you please send me the exhibits for Mr. Lowell's declaration? Given that you've requested permission to submit them, there shouldn't be an issue providing them to me.

Also, please send me all communications that DOJ had with Mr. Lowell and/or his counsel (whether Reid Weingarten or others) regarding the FARA probe or any other investigation where he was not solely representing the interests of a third party, including all 302s, notes or memos to file regarding all calls and/or meetings. I assume you will not have a problem with this, given that you chose to make what the government did or did not tell Mr. Lowell and his counsel central to your supplemental filing.

As you know, the initial FARA letter could not have been sent to Mr. Lowell by the "civil FARA Unit" for the simple reason that in 2020, there was no civil FARA Unit. And of course, Scott Claffee is (and was) a self-described "criminal prosecutor," never mind that you and PIN have already admitted that there is no documentation or email -- including anything that would have been shared with Mr. Lowell and/or his counsel -- that identified the FARA probe as "civil" in nature.

Additionally, please send me the complete, 4-page "Memo to File" from August 26, 2020, as well as all 302s, notes and memos to file regarding any communications that DOJ had with Mr. Lowell and/or his counsel regarding the bribery-for-pardon/LDA matter.

Finally, please share with me promptly all emails that Mr. Keller or anyone else at PIN exchanged with anyone else at DOJ (including fellow PIN colleagues) regarding the FARA probe into Mr. Lowell, anything related to the bribery-for-pardon/LDA matter, and/or Mr. Lowell's potential conflicts of interest.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](#)
[Los Angeles, CA 90010](#)
Ph.                  Cell                  Fax.

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 19, 2022, at 12:27 PM, Mulryne, Sean (CRM)                                wrote:

James,

We still are working with our IT staff to gather the additional communications involving Lowell as we noted below and will provide them once they have been compiled and are ready for production. For the search warrants and subpoenas, we still are awaiting your consent or precise feedback on the proposed protective order and motion. We also conferred with USAO-E.D.N.Y. and NSD, and both object to the disclosure of the records you requested pertaining to their offices. We still are considering your other requests, though it appears that at least some, if not many, of them may exceed the scope of this current matter.

Thank you.

Sean

---

**From:** James Bryant <████████████████████>
**Sent:** Wednesday, May 18, 2022 4:20 PM
**To:** Mulryne, Sean (CRM) <████████████████████>
**Cc:** James A. Bryant <████████████████████████> McCorriston William <████████████████████>; Sorenson, Ken (USAHI) <████████████████████> Keller, John (CRM) <████████████████████> Lockhart, Nicole (CRM) <████████████████████>
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean:

Just touching base to see where things stand with regards to my outstanding questions and requests. Can you please let me know where things stand in terms of when I can expect the next batch of rolling production?

One other point of clarification. Please include text messages or any other forms of written communication to any requests that may have been for "emails."

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](#)
[Los Angeles, CA 90010](#)
Ph. ██████████  Cell ██████████  Fax. ██████████

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*

The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 16, 2022, at 7:05 AM, Mulryne, Sean (CRM) <████████████████████> wrote:
>
> James,
>
> In response to your requests below:
>
> 1) We are gathering additional communications between Lowell and PIN to provide to you.
> 2) We are gathering and reviewing additional communications between the prosecution team and filter team.
> 3) & 4) We are conferring with USAO-E.D.N.Y. and NSD's FARA Unit about your requests.
> 5) Please state the basis of your request (i.e., theory of relevance) here for the subpoenas, search warrants, and related emails.
>
> Thank you.
>
> Sean
>
> ---
>
> **From:** James Bryant <████████████████████████>
> **Sent:** Friday, May 13, 2022 4:27 PM
> **To:** Mulryne, Sean (CRM) <████████████████████>
> **Cc:** James A. Bryant <██████████████████████████>; McCorriston William <████████████████████>; Sorenson, Ken (USAHI) <████████████████████>; Keller, John (CRM) <████████████████████>; Lockhart, Nicole (CRM) <████████████████████>
> **Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis
>
> Sean,
>
> Thanks for sending me the filter team emails. In the file, "Memo to File 8 26 2020," the bottom of the page says "1 of 4," but the PDF contains just one page. Can you please send me the other three pages of the August 26, 2020 "Memo to File"?

Here are five additional requests for materials that I will need for purposes of the opposition filing due in four days, on Tuesday:

1) All emails that Lowell exchanged with PIN from 2/1/18 to 6/30/20, and from 9/1/20 to the present, assuming that you have already provided me (or will soon with the .zip file) all such emails between 7/1/20 and 8/31/20.

2) All emails between the filter team and PIN, regarding the "bribery-for-pardon"/LDA matter or generally regarding Mr. Lowell, from 6/1/20 to 12/31/20.

3) All communications Keller and/or PIN had with either AUSA Ian Richardson and/or the two FBI agents (Megan Crawley and Mary Craver) who joined the August 2019 calls with Lowell, regarding those calls, Qin ▬, or Lowell's potential conflicts of interest stemming from his connection to ▬, ▬▬▬, and/or the still-unnamed third person referenced in your opposition filing who may have also presented a potential conflict.

4) All communications their either or both NSD and/or FARA Unit had with Lowell or Weingarten, related to the FARA letter sent to Lowell on April 6, 2020.

5) All subpoenas issued and search warrants executed pursuant to the investigation and prosecution of Ms. Davis, including but not limited to the subpoenas from July or August 2018 to Proline Mortgage, Amex, and Barclays, as well as any communications that Keller or PIN had regarding subpoenas related to my client that were issued in July or August 2018.

With regards to my request for communications related to the FARA investigation into Lowell, your position does not seem to be either clear or consistent.  As you know, it was PIN that chose to make public certain "internal communications" regarding the FARA investigation into Lowell, in order to substantiate your own assertions.

There is nothing privileged about DOJ's "internal communications," and it's obviously centrally relevant to know what exactly PIN knew about the FARA investigation into Lowell at any point prior to my client's arraignment on August 31, 2020.  Just based on the unredacted version of the January 19, 2021 email thread Keller had with Ian Richardson and Scott Claffee, for example, it is clear that Mr. Lowell was still under investigation for FARA violations at the time of those communications.

Finally, I just need a little more clarity as to when and how PIN learned that the FARA inquiry into Lowell was "civil in nature." Your email states that it was "by no later than in or around June 2020," but for something as critical as the question of when you learned that the FARA probe was "civil in nature," there must be notes, a memo to file, or an email which memorialized that representation regarding Lowell -- particularly since you contacted him to start plea negotiations shortly thereafter, on July 1, 2020. Please check again for some kind of memorialization or communication regarding the date and the name of the NSD attorney who "represented to the prosecution team that the inquiry was civil in nature," and then please share that information with me.

I realize that it is Friday afternoon, but given the deadline approaching for the opposition filing on Tuesday, please send me the requested materials as various items are located. As was noted in my motion, those documents were requested from Mr. Lowell and they were never turned over. Having had an opportunity to review some of them, I now see why he chose not to send these critical communications.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](4929 Wilshire Blvd Suite 1010)
[Los Angeles, CA 90010](Los Angeles, CA 90010)
Ph. ▮▮▮▮▮▮▮  Cell ▮▮▮▮▮▮▮  Fax. ▮▮▮▮▮▮▮

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

> On May 13, 2022, at 12:02 PM, Mulryne, Sean (CRM) <Sean.Mulryne@usdoj.gov> wrote:
>
> James,
>
> I just sent you an email attaching "Email 1 of 2". We'll see whether that works. In the meantime, attached is the single PDF file you requested below. I'll attempt to send you the

two zip files that were attached to "Email 1" in separate emails.  Regarding the request below for emails between our Section and other DOJ offices and components, I understand that request to be seeking internal DOJ communications, sent and received by DOJ personnel.  Again, we are not producing those records.

Sean

---

**From:** James Bryant <​█████████████████████>
**Sent:** Friday, May 13, 2022 10:59 AM
**To:** Mulryne, Sean (CRM) <​█████████████████​>
**Cc:** James A. Bryant <​████████████████████​>
McCorriston William <​███████████████████​>
Sorenson, Ken (USAHI) <​████████████​>; Keller, John (CRM) <​█████████████████​> Lockhart, Nicole (CRM) <​████████████████​>
**Subject:** Re: [EXTERNAL] Re: 20-cr-00068-LEK USA v. Davis

Sean,

Thank you for providing me the text of that first email. My IT administrator will hopefully stop by later today, so please send me a screenshot of the original email sent on Wednesday (with the time-stamp, recipients and attached file names visible), as well as a screenshot of the header information.  Both Mac and I have spent considerable personal and staff time trying to identify in our systems how your email could have bounced or been rejected.  Given our continued inability to find the cause, I will need to have those requested screenshots to supply to my IT administrator.

In terms of the substance of your email, can you please send me right now the single email you referenced between the filter team and the prosecution team? That would obviously be a small file and require merely attaching a single PDF file.

For the zip files, if you send smaller files, each one in separate emails to my [@thecalawgroup.com](@thecalawgroup.com) address, there should be no issues.  Given the time that has already lapsed and the forthcoming deadline, it would be greatly appreciated if you could send those .zip files in separate emails this morning.  It should only take a few minutes.

Finally, I'm sorry if my request was unclear.  I'm not asking for internal DOJ communications that don't relate to Mr. Lowell or the individuals who shared potential conflicts of interest, including ▇▇ and ▇▇▇▇.  It will be sufficient for you to please send me all emails between your office and AUSA Ian Richardson and/or the FARA Unit regarding the investigation into Lowell, ▇, ▇, and/or the still-unnamed third person you referenced whose connection to Lowell also presented a potential conflict.  Please be sure to include the communication where they apparently indicated to you that the FARA inquiry was civil in nature.

Thanks in advance for your diligence in answering my questions and producing these important materials.

Best,

James A. Bryant II
Partner
The Cochran Firm - California
[4929 Wilshire Blvd Suite 1010](#)
[Los Angeles, CA 90010](#)
Ph. ▇▇▇▇▇▇     Cel ▇▇▇▇▇▇     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*
The information contained in this message from The Cochran Firm California and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments.

---

Virus-free. [www.avast.com](http://www.avast.com)