## DECLARATION OF JAMES A. BRYANT

I, James A. Bryant, do hereby state and declare as follows:

1. In Mr. Lowell's declaration misleads this Court to believe that I served as legal counsel and advised Ms. Davis' in her criminal FARA matter from 2018 through Ms. Davis' plea. I have served as Ms. Davis' attorney for a number of both transactional and litigation matters for years, however, any suggestion that I played any role in assisting or advising Ms. Davis with her plea or conflict waiver is patently false, *and* no evidence could be produced to support this mistruth.

2. There is no merit to the request for sanctions against me. Regarding Mr. Lowell, his most recent declaration highlights the very reason why I cannot believe what he says at face value as he is either misleading or makes outright false statements. As evidenced in Mr. McCorriston's declaration, Mr. Lowell made provably false statements from who drafted and negotiated the waiver language to who suggested that that the plea and addendum be filed under seal.

3. Regarding the government, they too have made numerous misstatements both in court filings as well as directly to me, all of which has been highlighted in Ms. Davis' responsive filings. A key point of contention that Mr. Keller argued in the was Opposition that Ms. Davis was NOT being prosecuted in order to convict Elliott Broidy. Based upon the government's production of documents, Ms. Davis' plea made it easier to get "Person B's" [Broidy's] indictment approved. This was evidenced by an August 18, 2020 email communication between Mr. Keller and filter

team "leader" Mr. Salgado[1]:

> From: Salgado, Victor (CRM)
> Sent: Tuesday, August 18, 2020 11:08 AM
> To: Keller, John (CRM)
> Subject: Re: Lum Davis
>
> Yes, he sent it last night. Well done and congrats!
>
> Also, now that this is out there, it should be easier to get approval for Person B's indictment right?
>
> On Aug 18, 2020, at 8:10 AM, Keller, John (CRM) <John.Keller@crm.usdoj.gov> wrote:
>
> Jamie may have already sent this but filed Information attached. Still have to get through the plea hearing but still a big development. Thank you for all of your work throughout on the filter side to make this possible.
> <ECF No. 1__Information.pdf>

Ex. A

If a so called "wall" was built as Mr. Keller represented, how could an investigation into Ms. Davis's counsel have made the indictment of her in a separate matter possible? As Mr. Salgado inadvertently admitted in his question to Mr. Keller, the purpose of indicting Ms. Davis was to get approval to indict "Person B" (Mr. Broidy). As late as August 18th Mr. Keller expresses concern that they still have to get through the plea hearing. This concern is circumstantial proof, just how important the Lowell investigation was to Ms. Davis' guilty plea. Mr. Keller had to guarantee Mr. Lowell delivered "Davis's cooperation" he would "gain favor…with the Department."[2]

I do declare under penalty of law that the foregoing is true and correct.

Los Angeles, CA, June 20, 2022.

/s/ James A. Bryant
JAMES A. BRYANT

---

[1] The email referenced by the two is referring to an August 17, 2020, where James Mann of the prosecution team sends Ms. Davis' filed indictment to the Filter team and stated "Thanks for all your work that enable this to happen." Ex. B.

[2] Mr. Keller also expressed those concerns to Mr. Lowell resorting to advanced scouting Judge Kobayashi, and determined that the they had to do everything they could to limit the interaction between Ms. Davis and the Court, as he foresaw the plea potentially "going off the rails" Email from John Keller and Abbe Lowell dated August 15, 2020. On the day of the plea hearing Mr. Keller expressed his concerns to Mr. Lowell if questioned by the Court, Ms. Davis may deny willfulness, effectively harming the government's chances of getting a guilty plea.  Ex. C, Ex. D.