CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: ken.sorenson@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

JOHN D. KELLER
Principal Deputy Chief
SEAN F. MULRYNE
Director of Enforcement & Litigation
Election Crimes Branch
NICOLE R. LOCKHART
Trial Attorney
Public Integrity Section

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NICKIE MALI LUM DAVIS, <br><br> Defendant. | CR. NO. 20-00068 LEK <br><br> STIPULATED PROTECTIVE ORDER <br><br> JUDGE: Leslie E. Kobayashi |

## PROTECTIVE ORDER

According to the parties' stipulation, IT IS HEREBY ORDERED:

1.      Any and all discovery material related to subpoenas and search warrants that the United States produces to the defendants in discovery after the enactment of this order shall be reviewed by only (i) the defendants; (ii) the defendants' attorney or attorneys of record in this case; (iii) employees or agents of those attorneys; (iv) a photocopying or data processing service to whom it is necessary that the defendants provide the materials for the purposes of preparation, litigation, trial (if any), direct appeal (if any); and collateral attack (if any) of this case; (v) witnesses or potential witnesses; and (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case.  No discovery material covered by this agreement or copies of any such discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.  Nor shall the contents of any discovery material covered by this agreement be disclosed, in any other manner, to any individual or entity except as provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

2.      The defendants shall use discovery material covered by this agreement and its contents solely for the preparation, trial, direct appeal (if any), collateral attack (if any) of this case, and for no other purpose whatsoever, unless the Court (or Government) gives specific written permission for an exception to this requirement.  No additional copies of any discovery material covered by this agreement shall be made except as necessary for those purposes.  Before first disclosing discovery material covered by

this agreement or its contents to any of the individuals or entities listed above, the defendants or their attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded. The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party.

    3.    Should the defendants, their attorneys of record, or any of the other individuals or entities listed above find any material inadvertently produced by the United States that is marked as classified, they shall immediately double-seal the material and all copies of the material, inform the United States of such inadvertent disclosure, and make arrangements for the secure return of such material to the United States.

4. At the request of the government, the defendant shall return all copies of material that was inadvertently produced in discovery.

5. Within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from, collateral attack (if any) upon these proceedings, the discovery material covered by this agreement disclosed by the United States and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the United States or destroyed by the defendants, unless the Court (or Government) gives specific written permission for an exception to this requirement.

6. This Order also applies to any and all individuals to whom the defendants, pursuant to this Order, show or disclose the contents or substance of any material produced to them by the United States. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

IT IS SO ORDERED.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Dated: 6/21/22

4