CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:ken.sorenson@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

JOHN D. KELLER
Principal Deputy Chief

SEAN F. MULRYNE
Director of Enforcement & Litigation,
Election Crimes
NICOLE R. LOCKHART
Trial Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NICKIE MALI LUM DAVIS, <br><br> Defendant. | CR. NO. 20-00068 LEK <br><br> MOTION FOR EXPEDITED HEARING & RULING <br><br> DATE: August 5, 2022 <br> TIME: 1:30 p.m. <br> JUDGE: Leslie E. Kobayashi |

MOTION FOR EXPEDITED HEARING & RULING

The government moves for an expedited hearing and ruling on the Defendant's Motion to Disqualify based on the impending expiration of the statute of limitations for the Defendant's crimes. From approximately March through October 2017, the defendant and her co-conspirators engaged in a criminal scheme

1

to obtain tens of millions of dollars to wage an illegal back-channel foreign influence campaign on behalf of Jho Low and the government of the People's Republic of China. Though some additional overt acts occurred after October 2017, the defendant would likely argue that the statute of limitations for the offense to which she pleaded guilty, and any related offenses, expires no later than September or October 2022. No motion to withdraw the defendant's guilty plea has yet been filed and the defendant's claims of government misconduct have been disproven by record evidence. But the Court has indicated that based on the allegations that Lowell failed to disclose information to the defendant, the Court may "revisit the acceptance of Davis's guilty plea and the Plea Agreement." ECF No. 65 at 9. Under the current briefing schedule—without an expedited hearing and ruling—even if the Court were to deny the Motion for Disqualification but nonetheless decide to reject the defendant's plea or plea agreement, the government would face a potential inability to charge and try the defendant for her extensive criminal conduct because of the expiration of the statute of limitations. 18 U.S.C. § 3282.

Briefing on the motion pending before the Court is complete. The hearing on the defendant's motion is set for August 5, 2022. ECF No. 74. The defendant is not entitled to relief, including withdrawal of her guilty plea, because Lowell was not laboring under any actual conflict of interest; his involvement in the pardon issue was not raised by the filter team until after plea negotiations were complete in

principle and the criminal Information had been filed; and the defendant had the assistance of third-party counsel and waived any conflict. *See* Supplemental Response, ECF No. 66 at 7 (citing *United States v. Modafferi*, 112 F. Supp. 1192, 1199 (D. Haw. 2000) ("to show prejudice, a defendant must show that there was a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial" and *Cuyler v. Sullivan*, 466 U.S. 335, 350 (1980) ("possibility of conflict is insufficient to impugn a criminal conviction."))). Nonetheless, if the Court rejected the defendant's plea, the defendant would likely argue that the statute of limitations for her criminal conduct expires in September or October 2022 and precludes the filing of additional charges.

Section 3288 of Title 18 of the United States Code provides the government with six months to indict after dismissal of an Information: "Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information." 18 U.S.C. § 3288. But the defendant would likely claim that Section 3288 only allows for the filing of the same charge that was dismissed and that even the initial Information here was invalid because her waiver of Indictment was not knowing and voluntary based on the alleged failures of Lowell to disclose relevant information. In *United States v. Marifat,* No. CR 2:17-

0189 WBS, 2018 WL 1806690, at *1 (E.D. Cal. Apr. 17, 2018), after the defendant's guilty plea was withdrawn, the defendant was charged by indictment on the same underlying conduct. *Id.* In rejecting the defendant's argument that the indictment was time barred, the court noted § 3288 "appears intended to cover the very scenario that has arisen here, where the defendant who was initially charged within the limitations period has successfully moved for dismissal of the charges against him after the limitations period has passed." *Id.* at *2 (citing *United States v. W.R. Grace*, 504 F.3d 745, 753-54 (9th Cir. 2007)). The Court also rejected the defendant's argument that the new indictment should be dismissed because the original incomplete plea colloquy rendered the defendant's waiver of indictment invalid. *See id.* at *2, n.3. But absent a ruling sufficiently in advance of the expiration of the statute of limitations, these claims would undoubtedly be raised by this defendant.

There are substantial additional potential charges and conspiracy objects stemming from the defendant's conduct in this matter. *See, e.g.*, *United States v. Prakazrel Michel, et al.*, 1:19-cr-148 (D.D.C.) (charging additional criminal violations, including an overall conspiracy count that included money laundering, FARA, and § 951 objects, and substantive charges under 18 U.S.C. § 951 and FARA arising from the same scheme to which the defendant pleaded guilty). The United States Attorney's Office for the District of Hawaii also agreed to forego other

4

potential charges as part of the defendant's plea agreement. There is a pending trial date of November 4, 2022, in the Michel case. The defendant has denied facts underlying her plea and ended her cooperation. She sat on fabricated claims of government misconduct for nearly a year before raising them with the Court. This matter must be resolved expeditiously to allow the government to prepare for trial or a potential superseding indictment in the related *Michel* case, and to ensure that the defendant can be tried for her extensive criminal conduct if the Court determines that Lowell made limited disclosures that rendered the defendant's plea invalid.

      The government seeks an expedited hearing and ruling on the Defendant's Motion to Disqualify.

      DATED: June 23, 2022.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

| | |
|---|---|
| */s/ John D. Keller* | */s/ Kenneth M. Sorenson* |
| JOHN D. KELLER | KENNETH M. SORENSON |
| Principal Deputy Chief | Chief, Criminal Division |
| Sean F. Mulryne | |
| Director of Enforcement & Litigation, Election Crimes | |
| Nicole R. Lockhart | |
| Trial Attorney | |
| Public Integrity Section | |

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

William McCorriston, Esq.
James Bryant, Esq.

Attorneys for Interested Party
NICKIE MALI LUM DAVIS

DATED:  June 23, 2022

*John D. Keller*
John D. Keller