

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5875
ALowell@winston.com

July 24, 2022

**_VIA ECF_**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   _United States v. Matthew Grimes_, 1:21-cr-371 (S-1) (BMC)

Dear Judge Cogan:

     I write to respond to the government's July 22, 2022 filing seeking another _Curcio_ hearing, this time based on its rendition of proceedings occurring in the District of Hawaii concerning a former client of mine. To seek such a request, the government's filing should be complete and correct. It is neither.

     First, the filing states that the former client is seeking to withdraw a plea of guilty she entered in 2020. That is inaccurate. In those proceedings, she is accusing the Department of Justice of wrongdoing and seeks disqualification of the lead prosecutor (a deputy chief of a section in the Criminal Division) alleging, in part, that he conspired with me to force the former client to plead guilty by manufacturing investigations to put pressure on me to do so. The record in the proceedings demonstrates the falsity of that claim.

     Second, the letter motion states that prosecutors are taking no position on the merits of the proceedings in Hawaii. This is patently untrue. These prosecutors' colleagues at the Justice Department, who are the ones actually involved and know the most about the issues, have vehemently denied the former client's allegations against themselves and me. Multiple filings by the Justice Department and U.S. Attorney state that there was no conflict of interest in that case, that there were no investigations of counsel, that the allegations of collusion are false, and that no one committed any impropriety. The Department of Justice has very much taken a position that the allegations made have no merit.[1]

---

[1] Among the Justice Department's statements are:

"There was no concurrent parallel investigation of Lowell; there was no leveraging of that investigation to extort him; there was no coercion of the defendant; and there was no government request to manufacture evidence to implicate the defendant's co-conspirator." _United States v. Lum Davis_, No. 20-CR-68 (D. Haw.) ("_Lum Davis_"), Dkt. 55, at 2.



July 24, 2022
Page 2

    Third, it is difficult to understand how a false accusation in another jurisdiction which is opposed by the Department of Justice has had or could have any bearing on Mr. Grimes' case here. The record in this case demonstrates that his defense counsel has litigated this matter vigorously, with no attempt to curry favor with the prosecutors. In fact, the prosecutors here have not even attempted to articulate how such an incentive may exist because it simply does not.

    The letter motion seems to suggest that, in the event of a conviction in this case, Mr. Grimes might raise something about how the allegations by a former client in proceedings in the other jurisdiction, strongly denied by these prosecutors' colleagues and by Mr. Grimes' counsel, impaired his right to zealous and effective counsel here. This is a strained theory on which to seek another Court inquiry into the communications between Mr. Grimes and his counsel. Nevertheless, counsel will represent that Mr. Grimes is fully aware of the proceedings in the other case, as are his other counsel who were not involved in those proceedings.

    With the correct description of the proceedings, there is no more reason for the Court to question Mr. Grimes' counsel than to question the prosecutors to ensure the accusations against their colleagues' dealings with me have not impacted and will not impact how they address issues concerning Mr. Grimes. If further proceedings occur, the Court should make the same examination of any impact of the Hawaii proceedings on the prosecutors in this case as they are seeking be made of defense counsel.

                              Respectfully submitted,

                              /s/ *Abbe David Lowell*
                              Abbe David Lowell
                              WINSTON & STRAWN LLP
                              1901 L Street, NW
                              Washington, DC 20036

---

"These far-fetched theories are nothing more than calculated conjecture." *Lum Davis*, Dkt. 62, at 2.

"The claims are frivolous; the defendant's discovery requests illustrate an unhinged fixation on a non-existent conspiracy . . ." *Id.*, at 15.

". . . the Court should consider finding that [Ms. Davis' counsel] 'acted in an unprofessional and unethical manner by continuing to argue prosecutorial misconduct although, after a reasonable inquiry, [he] should have known there was no basis to do so." *Lum Davis*, Dkt. 66, at 5 (citation omitted).

"The defendant's frustration with her failure to obtain a presidential pardon and her resulting change of heart as to her decision to plead guilty provide no basis for rejection of the defendant's guilty plea or her plea agreement." *Id.*, at 7.

"The defendant's accusations have collapsed when confronted with actual evidence. No one on either the prosecution team or the filter team initiated a criminal investigation of Lowell, ever." *Lum Davis*, Dkt. 72-1, at 3.



July 24, 2022
Page 3

ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

*Counsel for Defendant Matthew Grimes*

cc: All counsel of record (via ECF)