# MINUTE ORDER

CASE NUMBER:          CRIMINAL NO. 20-00068 LEK

CASE NAME:             United States vs. Nickie Mali Lum Davis

JUDGE:     Leslie E. Kobayashi          DATE:          08/03/2022

COURT ACTION: **EO: COURT ORDER COURT'S INCLINATION ON DEFENDANT NICKIE LUM DAVIS'S MOTION TO DISQUALIFY COUNSEL [FILED 4/26/22 (DKT. NO. 49)]**

       On April 26, 2022, Defendant Nickie Mali Lum Davis ("Davis") filed a motion seeking disqualification of Assistant United States Attorney John D. Keller ("Keller") and any other United States attorneys on the basis that Keller violated rules of professional conduct in making false representations during Davis's change of plea hearing held on August 31, 2020, and Keller conspired with Davis's prior attorney, Abbe Lowell, Esq. ("Lowell") to violate Davis's constitutional right to a conflict-free attorney. See Davis's Motion to Disqualify; Motion to Stay Sentencing; Motion for Judicial Relief, filed 4/26/22 (dkt. no. 47) ("Motion to Disqualify"); Memorandum in Support of Motion to Disqualify; Motion to Stay Sentencing; Motion for Judicial Relief, filed 4/26/22 (dkt. no. 48) ("Mem. in Supp."). Plaintiff United States of America ("the Government") filed its response on May 4, 2022. See Government's Response in Opposition to Motions to Stay Disqualify, Stay Sentencing, and for Judicial Relief, filed 5/4/22 (dkt. no. 55) ("Response").

       Related to the Motion to Disqualify, the Government filed a motion seeking a ruling that Davis has waived the attorney-client privilege. See Government's Motion for Judicial Finding of Waiver of Attorney-Client Privilege, filed 5/4/22 (dkt. no. 56) ("Waiver Motion"). Davis filed her opposition on May 17, 2022. See Defendant's Opposition to Motion for Judicial Finding of Waiver of Attorney-Client Privilege, filed 5/17/22 (dkt. no. 58). The Government filed its reply memorandum on May 20, 2022. See Government's Reply Re Motion for Judicial Finding of Waiver of Attorney-Client Privilege, filed 5/20/22 (dkt. no. 62). The Waiver Motion was granted on May 25, 2022. See Order Granting Motion for Judicial Finding of Waiver of Attorney-Client Privilege, Filed May 4, 2022 [Dkt. No. 56], filed 5/25/22 (dkt. no. 65) ("5/25 Order")

Pursuant to the 5/25 Order, the Government was permitted to file a supplemental memorandum in its opposition to the Motion to Disqualify, which it filed on June 6, 2022. See Government's Supplemental Response in Opposition to Motion to Disqualify, filed 6/6/22 (dkt. no. 66) ("Suppl. Mem. in Opp."). The Government's supplemental filing notably included a declaration signed by Lowell. See Government's Suppl. Mem. in Opp., Exh. 1 (Decl. of Abbe David Lowell ("Lowell Decl.")), filed 6/6/22 (dkt. no. 66-1); see also exhibits to Lowell Decl., filed 7/22/22 (dkt. no. 83). In short, Lowell disputes Davis's assertions regarding his representation, alleged conflicts of interest, and discussions with Davis and her local counsel, William C. McCorriston, Esq. ("McCorriston"). See id. Davis filed her reply on July 1, 2022. [Defendant's Reply Brief, filed 7/1/22 (dkt. no. 80.]

## BACKGROUND

Davis was charged in a felony information filed on August 1, 2020 with one count of aiding and abetting an unregistered agent of a foreign principal and with a request for forfeiture of properties derived from proceeds that are traceable from the violation of law alleged in the one count. See Information, filed 8/17/20 (dkt. no. 1).

On August 31, 2020, Davis made her initial appearance, waived her right to an indictment, and entered a guilty plea to the Information. See Minutes - EP: Initial appearance, Waiver of Indictment, Arraignment & Plea to Felony Information as to Defendant, Nickie Mali Lum Davis, filed 8/31/20 (dkt. no. 13). Her guilty plea was entered pursuant to a plea agreement with the Government. See Memorandum of Plea Agreement, filed 8/31/20 (dkt. no.15) ("MOPA"). Davis and her *pro hac vice* attorney at the time, Lowell, and her local counsel, McCorriston, signed the MOPA, and Keller signed it as well on behalf of the Government. See id. at 45. An addendum to the MOPA was filed on August 31, 2020 that specifically addressed the waiver of potential conflict of interest that the Government raised with Lowell regarding his previous representation of "certain individuals" and affirmatively stated that "Davis has discussed these issues and the resulting potential for conflicts of interest with Mr. Lowell" and other counsel, and that she "knowingly and intelligently waives any potential or actual conflict . . . and affirms that she wishes to proceed with Mr. Lowell as one of her attorneys . . . ." [Sealed Addendum to Memorandum of Plea Agreement, filed under seal 8/31/20 (dkt. no. 16) (unsealed on 2/10/21) ("Addendum").]

On April 16, 2021, Lowell withdrew as one of Davis's attorneys, see Notice of Withdrawal of Abbe David Lowell as *Pro Hac Vice* Counsel for Defendant Nickie Mali Lum Davis, filed 4/16/21 (dkt. no. 27), and on April 29, 2021, James A. Bryant, Esq. was granted permission to appear as *pro hac vice* counsel for Davis. See Order Granting Motion to Appear Pro Hac Vice as to James A. Bryant, filed 4/29/21 (dkt. no. 32).

## LEGAL STANDARDS

I.   **Disqualification of the Prosecutor**

Where there is a contention that a prosecutor has an appearance of impropriety, a defendant must demonstrate prejudice:

> Finally, the appellants contend that this prosecution created the appearance of conflict. See Model Code of Professional Responsibility DR 5–102. However, even were we to hold that the vicarious disqualification rules apply to a U.S. Attorney's Office, the appellants have not demonstrated prejudice. The D.C. Circuit has held that "[w]ith regard to an appearance of conflict on the part of the prosecution, on appeal a defendant has cause to complain only if he was prejudiced." United States v. Heldt, 668 F.2d 1238, 1277 (D.C. Cir. 1981), *cert. denied*, 456 U.S. 926, 102 S. Ct. 1971, 72 L. Ed. 2d 440 (1982). That court recognized that, "[w]hile the prosecutor's duty 'to seek justice' cannot be minimized, the less fundamental nature of the threat to defendants, coupled with the government's responsibility to administer justice effectively on the public's behalf, makes actual prejudice the appropriate standard." Id. at 1277 n.83 (citation omitted). Here, the lack of prejudice to the appellants is underscored by the fact that there is no suggestion that these charges were brought because of the victimization of the U.S. Attorney himself; nor is there any suggestion that the U.S. Attorney's Office did not exercise its discretionary function in an even-handed manner or that its zeal was not born of objective and impartial consideration of the merits of this case. Cf. People v. Conner, 34 Cal. 3d 141, 193 Cal. Rptr. 148, 151, 666 P.2d 5, 8 (1983).

United States v. Lorenzo, 995 F.2d 1448, 1453 (9th Cir. 1993) (brackets in Lorenzo) (footnote omitted). This demonstration of prejudice must be shown by clear and convincing evidence. See United States v. Kahre, 737 F.3d 554, 574 (9th Cir. 2013) (holding that clear and convincing evidence of prosecutorial misconduct must be presented (citing United States v. Kember, 685 F.2d 451, 459 (D.C. Cir. 1982))).

II.   **Standard for Setting Aside a Plea of Guilty**

> A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); [United States v.] Ruiz, 257 F.3d [1030,] 1032 [(9th Cir. 2001) (en banc)] (holding that the fair and just reason standard applies to pre-sentencing motions to withdraw guilty pleas). Once a

> district court sentences a defendant, however, a "plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).
>
> > "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir.2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." Id. The standard, however, is applied liberally. See United States v. Nagra, 147 F.3d 875, 880 (9th Cir. 1998). Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. See United States v. Turner, 898 F.2d 705, 713 (9th Cir.), *cert. denied*, 495 U.S. 962, 110 S. Ct. 2574, 109 L. Ed. 2d 756 (1990) (citing United States v. Rios–Ortiz, 830 F.2d 1067, 1068 (9th Cir.1987)).

United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004) (some alterations in Ortega-Ascanio) (footnote omitted).

## INCLINATIONS

Based on the foregoing legal authority, the Court is inclined to deny the Motion to Disqualify. Davis makes much (and has filed an inordinate amount of documents) of the conversations and dealings between Lowell and Keller, and prosecutions in other jurisdictions. Lowell declares her assertions are untrue. Davis essentially asks this Court to make an evidentiary ruling regarding the truth of the Addendum.

The Court is inclined to find that the submissions do not demonstrate by clear and convincing evidence that Keller created a conflict of interest between Davis and Lowell. The Court is also inclined to find that, before it would be required to evaluate whether the evidence is sufficient to establish the improprieties alleged, Davis must first demonstrate actual prejudice as a result of the alleged improprieties.

Therefore, the Court asks the parties to address the following questions at the oral argument:

1. Is Davis seeking to set aside her plea of guilty and her MOPA?

2. If not, what prejudice can Davis demonstrate that merits disqualification?

The parties should appear at the August 5, 2022 hearing prepared to discuss these issues and/or to direct the Court to controlling case law, cited in their filings, that either supports or contradicts this matter.

The Court notes, this inclination is intended only to help the parties prepare for oral argument and is not the Court's final decision in the matter.  The parties are encouraged to raise relevant case law and/or facts, cited in their filings, to show the Court why its inclinations are mistaken or correct.

**IT IS SO ORDERED.**

Submitted by:  Agalelei Elkington, Courtroom Manager