**EXHIBIT E**



**THE COCHRAN FIRM**
C A L I F O R N I A

4929 WILSHIRE BOULEVARD • SUITE 1010 • LOS ANGELES, CALIFORNIA 90010
TOLL FREE: (800) THE-FIRM • TELEPHONE: (323) 435-8205
WWW.COCHRANFIRMLAW.COM

VIA ELECTRONIC MAIL

June 13, 2022

Sean Mulryne, Esq.
Department of Justice
Sean.Mulryne@usdoj.gov

    **RE:**    **United States of America v. Nickie Mali Lum Davis**

    You are hereby demanded to produce the following by no later than at Noon PST on Monday, June 13, 2022:

    1)    All communications that PIN, the Filter Team or anyone else at DOJ had with Mr. Lowell or his counsel from February 1, 2018 through the present regarding Ms. Davis, Qin Fei, Ng Lap Seng, the FARA probe, the bribery-for-pardon matter, Mr. Broidy, Qatar, Mr. Lowell's potential conflicts of interest, or any media coverage related to Mr. Lowell or any of these matters.

    2)    The dates, times, and durations of all calls that Mr. Keller or anyone else at PIN or on the Filter Team had with Mr. Lowell and/or his counsel, as well as all written communications exchanged by Mr. Keller or anyone else at PIN or on the Filter Team had with Mr. Lowell and/or his counsel, including but not limited to via non-DOJ email accounts (including but not limited to emails from a personal account, SMS, WhatsApp, iMessage, or any encrypted message apps), from February 1, 2018 through the present.

    3)    All notes, memos to file, and/or internal DOJ emails involving PIN or the Filter Team regarding or otherwise discussing any phone conversations or meetings with Mr. Lowell and/or his counsel from February 1, 2018 through the present.  (This is necessary given the number of calls that occurred between Mr. Lowell and at least Mr. Keller, often in informal or even covert fashion.  Statements made by Mr. Keller or others at PIN or on the Filter Team to others at DOJ might be the only materials containing details of what was actually discussed in those conversations, many of which occurred without the knowledge of Ms. Davis or her local Hawaii counsel.)

ATLANTA • CHICAGO • DALLAS • JACKSON • LAS VEGAS • MEMPHIS
MIAMI • NEW ORLEANS • NEW YORK • ST. LOUIS • WASHINGTON, DC

4) All notes, memos to file, and/or internal DOJ emails involving PIN or the Filter Team regarding or otherwise discussing media coverage relating directly or indirectly to Mr. Lowell, my client, the FARA probe, or the bribery-for-pardon matter, from February 1, 2018 through the present. (You asked the Court to sanction me, at least in part, because I didn't simply take your assertions at face value regarding such media coverage, so any notes, memos, or internal DOJ communications are absolutely necessary to determine the veracity of your claims regarding the media coverage.)

5) All communications or notes, memos, or other documentation regarding communications that Mr. Keller or anyone else at DOJ had regarding the warrantless search and seizure of my client on August 11, 2020 at O'Hare Airport by Customs and Border Patrol. (The emails you have already produced make clear that Mr. Keller was communicating with at least one other party regarding the search and seizure, so if there are parties with whom he communicated only verbally regarding the matter, please identify the names, titles, and contact info for those parties.)

6) Whatever formal records, notes, memos, or memorializations CBP has regarding the August 11, 2020 search and seizure, including but not limited to any log, index or other document that lists or identifies with any particularity what CBP captured during their advanced search of my client's phone, as well as all copies of materials collected during that search, including but not limited to all screenshots taken on, of, and/or from any of my client's devices or.

7) All communications that PIN had either within PIN itself or with other DOJ counterparts (including but not limited to NSD) regarding the impact of or any connection between Ms. Davis' case and/or her potential or actual plea and the Broidy matter, including but not limited to anything related to Mr. Broidy's wife or the Colfax law firm, between March 1, 2020 and June 30, 2021. (You could have chosen to assert that any such connection between my client's plea and Mr. Broidy's would be irrelevant, yet you chose to assert that there was no such connection that PIN never pressured her to implicate Mr. Broidy. Thus, you chose to make this production necessary in order to respond to your assertions.)

8) All communications that Victor Salgado had with or regarding Mr. Lowell from February 1, 2018 to the present, including but not limited to emails involving any account to which Mr. Salgado has access besides his official DOJ email account, SMS messages, iMessages, WhatsApp, or any encrypted messaging app. (Mr. Salgado was a member of the prosecution team on the Higginbotham prosecution, which was obviously a related matter. Further, Mr. Salgado also joined the Prosecution Team in this matter in numerous communications with Mr. Lowell in at least 2019 regarding my client.)

9) All complete, unredacted versions of the Exhibits attached to Mr. Lowell's declaration.

10) The remainder of the production of all communications between Mr. Lowell and Mr. Keller or anyone else at PIN or on the Filter Team, from February 1, 2018 through the present.

Sincerely,

**JAMES A. BRYANT, ESQ.**

ATLANTA • CHICAGO • DALLAS • JACKSON • LAS VEGAS • MEMPHIS
MIAMI • NEW ORLEANS • NEW YORK • ST. LOUIS • WASHINGTON, DC