ROBERT BRIAN BLACK          7659
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Civil Beat Law Center
    for the Public Interest

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>              Movant. | MISC. NO. 22-431<br>[CR NO. 20-00068-LEK]<br><br>MOTION TO UNSEAL DEFENDANT'S SENTENCING STATEMENT AND EXHIBITS [DKT. 97] |

**MOTION TO UNSEAL DEFENDANT'S SENTENCING STATEMENT
AND EXHIBITS [DKT. 97]**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

I. FACTUAL BACKGROUND ................................................................. 1

II. THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS. ...................... 2

III. THE PUBLIC ALSO HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS. ................ 5

IV. THE PUBLIC HAS A RIGHT TO ACCESS THE PARTIES' SENTENCING MEMORANDA AND RELATED EXHIBITS. .................. 6

V. CONFIDENTIALITY CONCERNS FOR PRESENTENCE REPORTS DO NOT JUSTIFY WITHHOLDING SENTENCING FACTS AND ARGUMENTS. ........................................................................................ 7

CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143 (9th Cir. 1983) .......................... 4

*Berry v. Dep't of Justice*, 733 F.2d 1343 (9th Cir. 1984) ....................................... 10

*CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985) ............................... 1, 7, 10

*Del. Coal. for Open Gov't, Inc. v. Strine*, 733 F.3d 510 (3d Cir. 2013) ................... 8

*Fernandez v. Meier*, 432 F.2d 426 (9th Cir. 1970) .................................................... 8

*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596 (1982) ........................ 2, 3, 5, 8

*In re Express-News Corp.*, 695 F.2d 807 (5th Cir. 1982) ......................................... 8

*Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990) .................. 5

*Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940 (9th Cir. 1998) .............. 5

*Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501 (1984) ......................................... 3, 5

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ........................ 2, 3, 4

*U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18 (9th Cir. 1965) ............................ 6, 9

*United States v. Alcantara*, 396 F.3d 189 (2d Cir. 2005) ......................................... 7

*United States v. Bus. of the Custer Battlefield Museum & Store*,
   658 F.3d 1188 (9th Cir. 2011) .............................................................................. 5, 6

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) ..................................... 7

*United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) ......................................... 7, 10

*United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) .......................... 7

*United States v. Rivera*, 682 F.3d 1223 (9th Cir. 2012) ........................................... 6

*United States v. Schlette*, 842 F.2d 1574, *amended*, 854 F.2d 359
   (9th Cir. 1988) ............................................................................................ 8, 9, 10, 11

**Statutes**
Criminal LR 32.1 ................................................................................................... 7, 8

Pursuant to the public right of access guaranteed by the First Amendment of the United States Constitution and the common law, and in accordance with Rule 5.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawai`i (LR), Civil Beat Law Center for the Public Interest (Law Center) moves to unseal Defendant's sentencing statement and exhibits [Dkt. 97] in *United States v. Nickie Mali Lum Davis*, Case No. Cr. 20-00068-LEK.[1]

The positions taken by the Defendant in advocating for adjustments or departures from the guidelines calculations, seeking to influence the Court concerning sentencing factors, or correcting factual errors should not be shielded from public view. The adjudication of criminal justice in this case should not be obscured; the "penal structure is the least visible, least understood, and least effective part of the justice system." *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 826 (9th Cir. 1985) (government not permitted to hide its position supporting or opposing motion to reduce sentence).

I.   **FACTUAL BACKGROUND**

On August 31, 2020, pursuant to a written plea agreement, Defendant Davis pleaded guilty to aiding and abetting violations of the Foreign Agents Registration Act.  Dkt. 15; Dkt. 21.

---

[1] Unless otherwise stated, "Dkt." refers to the docket of *United States v. Davis*, 20-CR-68-LEK.

On August 22, 2022, Defendant filed under seal a sentencing statement with exhibits including "Letters of Support." Dkt. 97. This Court will hold a public sentencing hearing on October 27 at 2:30 p.m.

## II.   THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS.

The constitutional right of public access to criminal proceedings is among those rights that, "while not unambiguously enumerated in the very terms of the [First] Amendment, are nonetheless necessary to the enjoyment of other First Amendment rights." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982). "A major purpose of that Amendment was to protect the free discussion of governmental affairs." *Id.*; *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion) (the freedoms in the First Amendment "share a common core purpose of assuring freedom of communication on matters relating to the functioning of government"). Thus, to the extent that the constitution guarantees a qualified right of public access, "it is to ensure that this constitutionally protected 'discussion of governmental affairs' is an informed one." *Globe Newspaper*, 457 U.S. at 605; *Richmond Newspapers*, 448 U.S. at 587 (Brennan, J., concurring) ("Implicit in this structural role is not only the principle that debate on public issues should be uninhibited, robust, and wide-open, but also the antecedent assumption that valuable public debate—as well as other civic behavior—must be informed.").

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[T]he public has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself." *Richmond Newspapers*, 448 U.S. at 604 (Blackmun, J., concurring). "[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Id.* at 569; *accord Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) [*Press-Enter. I*] ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.").

"A result considered untoward may undermine public confidence, and where the trial has been concealed from public view, an unexpected outcome can cause a reaction that the system, at best, has failed, and, at worst, has been corrupted." *Richmond Newspapers*, 448 U.S. at 571 (plurality opinion); *Globe Newspaper*, 457 U.S. at 606 ("[P]ublic access to the criminal trial fosters an appearance of fairness, thereby heightening public respect for the judicial process."); *Press-Enter. I*, 464

U.S. at 508 ("Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."). "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572 (plurality opinion).

The same First Amendment standards for closing courtroom proceedings apply to sealing documents for criminal pretrial proceedings. *E.g.*, *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983). As the Ninth Circuit has observed:

> There is no reason to distinguish between pretrial proceedings and the documents filed in regard to them. Indeed, the two principal justifications for the first amendment right of access to criminal proceedings apply, in general, to pretrial documents. Those two justifications are: "first, the criminal trial historically has been open to the press and general public," and "second, the right of access to criminal trials plays a particularly significant role in the functioning of the judicial process and the government as a whole." There can be little dispute that the press and public have historically had a common law right of access to most pretrial documents — though not to some, such as transcripts of grand jury proceedings. . . . We thus find that the public and press have a first amendment right of access to pretrial documents in general.

*Id.* (citations omitted).

To preserve societal values reflected in the First Amendment, the U.S. Supreme Court held that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness."

4

*Press-Enter. I*, 464 U.S. at 509. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 510; *accord Globe Newspaper*, 457 U.S. at 606-07.

When the First Amendment right of access applies, "[i]t is the burden of the party seeking closure . . . to present facts supporting closure and to demonstrate that available alternatives will not protect his [or her] rights." *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1467 (9th Cir. 1990). Defendant Davis thus has the burden to prove that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998). The findings may not be based on "conclusory assertions." *Id*.

### III. THE PUBLIC ALSO HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS.

The Ninth Circuit has recognized a few judicially filed criminal records that are not subject to the common law right of access "because the records have traditionally been kept secret for important policy reasons." *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011). Those categorically exempt records include grand jury transcripts and warrant

materials during pre-indictment investigation. *Id.* For all other judicial records, "a strong presumption in favor of access is the starting point." *Id.* at 1194.

For the common law analysis, the "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . articulating compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1194-95. A court presented with a motion to seal must balance the competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1195. "[T]he court may not restrict access to the documents without articulating both a compelling reason and a factual basis for its ruling." *Id.* at 1196.

### IV. THE PUBLIC HAS A RIGHT TO ACCESS THE PARTIES' SENTENCING MEMORANDA AND RELATED EXHIBITS.

The Ninth Circuit has long recognized that the public rights of access extend to sentencing proceedings and related documents. *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 825 (9th Cir. 1985); *accord U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18, 22-23 (9th Cir. 1965) (pre-*Press Enterprise* case requiring unsealing of sentencing statement with redactions to protect the identity of grand jury witnesses); *see also United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012) (articulating the value of open proceedings for sentencing). As then-Judge Kennedy explained:

> We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters. The primary justification for access to criminal proceedings, first that criminal trials historically have been open to the press and to the public, and, second, that access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system, apply with as much force to post-conviction proceedings as to the trial itself.

*CBS, Inc.*, 823 F.2d at 825 (citation omitted); *see also United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (public right of access to sentencing memoranda); *United States v. Kravetz*, 706 F.3d 47, 56-59 (1st Cir. 2013) (sentencing memoranda and support letters); *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) (sentencing memoranda); *United States v. Alcantara*, 396 F.3d 189, 196-99 (2d Cir. 2005) (sentencing hearing).

Here, Defendant Davis submitted her sentencing statement, letters of support, and other exhibits under seal. Dkt. 97. Such submissions fall squarely within the public rights of access.

## V. CONFIDENTIALITY CONCERNS FOR PRESENTENCE REPORTS DO NOT JUSTIFY WITHHOLDING SENTENCING FACTS AND ARGUMENTS.

Criminal LR 32.1(j) provides: "Filings that disclose the contents of the proposed or completed presentence report, including but not limited to sentencing statements, are to be filed under seal." To the extent that this Rule permits redacting legal and factual arguments in sentencing memoranda solely because those arguments are referenced in a presentence report, its constitutionality would

7

be dubious in light of the standards outlined here. *E.g., Globe Newspaper*, 457 U.S. at 607-11 (state statute unconstitutional for mandating that all trial testimony by minor victims of sex crimes be closed to the public); *Del. Coal. for Open Gov't, Inc. v. Strine*, 733 F.3d 510, 520-21 (3d Cir. 2013) (state court rule unconstitutional for mandating confidentiality for government-sponsored arbitrations); *see also In re Express-News Corp.*, 695 F.2d 807, 809-11 (5th Cir. 1982) (local district rule unconstitutional for prohibiting public access to jurors regarding deliberations or verdict without leave of the court).

Nothing in Fed. R. Crim. P. 32, nor 18 U.S.C. § 3552, requires secrecy for presentence reports.[2] *United States v. Schlette*, 842 F.2d 1574, 1578-79, *amended*, 854 F.2d 359 (9th Cir. 1988). But even when a general rule of confidentiality applies – as with grand jury testimony under Fed. R. Crim. P. 6(e) – the Ninth

---

[2] Historically, presentence reports were kept confidential even from the defendant and included only the probation officer's independent assessment of sentencing issues. *E.g., Fernandez v. Meier*, 432 F.2d 426, 427 (9th Cir. 1970) (defendant has no constitutional right to access presentence report). Criminal LR 32.1 now requires the parties – as part of the presentence report process – to address issues traditionally articulated in sentencing memoranda, *e.g.*, "objections, if any, concerning factual information, sentencing guideline ranges and policy statements" as well as "[a]ll sentencing factors, facts, and other matters material to sentencing that remain in dispute, including a statement, and calculation if appropriate, showing how the dispute affects the calculation of the applicable guidelines range." Criminal LR 32.1(f). Courts cannot permit parties to substitute robust publicly accessible sentencing memoranda with confidential presentence report statements.

Circuit has held that the standards for public access require a carefully tailored response that directly addresses a specific need for confidentiality. *U.S. Indus.*, 345 F.2d at 22 (relevant interests behind the anonymity of grand jury testimony may be protected in sentencing statement by redacting the identity of testifying witnesses and "any other action which best will maintain the document's substance while protecting the anonymity of the witnesses").

The Ninth Circuit's analysis for disclosing presentence reports in *Schlette* is informative because the Court of Appeals made clear that the general notion of confidentiality for presentence reports is not absolute.[3] 842 F.2d at 1583.

Factual and legal justifications that the parties put before this Court to advocate for a sentencing outcome should be accessible for the public to understand the operation of the criminal justice system and the sentencing process. *Id.* at 1582-83 (access to presentence report justified by desire "to publish information that bears on the workings of the criminal justice system"). As the *Schlette* court remarked, there is a

> legitimate interest in explaining to a concerned public the means by which sentencing decisions are made. Making the public aware of how the criminal justice system functions surely serves the ends of

---

[3] Because the Ninth Circuit required disclosure of the *Schlette* presentence reports pursuant to the common law right of access, it did not reach the question of First Amendment access, which is the relevant standard here for analyzing access to the parties' sentencing memoranda. 842 F.2d at 1582 & n.4 ("we do not reach the newspapers' first amendment argument.").

9

> justice. Publishing sufficient information to allow the public to join in a dialogue about the courts and the treatment of defendants can only have a positive impact on the public's perception of our judicial system.

*Id.* at 1583; *accord Berry v. Dep't of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984) ("occasional disclosure [of presentence reports] to third parties is both inevitable and desirable."). The *Schlette* court rejected arguments for the confidentiality of presentence reports based on "sources of confidential information" drying up, preventing retaliation for information disclosed, and detrimental impact on the quality of the presentence reports. 842 F.2d at 1580. The Ninth Circuit explained that those arguments have "been proven empirically false." *Id.*

In any event, the Law Center's motion does not concern the type of information that should be kept confidential under any rationale. The Law Center is seeking Defendant Davis's advocacy concerning sentencing – factual corrections, letters of support, and position statements about sentencing factors, guideline adjustments, and departures. *E.g.*, *CBS, Inc.*, 765 F.2d at 826 ("The government and the trial court here went so far as to assert that the government's interests would be threatened if even its position of support or opposition to the [sentence reduction] motion were made known. That idea is as remarkable as it is meritless."); *Kravetz*, 706 F.3d at 56 ("the substance of the parties' arguments for or against an outcome, are clearly relevant to a studied determination of what constitutes reasonable punishment."). Moreover, even if there were a

10

confidentiality concern – there is not – the balance under the common law analysis in *Schlette* favors disclosure in light of the ongoing public scrutiny related to this case, both locally and nationally.[4]  *E.g.*, Caitlin Oprysko, *Prosecutors Spar with Witness in FARA Case over Ethics Allegations*, Politico (May 6, 2022); Rick Daysog, *Foreign Lobbying Scandal Entangles Well-Known Political Fundraiser in Hawaii*, Hawai`i News Now (Aug. 20, 2020).

As the Ninth Circuit observed in *Schlette*:  "in the face of a showing of a reasonable basis for disclosure, confidentiality cannot rest on some general rationale that has been proven empirically false, or on some reason for nondisclosure which we have determined to be an inappropriate basis for maintaining confidentiality."  842 F.2d at 1583.  Nothing justifies hiding arguments for a reduced sentence in Defendant's sentencing statement.[5]

---

[4] When the constitutional right of public access applies – as here – no special degree of public interest in a particular case need be shown or considered.  *See, e.g.*, *United States v. Kaczynski*, 154 F.3d 930, 932 (9th Cir. 1998) (Reinhardt, J., concurring) (distinguishing the "balancing of interests" under the common law access analysis in *Schlette* from the greater protection provided by the public's constitutional right); *accord Schlette*, 842 F.2d at 1582 ("nor is [the common law right of access] given the same level of protection accorded constitutional rights").  The Law Center references the ongoing interest in this case only to emphasize that the records must be publicly disclosed even under the common law standard.

[5] Other courts in the District have addressed this issue and ultimately ordered disclosure of sentencing-related filings.  *E.g.*, *Untied States v. English*, 22-CR-12 SOM, Dkt. 16; *Civil Beat Law Ctr. for the Pub. Interest v. English*, 22-MC-275 SOM-RT, Dkt. 5; *Civil Beat Law Ctr. for the Pub. Interest v. Cullen*, 22-MC-276 SOM-RT, Dkt. 5; *Civil Beat Law Ctr. for the Pub. Interest v. Brun*, 22-MC-146

11

## CONCLUSION

Based on the foregoing, the Law Center respectfully moves this Court to unseal Defendant's sentencing statement and exhibits [Dkt. 97].

DATED:  Honolulu, Hawai`i, August 31, 2022

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Civil Beat Law Center
  for the Public Interest

---

DKW-RT, Dkt. 7; *Civil Beat Law Ctr. for the Pub. Interest v. Sellers*, 22-MC-124 JMS-RT, Dkt. 7; *Civil Beat Law Ctr. for the Pub. Interest v. Nguyen*, 20-MC-165 JMS-WRP, Dkt. 10; *United States v. Kealoha*, 17-CR-582 JMS-WRP, Dkt. 981, 983, 984, 985, 986.