ROBERT BRIAN BLACK          7659
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Civil Beat Law Center
    for the Public Interest

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>        Movant. | MISC. NO. 22-431 LEK<br>[CR NO. 20-00068-LEK]<br><br>REPLY MEMORANDUM REGARDING MOTION TO UNSEAL [DKT. 100] DEFENDANT'S SENTENCING STATEMENT AND EXHIBITS [DKT. 97] |

### REPLY MEMORANDUM REGARDING MOTION TO UNSEAL [DKT. 100] DEFENDANT'S SENTENCING STATEMENT AND EXHIBITS [DKT. 97]

On August 31, 2022, the Civil Beat Law Center for the Public Interest (Law Center) moved to unseal Dkt. 97.[1]  On September 22, Defendant Davis filed a partial opposition.  Dkt. 102.  In part, Defendant's opposition characterized the motion to unseal as limited in scope to three categories of information.  Dkt. 102 at

---

[1] Unless otherwise stated, "Dkt." refers to the docket of *United States v. Davis*, 20-CR-68-LEK.

PageID.1255.  The Law Center moved to unseal Dkt. 97 without limitation.  Dkt. 100 at PageID.1250 ("moves this Court to unseal Defendant's sentencing statement and exhibits [Dkt. 97]").

Defendant raises concerns about disclosure of certain general categories of information.  Dkt. 102 at PageID.1254.  In general, the Law Center does not object to redacting Defendant's health, financial, business, and familial information if that information is not relevant to Defendant's efforts to mitigate her sentence.[2]  Where information is relevant to mitigation, however, potential "embarrassment" from disclosure of personal information is not sufficient to seal records.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *accord In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2001) (sealing sentencing-related documents to protect reputation "is more likely to engender resentment, suspicion, and contempt than it would enhance respect").  Because the Law Center does not know more about the content of what Defendant filed as Dkt. 97, it is unclear whether Defendant's and the Law Center's positions entirely align.

---

[2] The Law Center does not object to redacting the name of Defendant's minor child.  *See* Fed. R. Crim. P. 49.1(a).

## CONCLUSION

Based on the foregoing, the Law Center respectfully moves this Court to unseal Defendant's sentencing statement and exhibits [Dkt. 97].

DATED:  Honolulu, Hawai`i, September 26, 2022

                                   /s/ Robert Brian Black
                                   ROBERT BRIAN BLACK
                                   Attorney for Civil Beat Law Center
                                         for the Public Interest