IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NICKIE MALI LUM DAVIS;<br><br>　　　　　Defendant. | CR. NO. 20-00068 LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

**I.　INTRODUCTION**

　　　Pursuant to Federal Rules of Civil Procedure ("Rule") 59(e) and the Local Rules of Practice for the United States District Court for the District of Hawai'i ("LR") 60.1, Defendant Davis hereby submits her memorandum of points and authorities in support of her motion for partial reconsideration ("Motion") of the Court's order granting the unsealing of Defendant's Sentencing Statement on October 13, 2022 (the "Order") (ECF No. 105).  While reconsideration is an extraordinary remedy, Defendant Davis submits on the grounds that allowing the disclosure of financial conditions is in error and manifests injustice and reflects a failure to consider controlling law and material facts presented to the Court before such decision.

Defendant Davis files this motion seeking correction or clarification specifically to the Court's Order regarding the release of information in Paragraph 25 the Defendant's Sentencing Statement to Civil Beat.  Defendant Davis seeks relief consistent with Local Rule 32.1(j).  In the alternative, Plaintiff seeks reconsideration based upon manifest injustice.  By **not** permitting the redaction of (1) her financial information prior to its release as a public record, and (2) by including the financial information of her husband, Larry Davis, who is not a party to this case, a public filing will expose them both to harmful financial schemes and privacy concerns that could be detrimental to each of them and their family.  In a broader context, the information in Paragraph 25 was meant to supplement the PSR and is **not** offered as mitigation of any sentencing criteria.

## II.   STANDARD OF REVIEW

A district court "possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) *See also* FRCP 54(b) (stating that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

A motion for reconsideration must furnish a reason the court should reconsider its prior decision, as well as facts or law of a strongly convincing

nature. *Kamaole Pointe Dev. LP v. County of Maui*, 573 F. Supp. 2d 1354, 1381 (D. Haw. 2005) *on reconsideration in part* (Sept. 9, 2008) (citing *Carnell v. Grimm*, 872 F. Supp. 746, 758 (D. Haw. 1994)).  The Ninth Circuit has identified three circumstances under which reconsideration is appropriate: (1) the availability of newly discovered evidence; (2) the district court committed clear error, or the initial decision was manifestly unjust; or (3) an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *accord* LR 60.1 (allowing reconsideration of interlocutory orders if the Court committed a manifest error of law).  Whether or not to grant reconsideration is committed to the sound discretion of the court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III.    DISCUSSION

Defendant Davis respectfully submit that the Court incorrectly granted Civil Beat's Motion to Unseal as to Paragraph 25.  Civil Beat requested the unsealing of information relevant to Defendant's efforts to mitigate sentencing.  Paragraph 25 was not intended for that purpose.  *See, generally,* Declaration of Nickie Mali Lum Davis.  Accordingly, Defendant Davis moves that the Court allow the redaction of her financial information and that of her husband Larry Davis' in Paragraph 25.  The information is not relevant to any efforts towards mitigating sentencing.

The Criminal Local Rules of Practice for the United States of District Court for the District of Hawaii Rule 32.1(j) *requires* that "[f]ilings that disclose the contents of the proposed or completed presentence report, including but not limited to the sentencing statements, *are to be filed under seal*." CrimLR32.1(j).

In accordance with the Local Rules and the longstanding practice of confidentiality, Defendant's Sentencing Statement was filed under seal because it disclosed the content of Defendant's updated Presentence Investigation Report ("PSR") (¶ 25 PSR) which detailed Defendant's personal financial information as well that of her husband's. In its response memorandum, Civil Beat did not object to redacting Defendant Davis' health, financial, business, and familial information if that information is not relevant to Defendant's efforts to mitigate her sentence. (ECF. No. 104, PageID.1263). In its recent Order, this court agreed that because the PSR is attached to Defendant Davis' Sentencing Statement a redacted version removing her personal and familial information should be provided to Civil Beat. However, this Court failed to acknowledge that releasing the Defendant's financial information would also be detrimental to the Defendant and her husband.

Allowing disclosure of confidential financial conditions provided to the court in confidence invites the opportunity for fraudulent activities which would adversely affect Defendant Davis, Larry Davis, and their family. Nor does it serve a benefit to the public. Conversely, Civil Beat did not assert a compelling interest

for this information to meet the ends of justice but had been amendable to redacting this information.  *See* Fed. R. Cr. Proc. 32(c).

Although it is within this Court's discretion, a third-party seeking disclosure of presentence reports must make a showing that disclosure will serve the ends of justice, and whether disclosure is warranted requires the Court to balance the need for disclosure against reasons for confidentiality.  *United States v. Schlette,* 842 F.2d 1574, 1579 (9th Cir. 1988).  The information in Paragraph 25 does not involve any sentencing factor, is not purposed for use in sentencing mitigation and contains private information of third parties.  Disclosure should not be permitted.

## IV. CONCLUSION

For the foregoing reasons and authorities, and any adduced at the hearing on the Motion, Plaintiff respectfully requests that the Court grant this Motion and reconsider its Order, and enter an order granting Defendant the opportunity to seal the financial information.

DATED:  Honolulu, Hawaiʻi, October 17, 2022.

*/s/ William C. McCorriston*
WILLIAM C. McCORRISTON
DAVID J. MINKIN
JAMES A. BRYANT

Attorneys for Defendant
NICKIE MALI LUM DAVIS

434954.1                                     6