IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NICKIE MALI LUM DAVIS;<br><br>　　　　　Defendant. | CR. NO. 20-00068 LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

**I.　INTRODUCTION**

Pursuant to the Criminal Local Rules of Practice for the United States District Court for the District of Hawai'i ("CrimLR") 32.1, Defendant Davis hereby submits her memorandum of points and authorities in support of her motion to continue the sentencing hearing ("Motion") for a reasonable time.

**II.　STANDARD OF REVIEW**

In the absence of a formally enacted rule, a district court "may regulate practice in a manner consistent with the Federal Rules of Criminal Procedure and local rules of the district. Fed.R.Crim.P. 57(b); *United States v.* Warren, 601 F.2d 471, 473 (9th Cir. 1979). The decision as to whether to grant a request for a continuance of a sentencing hearing rests in the discretion of the district court. *United States v.* Baker, 63 F.3d 1478, 1500 (9th. Cir. 1995).

435047.1

A party requesting a continuance of a sentencing proceeding should demonstrate "good cause" for the request. *United States v. Ludwig*, 2020 WL 3472387 (E.D. Cal. 2020); *United States v. Moore*, 2017 WL 524221 (W.D. La. 2017).

### III.   DISCUSSION

Davis seeks a continuance based on the facts and circumstances surrounding the plea agreement with her previous counsel, Mr. Abbe Lowell.  Davis has good cause to support a request for a continuance of a sentencing hearing in order to afford her counsel an adequate opportunity to file and hear the forthcoming motion to vacate the plea that he (Lowell) negotiated.  *United States v. Hernandez,* 251 F.3d 1247, 1252 (9th Cir. 2001). As discussed at the last Status Conference with the Court and Counsel for the Government in this matter, the Court advised the Parties that it would require any Motion to Vacate the Memorandum of Plea Agreement ("MOPA") and Guilty Plea to be filed <u>prior</u> to the sentencing hearing date, then set for October 27, 2022.

At that time, it was Defendant Davis' counsel's intention to file that Motion in late September or early October.

Because of a number of unfortunate circumstances, as set forth in the Declaration of James A. Bryant, counsel for Davis, although he worked diligently toward that schedule, faced unanticipated problems that made it impossible for him

to file on that schedule.  Indeed, as set forth in his Declaration, Mr. Bryant has found it necessary to draft the motion again without the benefit of his previous work product.  Realistically, he now finds himself in a situation where an immediate filing is nearly impossible.

To further exacerbate this situation, Mr. Bryant is involved in a trial which now will extend to October 28, making it impossible for him to attend the scheduled sentencing hearing where he was to be the lead advocate for Ms. Davis.

Moreover, the sentencing hearing should be continued for the reasons that (1) Davis' Motion for Reconsideration regarding the unsealing of confidential financial information has not been heard, (2) Davis has not been provided an amended Presentencing Investigation Report ("PSR") as required by Federal Rules of Civil Procedure ("Rule") 32(e)(2),  (3) Davis' objections to the previously drafted PSR have not been discussed with Ms. Darsie Ing-Dodson as required by Rule 32(f) or otherwise resolved, and (4) a new report and addendum containing any unresolved objections, the grounds for those objections, and Ms. Ing-Dodson's comments has not been completed as required under Rule 32(g) at least 7 days prior to sentencing.

Davis request for a continuance under these conditions serves the ends of justice and Davis waives any speedy trial objection for the extension being requested.

## IV. CONCLUSION

For the foregoing reasons and authorities, and any adduced at the hearing on the Motion, Davis requests this Court to vacate the sentencing hearing date and related deadlines in this matter and set a new sentencing date of following the ruling on Defendant's motion to withdraw the plea agreement.

DATED: Honolulu, Hawai'i, October 18, 2022.

> /s/ William C. McCorriston
> WILLIAM C. McCORRISTON
> DAVID J. MINKIN
> JAMES A. BRYANT
>
> Attorneys for Defendant
> NICKIE MALI LUM DAVIS