CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Criminal Chief
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii     96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:ken.sorenson@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

JOHN D. KELLER
Principal Deputy Chief

SEAN F. MULRYNE
Director of Enforcement & Litigation
NICOLE R. LOCKHART
Trial Attorney
Public Integrity Section

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 20-00068 LEK |
| | ) | |
| | ) | OPPOSITION TO MOTION TO |
| Plaintiff, | ) | CONTINUE |
| | ) | |
| vs. | ) | JUDGE: Leslie E. Kobayashi |
| | ) | |
| NICKIE MALI LUM DAVIS | ) | DATE: October 27, 2022 |
| | ) | TIME: 2:30 p.m. |
| | ) | JUDGE: Leslie E. Kobayashi |
| Defendant. | ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO CONTINUE

One week prior to sentencing, without providing any prior notice to the Court

or the government of past events that are now claimed to warrant a continuance, the

defendant again seeks to delay these proceedings.  ECF No. 110, Def. Mot. to

Continue.  The defendant's proffered justifications are that a final Presentence

Investigation Report has not been filed addressing the defendant's objections; that defense counsel has faced technological issues; and that defense counsel has a conflicting civil trial scheduled in state court.   ECF Nos. 110-1 & 110-2.   Contrary to defendant's initial claim, a Final PSR has been issued addressing the objections by both the government and the defendant.   ECF No. 106, Presentence Investigation Report at 44-47.

As for the defendant's reported server crash in mid-August 2022 and his spilling "a full cup of coffee . . . all over my laptop," the defendant did not alert the Court or the government to the potential for delay at the time of the server crash or at the time of the coffee spill.   The defendant waited until one week before sentencing—and after the government affirmatively moved for a deadline to be set to avoid a last-minute continuance of this matter—and only then filed a motion to continue.   This sequence smacks of an intentional effort to delay these proceedings. The defendant could have filed the motion to set aside her guilty plea contemporaneously with the Motion to Disqualify that was based on the same allegations.   Seeking two bites at the apple, the defendant waited until after the parties fully litigated that Motion for months, and then informed the Court that the defendant would file a motion to withdraw her guilty plea on the same basis.   Even then, the motion to withdraw the plea could have been filed within days of the

2

August 5, 2022, hearing on the Motion to Disqualify given the overlap in relevant facts.  Instead, defense counsel sat on the motion for over two months and now seeks additional delay for a sentencing hearing that has already long been delayed and in which there is significant governmental and public interest in finality.

Defense counsel has reportedly drafted the motion to withdraw the defendant's plea twice previously.  Declaration of James A. Bryant, ECF No. 110-2.  Defense counsel has also already filed extensive briefing available to him on the docket on the Motion to Disqualify.  He can incorporate by reference the prior arguments, exhibits, and declarations filed in support of that Motion.  Presumably, counsel has been working on the new draft of the motion since the reported laptop incident on October 14.  Given the extensive briefing already filed on these issues and counsel's prior drafting of the forthcoming motion, counsel can file a substantive motion setting forth the asserted basis for the withdrawal of the defendant's plea by the government's requested deadline of October 20 at 5:00 p.m. (HT), ECF No. 109, to allow for resolution of that matter and to allow the Court to proceed to sentencing as scheduled.

As for defense counsel's conflict in a state civil case, this federal criminal sentencing hearing was set on August 5, 2022, with all parties present.  ECF No. 94.  Counsel raised no conflict at the time or since and waited until the eve of

3

sentencing to do so.   Counsel has not indicated when the civil trial was set, whether he requested a different date due to the sentencing date scheduled in this case, or whether that court would accommodate a recess to allow counsel to be present for this sentencing.   The government would consent to counsel appearing virtually for this sentencing hearing if he requires such an accommodation, and the defendant could be accompanied by co-counsel McCorriston in-person.

None of the defendant's proffered justifications warrant a continuance of the sentencing date.   This sentencing has already been delayed by six-months due to litigation over the Motion to Disqualify.   That Motion should have been accompanied by a motion to withdraw the defendant's guilty plea if the defendant genuinely sought resolution of that issue on the merits and was not engaged in a strategic effort to have two opportunities to litigate the same frivolous claims and to delay these proceedings.

The government opposes the defendant's motion for a continuance of the sentencing date and requests that the Court set a deadline of October 20 at 5:00 p.m. (HT) for the defendant's motion to withdraw her guilty plea.

DATED: October 19, 2022.

4

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice


/s/ *John D. Keller*                           /s/ *Kenneth M. Sorenson*
By: JOHN D. KELLER                KENNETH M. SORENSON
Principal Deputy Chief              Chief, Criminal Division
Sean F. Mulryne
Director of Enforcement & Litigation, Election Crimes
Nicole R. Lockhart
Trial Attorney
Public Integrity Section

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

James A. Bryant, Esq.
William McCorriston, Esq.

Attorneys for Interested Party
NICKIE MALI LUM DAVIS

DATED:   October 19, 2022

/s/ John D. Keller
John D. Keller

6