UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>NICKIE MALI LUM DAVIS,<br>Defendant. | CR. NO. 20-00068 LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION, [FILED 10/17/22 (DKT. NO. 108)]**

On October 17, 2022, Defendant Nickie Mali Lum Davis ("Defendant" or "Davis") filed her motion seeking partial reconsideration. See Defendant's Motion for Partial Reconsideration, filed 10/17/22 (dkt. no. 108) ("Motion"). This Court ordered, on October 13, 2022, that Defendant was to provide counsel for Civil Beat Law Center for the Public Interest ("Civil Beat") copies of Defendant's sentencing statement with limited redactions by October 17, 2022 ("Redaction Order"). See Minutes - EP: Motion to Unseal Defendant's Sentencing Statement filed by Civil Beat Law, Center for the Public Interest, filed 10/13/22 (dkt. no. 105).

In the Motion, Defendant seeks "correction or clarification specifically to the Court's Order regarding the release of information in Paragraph 25 the [sic] Defendant's Sentencing Statement to Civil Beat." [Motion, Mem. in Supp. at

3.] She submits that the redaction of her financial information and of her husband's financial information contained in paragraph 25 is necessary because, if disclosed, "a public filing will expose them both to harmful financial schemes and privacy concerns that could be detrimental to each of them and their family." [Id.]

After careful consideration of the Motion, and the relevant legal authority, the Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

This matter arises out of a criminal prosecution brought against Defendant by the filing of a felony information on August 17, 2020. See Information, filed 8/17/20 (dkt. no. 1). Defendant is alleged to have agreed with others "to act as agents of Foreign National A in exchange for millions of dollars in undisclosed wire transfers . . . ." [Id. at ¶ 2.] Defendant is alleged to have

> specifically agreed to facilitate Person B's lobbying of the President of the United States ("the President"), his Administration, and the United States Department of Justice ("DOJ") to drop the investigation of Foreign National A for his role in the embezzlement of billions of dollars from 1Malaysia Development Berhad ("IMDB"), a strategic investment and development company wholly owned by the Government of Malaysia.

[Id.] Plaintiff United States of America ("the Government") alleges that Defendant and others agreed to work together to lobby the United States:

> On or about May 2, 2017, DAVIS, Person A, and Person B arrived in Bangkok. During the trip, DAVIS, Person A, and Person B met with Foreign National A in a hotel suite. Person B and Foreign National A spoke about the 1MDB investigation and civil forfeiture actions. Person B agreed to help Foreign National A attempt to resolve the matter. Foreign National A agreed to pay Person B an $8 million retainer and wanted Person B to contact the Attorney General of the United States to get DOJ to drop the 1MDB matter. Person B agreed to lobby the Administration and DOJ for a favorable result for Foreign National A while concealing the fact that he was working on Foreign National A's behalf. With respect to payment, Person B stated that the money should not come directly from Foreign National A and should be "clean." Foreign National A identified a friend who could pay Person B and others. Person B, Person A, and DAVIS agreed that the money would first be routed through Person A and then be paid to Person B through Law Firm A. Person B and DAVIS agreed that Person B would pay DAVIS thirty percent of what Person B received. Person A also agreed to pay DAVIS a percentage of the funds that Person A received. Person A told Person B and DAVIS that Person A's friend, Higginbotham, was verifying the legitimacy of the funds. Higginbotham did not actually perform any such review.

[Id. at ¶ 33 (emphases in original).] The Government alleges that Defendant was paid various amounts for her services, including "[o]n or about May 18, 2017, Law Firm A transferred $500,000 to one of Person B's business accounts and $900,000 to a business account controlled by [Defendant]"; [id. at ¶39;] on

or about May 26, 2017, "$600,000 was transferred from Law Firm A's account to a business account associated with [Defendant]"; [id. at ¶40;] "Person A also transferred $833,333 to a business account controlled by [Defendant]"; [id. at ¶ 69;] and "[o]n or about August 10, 2017, Law Firm A transferred $900,000 to a business account associated with [Defendant,]" [id.].

Defendant is charged with one count of aiding and abetting an unregistered agent of a foreign principal in violation of 18 U.S.C. § 2 and 22 U.S.C. §§ 612 and 618(a)(1) ("Count I"). [Id. at pg. 37.]

Defendant made her initial appearance in this matter on August 31, 2020. At that time, she waived her right to proceed by indictment and entered a plea of guilty to the felony information pursuant to her memorandum of plea agreement with the Government. See Minutes - EP: Initial appearance, Waiver of Indictment, Arraignment & Plea to Felony Information as to Defendant, Nickie Mali Lum Davis, filed 8/31/20 (dkt. no. 13). Her legal counsel at the time were Abbe David Lowell, Esq., admitted *pro hac vice*, and William C. McCorriston, Esq. and David J. Minkin, Esq. See Motion to Appear Pro Hac Vice, filed 8/25/20 (dkt. no. 6); Order Granting Motion to Appear Pro Hac Vice, filed 8/27/20 (dkt. no. 10).

Defendant had been scheduled for sentencing on October 27, 2022.[1] See Minutes, filed 8/5/22 (dkt. no. 94), at PageID.1107. Defendant filed her sentencing statement, under seal, on August 22, 2022. See Defendant's Sentencing Statement, filed under seal 8/22/22 (dkt no. 97) ("Sentencing Statement").

**STANDARD**

There is no rule in the Federal Rules of Criminal Procedure expressly authorizing the filing of motions for reconsideration. However, many courts – including the Ninth Circuit – have recognized that motions for reconsideration may be filed in criminal cases. See, e.g., United States v. McNeil, Crim. No. 02-00547 SOM, 2021 WL 3686624, at *1 (D. Hawai`i Aug. 19, 2021) (listing cases), *aff'd*, No. 21-16750, 2022 WL 1686674 (9th Cir. May 26, 2022); see also, e.g., United States v. Lee, 727 F. App'x 335, 336 (9th Cir. 2018) (addressing the defendant-appellant's challenge to the denial of a motion for reconsideration). "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." United States v. Sullivan, No. CR 17-

[1] On October 21, 2022, Defendant filed her motion to withdraw her guilty plea, see Defendant's Motion to Withdraw Guilty Plea and Memorandum of Plea Agreement, filed 10/21/22 (dkt. no. 117), and, as a result, this Court vacated her sentencing. See Minute Order - EO: Court Order Vacating Sentencing Hearing and Setting a Briefing Schedule for Defendant's Motion to Withdraw Guilty Plea and Memorandum of Plea Agreement, filed 10/24/22 (dkt. no. 121).

00104 JMS-KJM, 2019 WL 8301179, at *1 (D. Hawai`i Dec. 2, 2019) (alteration in Sullivan) (quotation marks and citation omitted); see also Local Rule CrimLR12.3 ("Except as otherwise provided in these Local Criminal Rules, the General and Civil local rules are applicable to criminal cases . . . .").

The Redaction Order was a non-dispositive order, and Local Rule 60.1 would govern a motion for reconsideration of a non-dispositive order in a civil case. Under Local Rule 60.1, motions for reconsideration "may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."

Defendant submits that reconsideration is necessary to correct manifest errors of law or fact, and necessary to prevent manifest injustice. [Motion, Mem. in Supp. at 2.]

**DISCUSSION**

Defendant submits that paragraph 25 of her Sentencing Statement should not be unsealed because the information contained in that paragraph was not intended to mitigate sentencing nor is the information "relevant to any efforts towards mitigation sentencing." [Id. at 4.] She argues that the Local Rules for the District of Hawaii required her to file the Sentencing Statement under seal because any "[f]ilings that disclose the contents of the proposed or completed presentence

report, including but not limited to sentencing statements, are to be filed under seal." CrimLR32.1(j). She appears to imply, but does not state directly, that the information in paragraph 25 comes from the contents of the proposed or completed presentence report, and thus must be kept as confidential and sealed information. Defendant is incorrect.

The information provided in paragraph 25 is specifically identified as "Davis current [sic] financial statement as of August 2022 . . . ." [Sentencing Statement at ¶ 25.] This updated financial information as of August 2022 is **not** identical to the financial information that she provided, as required by law, to the United States Probation Office ("USPO") and that was included in the draft presentence report filed on December 3, 2020, which she attached as an exhibit to her Sentencing Statement. [Id., Exh. C (Draft Presentence Report Filed 12/3/20).] Rather, it is new and updated information provided by Defendant, and not USPO in any presentence report.

Defendant also argues that the disclosure of the financial information in paragraph 25 will result in danger for her and her family: "Allowing disclosure of confidential financial conditions provided to the court in confidence invites the opportunity for fraudulent activities which would adversely affect Defendant Davis, Larry Davis, and their family. Nor does it serve a benefit to the public." [Motion, Mem. in Supp. at

5.] This is a head scratcher. To be sure, paragraph 25 lists amounts of money on hand or in financial accounts and identifies accounts by financial institutions where the assets are held, but paragraph 25 does not provide account numbers, personal identifying information (such as social security numbers or dates of birth), or other information that would invite an opportunity for fraud.

Lastly, Defendant argues that she never intended the information for purposes of mitigation, and that this Court is required to "balance the need for disclosure against reasons for confidentiality." [Id. at 6 (citing United States v. Schlette, 842 F.2d 1574, 1579 (9th Cir. 1988)).] Defendant is mistaken. Her reason for including the financial information in paragraph 25 is not pertinent to whether it should or should not be unsealed. Rather, it is she who must produce a compelling reason sufficient to outweigh the public's interest in disclosure:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. Foltz [v. State Farm Mut. Auto. Ins. Co.], 331 F.3d [1122,] 1135 [(9th Cir. 2003)] (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. That is, the party must "articulate[] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News,

> Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102-03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990)). In turn, the court must "conscientiously balance[] the competing interests" of the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1295 (9th Cir. 1986)).

Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (some alterations in Kamakana). Her reason that disclosure may result in possible personal financial danger does not rise to the level of a compelling reason because

> [i]n general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Nixon [v. Warner Commc'ns, Inc.], 435 U.S. [589,] 598, 98 S. Ct. 1306 [(1978)]; accord Valley Broadcasting Co., 798 F.2d at 1294. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Foltz, 331 F.3d at 1136.

Id. at 1179.

For the foregoing reasons, Defendant's Motion for Partial Reconsideration is DENIED. Defendant is ORDERED to file her sentencing statement without redaction as to paragraph 25 on or before **November 7, 2022.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 3, 2022.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. NICKIE MALI LUM DAVIS; CR 20-00068 LEK; ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION [FILED 10/17/22 (DKT. NO. 108)]**