UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 20-00068 LEK |
|---|---|
| Plaintiff, | |
| vs. | |
| NICKIE MALI LUM DAVIS, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S REQUEST FOR
EVIDENTIARY HEARING, [FILED 10/28/22 (DKT. NO. 122)]**

On October 28, 2022, Defendant Nickie Mali Lum Davis ("Defendant") filed her request for an evidentiary hearing regarding her Motion to Withdraw Guilty Plea and Memorandum of Plea Agreement, previously filed on October 21, 2022 ("Motion"). See Defendant's Request for Evidentiary Hearing, filed 10/28/22 (dkt. no. 122) ("Request"); Motion, filed 10/21/22 (dkt. no. 117). She correctly acknowledges that "there is no right to an evidentiary hearing[.]" [Request at 2.] She points out that the Court initially questioned whether Defendant was asking for an evidentiary ruling in deciding the Motion. See Minute Order - EO: Court Order Vacating the Sentencing Hearing and Setting a Briefing Schedule for Defendant's Motion to Withdraw Guilty Plea and Memorandum of Plea Agreement, filed 10/24/22 (dkt. no. 121). She states that she requests an evidentiary ruling to be made as to the three grounds for which she brings the Motion because

there exists "a dispute of fact . . . between the statement's [sic] set forth in her former counsel, Abbe Lowell's declaration, and the evidence submitted by [Defendant] . . . ." [Request at 3.]

Having reviewed the Motion and the opposing memorandum filed by Plaintiff United States of America ("the Government") on November 7, 2022, [dkt. no. 124,] and the relevant case law, the Court concludes that an evidentiary hearing is neither required nor necessary.  The Court is inclined to presume, for purposes of the Motion only: that a conflict of interest did exist at the time that Defendant was advised regarding the memorandum of plea agreement and her plea of guilty; and that the conflict has not been waived.

The Court notes that the standard applicable to a motion to withdraw guilty plea is:

> A defendant may withdraw a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  Although the defendant has the burden of demonstrating a fair and just reason, United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005), the "fair and just" standard is applied liberally.  United States v. Bonilla, 637 F.3d 980, 983 (9th Cir. 2011). "Fair and just" reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.  [United States v.] McTiernan, 546 F.3d [1160,] 1167 [(9th Cir. 2008)] (citing Davis, 428 F.3d at 805).

> Erroneous or inadequate legal advice may also constitute a fair and just reason for withdrawal of a plea. Bonilla, 637 F.3d at 983 (citing McTiernan, 546 F.3d at 1167). A defendant who moves to withdraw a guilty plea "is not required to show that he would not have pled, but only that the proper legal advice of which he was deprived 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty.'" Bonilla, 637 F.3d at 983 (quoting United States v. Garcia, 401 F.3d 1008, 1011–12 (9th Cir. 2005)).

United States v. Yamashiro, 788 F.3d 1231, 1236–37 (9th Cir. 2015) (some alterations in Yamashiro). Here, where Defendant contends that her counsel's performance fell below the reasonably acceptable standard, she must also show that, but for the ineffective assistance of counsel, she would not have entered a guilty plea and agreed to the memorandum of plea agreement:

> A challenge to a guilty plea based on a claim of ineffective assistance of counsel is analyzed using a two-part test: "a criminal defendant must show that his counsel's performance was deficient, and that this deficient performance prejudiced his defense." [Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).] Accord Johnson v. Baldwin, 114 F.3d 835, 837–38 (9th Cir. 1997) ("In order to prevail on his claim of ineffective assistance of counsel, Albert must show (1) that his counsel's performance, viewed objectively, was outside the wide range of professionally competent assistance, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (quotations omitted).

3

> To show deficient performance, the defendant must show that the counsel's representation fell below an objective standard of reasonableness. See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.), *cert. denied*, 484 U.S. 832, 108 S. Ct. 107, 98 L. Ed. 2d 66 (1987). Ineffective assistance of counsel occurs when the behavior complained of falls below prevailing professional norms. United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996), *cert. denied*, 520 U.S. 1269, 117 S. Ct. 2444, 138 L. Ed. 2d 203 (1997). . . .

United States v. Modafferi, 112 F. Supp. 2d 1192, 1197-98 (D. Hawai`i 2000).

This matter is hereby scheduled for a **non-evidentiary hearing on December 9, 2022 at 1:30 p.m. by videotelephone conference**. Counsel are directed to address the second prong of the two-part test; specifically, whether Defendant has shown that there is a reasonable probability that, but for the errors she alleges as to her former counsel, Abbe Lowell, Esq., she would not have agreed to the memorandum of plea agreement and entered her plea of guilty.

For the foregoing reasons, Defendant's Request for Evidentiary Hearing, [filed 10/28/22 (dkt. no. 122),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 10, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. NICKIE MALI LUM DAVIS; CR. 20-00068 LEK; ORDER DENYING DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING, [FILED 10/28/22 (DKT. NO. 122)]