| | |
|---|---|
| CLARE E. CONNORS #7936 | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| District of Hawaii | United States Department of Justice |
| | |
| KENNETH M. SORENSON | JOHN D. KELLER |
| Criminal Chief | Principal Deputy Chief |
| Room 6-100, PJKK Federal Bldg. | |
| 300 Ala Moana Boulevard | SEAN F. MULRYNE |
| Honolulu, Hawaii     96850 | Director of Enforcement & Litigation |
| Telephone: (808) 541-2850 | NICOLE R. LOCKHART |
| Facsimile: (808) 541-2958 | Trial Attorney |
| Email: ken.sorenson@usdoj.gov | Public Integrity Section |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 20-00068 LEK |
| | ) | |
| | ) | PROPOSED FINDINGS OF FACT |
| Plaintiff, | ) | IN SUPPORT OF DENIAL OF |
| | ) | MOTION TO DISQUALIFY; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| NICKIE MALI LUM DAVIS | ) | JUDGE: Leslie E. Kobayashi |
| | ) | |
| | ) | |
| Defendant. | ) | |

PROPOSED FINDINGS OF FACT IN SUPPORT OF DENIAL OF MOTION TO DISQUALIFY

I.   Background

On August 17, 2020, the government filed a one-count Information charging the defendant with aiding and abetting a violation of the Foreign Agents Registration Act ("FARA"). ECF No. 1. The charges stemmed from the defendant's active

role in a 2017 scheme to obtain tens of millions of dollars from foreign national Low Taek Jho ("Low") in exchange for waging a backchannel influence campaign on the President of the United States and his Administration to drop a criminal investigation and civil forfeiture actions pending against Low and to arrange the extrajudicial removal of a vocal critic of the Chinese government so that he could be prosecuted in China. *Id.* On August 31, 2020, the defendant pleaded guilty to the Information pursuant to a plea agreement. ECF Nos. 13, 15. The plea agreement contained a detailed statement of facts and a cooperation agreement. ECF No. 15. The plea agreement also included a sealed addendum memorializing the defendant's waiver of "any potential or actual conflict of interest as to Mr. Lowell." ECF No. 16.

On April 26, 2022, the defendant filed a Motion to Disqualify one of the prosecutors on the case, John D. Keller. ECF No. 47. The Motion alleged that Mr. Keller "conspir[ed] with [defendant's former counsel] Abbe Lowell to deceive the Court by making false representations . . . and . . . to violate Ms. Davis' Sixth Amendment Right to conflict free counsel." ECF No. 47. The Memorandum in Support of the Motion to Disqualify alleged that Mr. Keller "initiated an investigation into . . . Mr. Lowell," to pressure Mr. Lowell to coerce the defendant to "plead[] guilty under duress and [] falsely admit[] to having intended to violate the law, which prosecutors used to leverage a guilty plea in a separate, related case."

2

ECF No. 48 at 2, 5.  The Memorandum also alleged that "Mr. Keller himself *intentionally* prevented this Court from having a proper opportunity during the plea hearing (let alone beforehand) to discuss the [conflict-of-interest] waiver with the defendant."  *Id.* at 4 (emphasis in original).

In advance of a hearing on the Motion to Disqualify, the Court issued a Minute Order noting its inclination "to find that the submissions do not demonstrate by clear and convincing evidence that Keller created a conflict of interest between Davis and Lowell."  ECF No. 87 at 4.  The Court denied the Motion to Disqualify without prejudice on August 5, 2022, after a hearing where defense counsel indicated that the defendant would move to withdraw her guilty plea on substantially similar grounds.  ECF No. 94.  The defendant filed her Motion to Withdraw Guilty Plea on October 21, 2022.  ECF No. 117.  On December 9, 2022, after briefing and a hearing on the Motion, the Court denied the Motion to Withdraw Guilty Plea and denied the Motion to Disqualify with prejudice.  ECF No. 133.

The Court's denial of the Motion to Disqualify was based on the defendant's failure to demonstrate any prejudice from the alleged prosecutorial misconduct.  In the alternative, the Court concludes that there was no prosecutorial misconduct by Mr. Keller or any other member of the prosecution or filter teams because no member of the prosecution or filter teams: (1) initiated a criminal investigation of

3

Mr. Lowell for his efforts to obtain a pardon for an unrelated client or for a violation of FARA; (2) sought false admissions from the defendant; or (3) sought to conceal Mr. Lowell's potential conflicts of interest from the defendant or the Court. In support of these conclusions, the Court makes the following findings of fact:

1. Neither Mr. Keller nor anyone else at the Public Integrity Section initiated a bribery-for-pardon or Lobbying Disclosure Act investigation of Mr. Lowell. A filter team at the Public Integrity Section filed a crime-fraud motion in the United States District Court for the District of Columbia seeking to disclose to the prosecution team certain communications of Mr. Lowell that had been discovered during the investigation of the defendant and her co-conspirators and that had been segregated as potentially privileged communications. *See* Declarations of Filter Attorneys Gee, Salgado, and Waymack, Exh. 2-4 to Reply re Mot. for Finding of Waiver, ECF Nos. 62-3, 62-4, 62-5 at ¶¶2, 5; *In the Matter of the Search of Information Associated with the Premises Known as*, 20-gj-00035 (BAH), Redacted Memorandum Opinion & Order, ECF No. 10, (D.D.C., Dec. 01, 2020), available at *https://www.dcd.uscourts.gov/sites/dcd/files/20gj35%20Partial%20Unsealing%20Order.pdf*; Exh. 9-11 to Response to Mot. for Disqualification, ECF No. 55-2 at 29-37.

2. Mr. Keller and the prosecution team were not aware of Mr. Lowell's conduct or the contents of the communications that were the subject of the filter team's crime-fraud motion until after the defendant's guilty plea. *See* Declarations of Filter Attorneys Gee, Salgado, and Waymack, Exh. 2-4 to Reply re Mot. for Finding of Waiver, ECF Nos. 62-3, 62-4, 62-5 at ¶¶5, 7; Exh. 28 to Response to Mot. for Disqualification, ECF No. 55-2 at 84-85.

3. Neither Mr. Keller nor any member of the prosecution team directed the filter team to review Mr. Lowell's communications for the purpose of assessing any criminal exposure for Mr. Lowell. *See* Declarations of Filter Attorneys Gee, Salgado, and Waymack, Exh. 2-4 to Reply re Mot. for Finding of Waiver, ECF Nos. 62-3, 62-4, 62-5 at ¶4.

4. Neither Mr. Keller nor any member of the prosecution team directed the filter team to share Mr. Lowell's communications with the prosecution team or to seek court authorization to do so. *See id*. at ¶3.

5. Because Mr. Keller and the prosecution team did not direct the filter team to review, assess, or investigate Mr. Lowell's conduct and were unaware of Mr. Lowell's conduct prior to the defendant's plea, Mr. Keller and the prosecution team could not have extorted Mr. Lowell to coerce the defendant to plead guilty or make false admissions. The filter team also did not extort Mr. Lowell to coerce the defendant to plead guilty or make false admissions—the filter team merely informed Mr. Lowell of the potential conflict so that he could disclose it to his client. *See* Declarations of Filter Attorneys Gee, Salgado, and Waymack, Exh. 2-4 to Reply re Mot. for Finding of Waiver, ECF Nos. 62-3, 62-4, 62-5 at ¶¶5, 6; Exh. 14 to Response to Mot. for Disqualification, ECF No. 55-2 at 43.

6. Similarly, neither Mr. Keller nor the prosecution team initiated an investigation of Mr. Lowell for a violation of FARA or had any involvement in reviewing or assessing Mr. Lowell's conduct with respect to a possible FARA violation. *See* Declaration of Scott Claffee, Exh. 1 to Reply re Mot. for Finding of Waiver, ECF No. 62-2 at ¶5; Exh. 3 & 4 to Response to Mot. to Disqualify, ECF No. 55-2 at 12-16.

7. On April 6, 2020, the separate National Security Division ("NSD") of the Department of Justice sent a Letter of Inquiry to Mr. Lowell via e-mail in accordance with FARA's civil enforcement authority and practice. *Id.* at ¶4. This was a civil matter handled by NSD FARA Unit attorneys responsible for the civil administration of FARA. *See id.* Mr. Lowell was not under criminal investigation for a violation of FARA.

8. Neither Mr. Keller nor the prosecution team sought to conceal Mr. Lowell's potential conflicts of interest from the defendant or the Court. Mr. Keller insisted that a written conflict waiver be included as part of the plea agreement. *See* Exh. 16 to Response to Mot. to Disqualify, ECF No. 55-2 at 49. Mr. McCorriston, the defendant's third-party, conflict-free counsel, assured Mr. Keller that the defendant had knowingly and voluntarily waived any conflict of interest and suggested that the conflict waiver be filed as a separate document under seal. *See* Exhs. 19 & 21 to Response to Mot. to

Disqualify, ECF No. 55-2 at 58, 63. Mr. Keller agreed to file the conflict waiver under seal based on references to the defendant's potential cooperation against Mr. Lowell's former clients who were subjects of ongoing national security investigations. *See* Addendum to Plea Agreement, ECF No. 16 at 2. Mr. Keller sought technological accommodation from the Court in advance of the plea hearing to permit discussion of the sealed addendum at a virtual sidebar. *See* Exh. 26 to Response to Mot. to Disqualify, ECF No. 55-2 at 78. Finally, despite the lack of a virtual sidebar option, Mr. Keller raised the sealed conflict waiver in open court during the plea hearing to ensure that the Court was aware of the potential conflicts and the waiver. *See* Transcript of Plea Hr'g, ECF No. 21 at 42.

9. The defendant was represented by third-party, conflict-free counsel, Mr. McCorriston, in the late stages of plea negotiations and at her guilty-plea hearing. *See* Not. of Appearance of William C. McCorriston, ECF No. 4. Even if Mr. McCorriston was not actively involved in plea negotiations prior to his appearance, he was familiar with the charge to which the defendant was pleading guilty, the plea agreement, and the underlying conduct set forth in the statement of facts. At a minimum, in the days leading up to her plea and during her plea hearing, the defendant had the benefit of the advice and counsel of an independent, conflict-free experienced federal criminal practitioner in this district as to whether a guilty plea to the Information pursuant to the Plea Agreement was in her best interest.

DATED: December 16, 2022.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

/s/ John D. Keller                                       /s/ Kenneth M. Sorenson
By: JOHN D. KELLER                              KENNETH M. SORENSON
Principal Deputy Chief                            Chief, Criminal Division

Sean F. Mulryne
Director of Enforcement & Litigation, Election Crimes
Nicole R. Lockhart
Trial Attorney

7

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    James A. Bryant, Esq.
    William McCorriston, Esq.

Attorneys for Interested Party
NICKIE MALI LUM DAVIS

DATED:   December 16, 2022

                              */s/ John D. Keller*
                              John D. Keller