ORIGINAL

CLARE E. CONNORS
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Email:       Ken.Sorenson@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 18 2023
at __1__ o'clock and __30__ min. __P__M
John A. Mannle, Clerk

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 20-00068 LEK |
| ) | |
| Plaintiff, ) | ORDER OF FORFEITURE |
| ) | (MONEY JUDGMENT); AND |
| vs. ) | PRELIMINARY ORDER OF |
| ) | FORFEITURE (SPECIFIC |
| NICKIE MALI LUM DAVIS, ) | PROPERTY) |
| ) | |
| Defendant. ) | |
| ) | |

ORDER OF FORFEITURE (MONEY JUDGMENT); AND
PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)

WHEREAS an Information was filed on August 17, 2020 charging the defendant with aiding and abetting violations of the Foreign Agents Registration Act, 22 U.S.C. § 618(a), and providing notice that, upon conviction, the government would seek forfeiture; and

WHEREAS, on or about August 31, 2020, pursuant to a plea agreement, the defendant pled guilty to the Information, which charged her with aiding and abetting violations of 22 U.S.C. § 618(a); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of a violation of 22 U.S.C. § 618(a), which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense; and

WHEREAS the United States seeks the entry of a forfeiture money judgment in the amount of $3,000,000 in United States currency (the "Forfeiture Money Judgment") and the forfeiture of all of the defendant's right, title, and interest in $40,000 surrendered by the defendant on or about July 13, 2018 (the "Specific Forfeitable Property"); and

WHEREAS the Specific Forfeitable Property and the value of the Forfeiture Money Judgment represent property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 22 U.S.C. § 618(a) to which the defendant has pled guilty; and

2

WHEREAS, in her plea agreement, the defendant consented to the entry of the Forfeiture Money Judgment and the forfeiture of all of her right, title, and interest in the Specific Forfeitable Property; and

WHEREAS the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the Court finds that the Specific Forfeitable Property and the value of the Forfeiture Money Judgment are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 22 U.S.C. § 618(a) to which the defendant has pled guilty; and

WHEREAS the United States is now entitled to a forfeiture money judgment in the amount of $3,000,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

WHEREAS, pursuant to the Information and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, if the defendant does not meet the payment schedule, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture if, as a result of any act or omission of the defendant, any property subject to forfeiture:

3

 (A) cannot be located upon the exercise of due diligence;

 (B) has been transferred or sold to, or deposited with, a third party;

 (C) has been placed beyond the jurisdiction of the court;

 (D) has been substantially diminished in value; or

 (E) has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS the defendant:

(1) Acknowledges that $3,000,000 and the Specific Forfeitable Property are subject to forfeiture as described above; and

(2) Consents to the imposition of a forfeiture money judgment in the amount of $3,000,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(3) Waives and abandons all right, title, and interest in the Specific Forfeitable Property; and

(4) Waives, releases, and withdraws any claim that she may have made with respect to the Specific Forfeitable Property and waives and releases any claim that she might otherwise have made to it in the future; and

(5) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Forfeitable Property and property to satisfy the forfeiture money judgment; and

(6) Agrees that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(7) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(8) Acknowledges that she understands that forfeiture will be part of the sentence imposed upon her in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(9) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(10) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order to the extent that such waivers are enforceable under the plea agreement; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to the defendant on the date it is entered by the Court, and it shall be made part of the sentence of the defendant and shall be included in the judgment of conviction of the defendant; and

Money Judgment

      THAT, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the defendant shall forfeit to the United States the sum of $3,000,000; and

      THAT a money judgment in the amount of $3,000,000 (the "Forfeiture Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

      THAT all payments on the Forfeiture Money Judgment shall be made by postal money order, bank check, or certified check made payable to the United States Marshals Service and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii 96850, with the defendant's name and criminal docket number noted on the face of the check; and

      THAT upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, the United States Marshals Service shall be authorized to deposit the payments on the Forfeiture Money Judgment into the Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order and the defendant's failure to meet the payment schedule, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT if the defendant fails to meet the payment schedule, the United States may move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $3,000,000 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

THAT the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

Specific Property

      THAT, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all interests of the defendant in the Specific Forfeitable Property, namely $40,000 surrendered by the defendant on or about July 13, 2018, are hereby forfeited to the United States of America; and

      THAT the Specific Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Specific Forfeitable Property; and

      THAT, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461, the United States shall publish notice of this Order, and of its intent to dispose of the Specific Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

      THAT the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

      THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the defendant, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition

the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

THAT if the forfeiture of the Specific Forfeitable Property, or any portion of it, becomes final, the defendant will be entitled to a credit against the amount remaining due on the Forfeiture Money Judgment in the net amount of the Specific Forfeitable Property that is forfeited; and

THAT this Order will not preclude nor have any legal effect as to the defendant's appellate rights. Pursuant to and in accordance with the Memorandum of Plea Agreement filed on August 31, 2020.

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

CLARE E. CONNORS
United States Attorney

_____ Dated: 1/18/23, 2023
By: KENNETH M. SORENSON
Assistant United States Attorney

_____ Dated: 1/18/2023, 2023
WILLIAM C. MCCORRISTON, ESQ. or
DAVID J. MINKIN, ESQ.
Attorneys for Defendant Nickie Mali Lum Davis

_____ Dated: 1/18/23, 2023
NICKIE MALI LUM DAVIS
Defendant

_____
HONORABLE LESLIE E. KOBAYASHI
United States District Judge

USA v. Nickie Mali Lum Davis; Criminal No. 20-00068 LEK; "Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture (Specific Property)"